**EXHIBIT A**

# HCTSF

**Howard R.L. Cook and Tommy Shaw Foundation for Black Employees of The Library, Inc.**

Post Office Box 6268 • Largo, Maryland 20792-6268 • 202-546-3905 • 301-336-1825

*The HCTSF serves as a catalyst to educate future leaders and promote collaboration among communities and business leaders, minority-focused organizational leaders, and to effect positive and sustainable change in the African-American community.*

---

Mr. T. Dean Flowers, or whoever is          **Amended Copy**          June 22, 2006
Acting Asst. Chief, EEOCO
Library of Congress
Washington, D.C. 20540


Dear Mr. Flowers or whoever is Acting Asst. Chief, EEOCO:

This letter is to advise you that we are amending our Class Action Discrimination

Complaint filed on June 15, 2006 to include harassment and retaliation.


Respectfully submitted,

*David M. Hubbard, Sr.*
**David M. Hubbard, Sr.**
**Lead Class Representative**

*Runako Balondemu*
**Runako Balondemu**
**Lead Class Representative**

*Carolyn Torsell*
**Carolyn Torsell**
**Class Representative**

*Howard R.L. Cook*
**Howard R. L. Cook**
**Employee Representative**

RECEIVED

JUN 2 2 2006    *40L*

Equal Employment Opportunity
Complaints Office    *#06-36*

*P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously.*
*Thank you in advance for your tax-deductible gift.*



**Howard R.L. Cook and Tommy Shaw Foundation for Black Employees of The Library, Inc.**
Post Office Box 6268 • Largo, Maryland 20792-6268 • 202-546-3905 • 301-336-1825

*The HCTSF serves as a catalyst to educate future leaders and promote collaboration among communities and business leaders, minority-focused organizational leaders, and to effect positive and sustainable change in the African-American community.*

Mr. T. Dean Flowers, or whoever is
Acting Asst. Chief, EEOCO                                    June 15, 2006
Library of Congress
Washington, D.C. 20540

**RECEIVED #397**

**JUN 1 5 2006**  #06-36

Equal Employment Opportunity
Complaints Office

Dear Mr. Flowers or whoever is Acting Asst. Chief, EEOCO:

This letter constitutes the Third Party complaint of David M. Hubbard, Sr., Runako Balondemu, and Carolyn Torsell, employees of the Library of Congress and all those employees joining this Third Party (Class Action Law Suit) as, well as all African American Employees of the Library of Congress and the undersigned employees of the Library of Congress (hereafter complainants). It is submitted directly to you pursuant to Library of Congress Regulations (LCR) 2010-3.1, Sec. 12, and LCR 2010-3.2.

Complainants hereby allege that the Library of Congress through its offices, officials, agents and representatives have continuously discriminated and continues to discriminate on the basis of color, race, national origin, sex, against all African American and minority employees and at the Library by;

1. Actions and stated reasons for denying the Howard R. L. Cook and Tommy Shaw Foundation for Black Employees of the Library, Inc. official recognition as an employee organization within the Library of Congress. Officials have stated the Foundation will continue to be denied official recognition (and, thus, use of Library facilities to further its mission and goals) as long as its fundamental purpose and goal is to aid African-American Library of Congress employees in pursuing claims of discrimination against the Library.

2. These acts, policies, practices, customs and usages of the Library of Congress constitute continuous violations of the rights secured by the Equal Employment Opportunity Act of 1972, 42 U.S.2000e-16; as Amended; Executive Order 11 478 (1969); 5 U.S.C. 7151 and 7154; and the Equal Employment Opportunity Regulations of the Library of Congress of African Americans, and other minority employees who have been, are, or will be employees at the Library of Congress.

*P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously. Thank you in advance for your tax-deductible gift.*

3. These officials of the Library of Congress acting against the Howard R. L. Cook and Tommy Shaw Foundation for Black Employees of the Library, Inc. violate the rights of the employees to associate and hold membership in the Foundation freely while at work at the Library of Congress as provided in LCR 2022-2 and LCR 2010-3.1 and LCR 2010-3.2. The employees are also denied their rights under LCR 2023-1 and LCR 2023-2 to have officials deal with them honestly, with integrity, impartiality and based on non discrimination against the Foundation and its members.

Respectfully submitted,

David M. Hubbard, Sr.
**Lead Class Representative**

Runako Balondemu
**Lead Class Representative**

Carolyn Torsell
**Class Representative**

Howard R. L. Cook
**Employee Representative**

TODD MINOR

2.

#397

#06-36

P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously. Thank you in advance for your tax-deductible gift.

3.

Library of Congress - Equal Employment Opportunity Complaints Office
## ALLEGATION OF DISCRIMINATION
Pursuant to LCR 2010-3.1, Section 4, Precomplaint Procedures
(Because of Race, Color, Religion, Sex, National Origin, Age,
Physical or Mental Disability, Sexual Harassment, and/or Reprisal)

**1. Full Name** BOARD OF DIRECTORS OF THE COOK/SHAW FOUNDATION
Rep. 1. David M. Hubbard, Sr.    2. Runako Balondemu    3. Carolyn Torsell

**2. Home Address (include Number & Street/P.O. Box, City, State, Zip Code)**

P.O. BOX 6268, LARGO, MD 20792-6268

**3. Telephone Numbers (including area code)**
1. 301-736-3850-DH
2. 301-864-2549-RB
3 Home: 202-546-3905-CT    Work:

1. 707-3828-DH    3. 707-7888-CT
2. 707-1545-RB

**4. Position Title** 1. Library Technician-DH
2. Human Resources Benefits Specialist-RB
3. Librarian-CT

**5. Grade** 1. GS 8-10-DH
2. GS 11-5-RB
3. GS 13-7-CT

**6. Service Unit** 1. Copyright Office
2. Human Resources Services
3. CRS

**7. Division** 1. Examining
2. Human Resources
3. CRS

**8. Section** 1. Examining Visual Arts
2. WorkLife Services
3. Government & Finance

**9. Indicate below basis of alleged discrimination**

| ☒ **A. Race. State your race** | ☒ **B. Color. State your color** | ☐ **C. Religion. State your religion** | ☒ **D. Sex. State your sex** |
|---|---|---|---|
| African American | Black | | Male/Female |

| ☒ **E. National Origin. State your national origin** | ☒ **F. Age. State your age, and date of birth** |
|---|---|
| African American | There are members over 40yrs of age |

| ☐ **G. Physical or Mental Disability. State the nature of your disability** | ☐ **H. Sexual Harassment. State your sex** |
|---|---|
| | |

☒ **I. Reprisal. Explain connection with the EEO process** Officials of the Library of Congress have stated that the Foundation would never be officially recognized as long as its main goal is to aid African American employees at the Library of Congress seeking redress from discrimination. Discrimination is illegal. To fight it is a protected activity.

**10. Name(s) and Title(s) of Person(s) you believe discriminated against you**

Dr. James H. Billington, Mr. Jessie James, Ms. Geraldine Otremba and Mr. Stephen Kelley

**11. Name of Office in which alleged discrimination took place**

Librarian's Office, Office of General Counsel and Office of Congressional Relations

**12. Date on which alleged discrimination took place (Month/Day/Year)**

Indefinite on going stated Class discrimination

**13. Do you have a Representative?**
☒ Yes (Answer A, B, C, and D)    ☐ No (Continue with Question 14)

**A. Name of Representative**
Howard R. L. Cook

**B. Telephone Number of Representative (include area code)**
301-336-1825

RECEIVED

JUN 15 2006

Equal Employment ~~~
Comp's ~~~

#397

EEO CASE
#06-36

**C. Address of Representative**
10323 Sea Pines Drive

**D. City, State, Zip Code**
Mitchellville, Maryland 20721

05 (2006/03)

14. Nature of Allegation. State the facts underlying the allegations as it affects you.

The above named officials have denied the Howard R. L. Cook and Tommy Shaw Foundation for Black Employees of the Library, INC official recognition stating that the Foundation would never be recognized as an employee organization in the Library of Congress as long as its main goal is to aid African American employees combating discrimination. These officials have made dishonest, false, and statements which are outright lies against the Foundation to justify denial of official recognition of the Foundation. These officials have illegally acted outside of the scope and purview of LCR 2022-2. As well as LCR 2010-3.1 and 2010-3.2. These officials have made irrelevant claims to deny the Foundation official recognition as an employee organization within the Library of Congress.

These officials have violated LCR 2023-1 and 2023-2. The violations have occurred because the officials have chosen not to conduct themselves with honesty, integrity, impartiality and non discrimination against the Foundation and its members.

The two Lead Class Representatives are David M. Hubbard, Sr. and Runako Balondemu,et al. Ms. Carolyn Torsell is the third Class Representative.

15. What corrective action(s) are you seeking?

1. Recognition as an official Library of Congress employee organization.

2. Officials acting illegally against the Foundation be ordered to cease and desist from their actions.

3. The Foundation shall be granted all of the privileges and rights provided all officially recognized employee organizations.

4. 75 million dollars to be granted to the Cook/Shaw Foundation because of the harm done by named officials.

16. Have you raised this issue in another forum? No

☐ Dispute Resolution Center. Name of Convenor: _____NONE_____

☐ Grievance   THIS IS A CLASS ACTION DISCRIMINATION COMPLAINT

17. Date of this allegation (Month/Day/Year)

6/15/06

18. Signature

**EXHIBIT B**

**THE LIBRARY OF CONGRESS**
**WASHINGTON D.C. 20540**

EQUAL EMPLOYMENT OPPORTUNITY
COMPLAINTS OFFICE

July 5, 2006

Dear Mr. Hubbard:

Subject:  EEO Case No. 06-36
          Cancellation of Complaint of Discrimination

We are in receipt of your informal allegations of discrimination dated June 15, 2006, wherein you have alleged that the Cook/Shaw Foundation were discriminated against because of their Race (African-American), Color (Black), Sex (Male/Female), National Origin (African-American), Age (Members Over Forty years Old) and Reprisal (Denial to be recognized as a Library of Congress organization) when the Library of Congress denied the Howard R. L. Cook and Tommy Shaw Foundation recognition as an organization on August 25, 2005.

It is the policy of the Library of Congress (LOC) to provide equal opportunity in employment for all staff members of the LOC and applicants for employment, to prohibit discrimination in employment at the LOC because of race, religion, sex, color, national origin, age, physical or mental disability, sexual harassment or reprisal and to promote the full realization of equal employment opportunity at the LOC.

The Equal Employment Opportunity Complaints Office (EEOCO) provides impartial and expeditious counseling and investigations of all allegations of employment discrimination on the basis of race, religion, sex, color, national origin, age, physical or mental disability, sexual harassment or reprisal.

Failure to Timely File:

The Library's regulation, LCR 2010-3.1, "Resolution of Problems, Complaints, and Charges of Discrimination in Library Employment and Staff Relations Under the Equal Employment Opportunity Program" governing the processing of discrimination complaints, states the following:

2

> "A staff member, or qualified applicant, who believes that
> he/she has been, or is being, discriminated against, and who
> wishes to resolve the matter, shall notify and consult with a
> Counselor not later than 20 workdays after the date of the
> alleged discriminatory matter."

The Library's regulation, LCR 2010-3.2, "Resolution of Class Complaints
of Charges of Discrimination in Library of Congress Employment and Staff
Relations under the Equal Employment Opportunity Program for Staff
Members" states the following:

> "A staff member or applicant who wishes to be an agent and
> who believes he/she has been discriminated against shall
> complete Form 16-5, Allegation of Discrimination (available in
> the Equal Employment Opportunity (EEO) Complaints Office),
> within 60 workdays of the date of the matter giving rise to the
> allegation of individual discrimination, or 60 workdays of its
> effective date, if it is a personnel action, and shall consult
> with an Equal Employment Opportunity Counselor (hereinafter
> "Counselor")."

A review of the record reveals that the Howard R. L. Cook and Tommy
Shaw Foundation were denied recognition as an organization on August
25, 2005. The time limit for filing an individual complaint expired on or
about September 23, 2005. The time limit for filing a class complaint
expired on or about October 25, 2005.

In order to be timely, any complaint regarding this matter that raises an
employment discrimination claim must be filed with the Equal Employment
Opportunity Complaints Office (EEOCO) within the required time limits
under both LCR 2010-3.1 and LCR 2010-3.2 of complainant's receipt of
the final decision to deny the organization recognition by the agency. As
a result, your case cannot be accepted for processing because it was not
timely filed.

Lack of Jurisdiction:

Our office is responsible for processing employment discrimination cases;
these complaints must be made based on some adverse employment
action, typically by a complainant's supervisor.    By definition, for

3

discrimination to occur, the complainant must have experienced a difference in treatment on a basis other than individual merit. In the instant case, you have alleged that the Foundation was discriminated against because of their Race (African-American), Color (Black), Sex (Male/Female), National Origin (African-American), Age (Members over Forty years old) and Reprisal (Denial to be recognized as a Library of Congress organization) when the Howard R. L. Cook and Tommy Shaw Foundation were denied recognition as an organization on August 25, 2005.

Courts have defined adverse employment actions as those that are tangible and usually involve, for example, money or status, such as promotions, quality increases, demotions from supervisory positions, etc. (a person who suffers a present harm or loss with respect to a term, condition, or privilege of the individual's employment for which there is a remedy). *Diaz v. Department of the Air Force*, EEOC Request No. 05931049 (April 21, 1994); see also *Wildberger v. Small Business Administration*, EEOC Request No. 05960761 (October 8, 1998), *Brown v. Brody*, 1999 WL 1215304 (D.C. Cir.), and *Taylor v. Small*, 350 F.3d. 1286 (D.C. Cir. 2003).

A federal agency is required to address EEO complaints only when filed by an individual or a class of individuals who have suffered direct, personal deprivation at the hands of the employer; the agency's act must have caused some concrete effect on the person's employment status. *Quinones v. Department of Defense*, EEOC Request No. 05920051 (March 12, 1992). A denial to be recognized as a Library organization (as alleged in EEO Case #06-36) does not fall into any of the requirements for establishing an adverse action.

Accordingly, the Foundation must have suffered an adverse employment action or denied terms and conditions of employment, including any loss of employment benefits. In *Brown v. Brody*, 199 F.3d 446 (CA DC; 1999) the United States Court of Appeals for the District of Columbia advised that the issue of an "adverse employment action" must be determined under the "tangible employment action" standard. (*Ibid.* citing *Burlington Industries, supra*) The Court cautioned:

> "Under 42 U.S.C. Section 2000e-16(d), a federal employee must first be "aggrieved" in order to bring an action ···" (*ibid.* at *8) "A tangible employment action constitutes a significant

4

change in employment status, such as hiring, firing, failing to promote, reassignment with significant different responsibilities, or a decision causing a significant change in benefits." (*Ibid.* at *9)

Also, "(a) materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation". In the opinion of the Court, the operative terms are "significant" and "change".

As long as the challenged employer action does not bring about a significant change in the employee's employment status or terms or conditions of employment, no claim for discrimination will lie under Title VII.

The EEO process is intended to protect members of protected groups from adverse employment actions taken *based on* their membership in a protected group(s). Assuming an adverse action has occurred, it is not enough that the adverse action occurred *and* the person affected is a member of a protected group. It must be proved that the adverse action occurred *because* the person affected is a member of a protected group.

After reviewing the entire record, I find that your complaint fails to meet the criteria of LCR 2010-3.1 or LCR 2010-3.2 and is outside the purview of the EEOCO's jurisdiction.

Additionally, your complaint is being canceled because you have failed to exhaust your administrative remedies by failing to file your complaint in accordance with the prescribed time limits under LCR 2010-3.1 or LCR 2010-3.2. Therefore, you have failed to meet the jurisdictional prerequisites of the Library's regulations. Accordingly, we do not have jurisdiction to process this matter.

In conclusion, this complaint will not be accepted for processing because the alleged actions you have identified do not fall within the purview of either LCR 2010-3.1 or LCR 2010-3.2, and even if the allegations were covered under the regulations, the claim is not timely nor do they give rise to the level of harm required under EEO law. We do not investigate

5

cases that do not fall within the purview of the regulations, or that do not meet the filing requirement criteria.

No person shall be subjected to reprisal or harassment because he or she filed a discrimination complaint; participated in or contributed to the identification, investigation, prosecution, or resolution of EEO violations in or by the Library of Congress or otherwise aided or supported the enforcement of Federal civil rights laws, rules, regulations, or policies.

## APPEAL RIGHTS

This is a Final Agency Decision.  Should you be dissatisfied with this decision to cancel your EEO complaint in Case No. 06–36, you have the right to file a civil action in the appropriate U.S. District Court within ninety (90) days of receipt of this letter.  If you decide to file a civil action, and do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security.  The Court may appoint an attorney in such circumstances as the Court deems just pursuant to federal statute (42 U.S.C. S2000e–5 (f) (1)).  The grant or denial of the request is within the sole discretion of the Court.  Filing a request for an attorney does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits.

Sincerely,

Dr. Ricardo H. Grijalva
Chief, EEO Complaints Office
Office of Workforce Diversity
Library of Congress

6

Enclosure

Board of Directors of the
Howard R. L. Cook and Tommy Shaw Foundation
C/O Mr. David M. Hubbard
PO Box 6268
Largo, Maryland 20792-6268

David M. Hubbard, Sr.
Lead Class Representative
COP/EXD/VAS (6226) LM-447

Runako Balondemu
Lead Class Representative
HRS/WLSC (2200) LM-107

Carolyn Torsell
Class Representative
CRS/INF (7420) LM-304

Representative:

Mr. Howard R. L. Cook
10323 Sea Pines Drive
Mitchellville, Maryland 20721

Forwarded via Regular and Registered Mail on July 5, 2006; Return
Receipt Requested.

_____

Representative(s) Signature:

_____

Date:

**EXHIBIT C**

**THE LIBRARY OF CONGRESS**
**WASHINGTON D.C. 20540**

FILE COPY

EQUAL EMPLOYMENT OPPORTUNITY
COMPLAINTS OFFICE

July 11, 2006

Subject:   EEO Case No. 06-36
                Amended Cancellation Letter of
                Complaint of Discrimination

Dear Mr. Hubbard:

The Equal Employment Opportunity Complaints Office of the Library of Congress ("EEOCO") has received your informal allegations of discrimination dated June 15, 2006, in which you allege that the Howard R. I. Cook And Tommy Shaw Foundation For Black Employees of the Library, Inc. (the "Foundation") was discriminated against on the basis of race (African-American), Color (Black), Sex (Male/Female), National Origin (African-American), Age (Members of 40 years old) and Reprisal (Denial to be recognized as a Library of Congress organization) when on August 25, 2005, the Foundation was denied recognition as an organization.   For the reasons set-forth below, assuming *arguendo* that you have standing to file a complaint on behalf of the Foundation, your complaint is hereby cancelled for your failure to timely file with the EEOCO.

Pursuant to Library of Congress Regulation 2010-3.1, Resolution of Problems, Complaints and Charges of Discrimination in Library Employment and Staff Relations Under the Equal Employment Opportunity Program, Section 4A requires that one who believes that he or she is being discriminated against must contact the agency's EEOCO "not later than 20 workdays after the date of the alleged discriminatory matter."

Significantly, this regulation requires the complainant to complain within 20 working days of that event, not within 20 days of when they "knew or reasonably should have known" of the event.  Section 4B permits the time to be extended only by the Assistant Chief, and then only if "the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits." LCR 2010-3.1 § 4B.  As such, a complaint that the Library engaged in discrimination is untimely unless the complainant consults with an EEO counselor at the Library within the 20-day period.  Cf. Howard v. Evans, 193 F. Supp. 2d 221, 228 (D.D.C. 2002) citing Brown v. Gen.

EXHIBIT C

**THE LIBRARY OF CONGRESS**
**WASHINGTON D.C. 20540**

FILE COPY

EQUAL EMPLOYMENT OPPORTUNITY
COMPLAINTS OFFICE

July 11, 2006

Subject:  EEO Case No. 06-36
          Amended Cancellation Letter of
          Complaint of Discrimination

Dear Mr. Hubbard:

The Equal Employment Opportunity Complaints Office of the Library of Congress ("EEOCO") has received your informal allegations of discrimination dated June 15, 2006, in which you allege that the Howard R. I. Cook And Tommy Shaw Foundation For Black Employees of the Library, Inc. (the "Foundation") was discriminated against on the basis of race (African-American), Color (Black), Sex (Male/Female), National Origin (African-American), Age (Members of 40 years old) and Reprisal (Denial to be recognized as a Library of Congress organization) when on August 25, 2005, the Foundation was denied recognition as an organization. For the reasons set-forth below, assuming *arguendo* that you have standing to file a complaint on behalf of the Foundation, your complaint is hereby cancelled for your failure to timely file with the EEOCO.

Pursuant to Library of Congress Regulation 2010-3.1, Resolution of Problems, Complaints and Charges of Discrimination in Library Employment and Staff Relations Under the Equal Employment Opportunity Program, Section 4A requires that one who believes that he or she is being discriminated against must contact the agency's EEOCO "not later than 20 workdays after the date of the alleged discriminatory matter."

Significantly, this regulation requires the complainant to complain within 20 working days of that event, not within 20 days of when they "knew or reasonably should have known" of the event. Section 4B permits the time to be extended only by the Assistant Chief, and then only if "the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits." LCR 2010-3.1 § 4B. As such, a complaint that the Library engaged in discrimination is untimely unless the complainant consults with an EEO counselor at the Library within the 20-day period. <u>Cf.</u> <u>Howard v. Evans</u>, 193 F. Supp. 2d 221, 228 (D.D.C. 2002) <u>citing</u> <u>Brown v. Gen.</u>

<u>Serv. Admin.</u>, 425 U.S. 820, 833-35 (1976) ("a federal employee may assert a Title VII complaint in court only after a timely complaint has been presented administratively to the agency involved.").

In a letter from James Billington, Librarian of Congress dated August 25, 2005, the Foundation received the Library's final agency decision denying the Foundation's request to be a recognized employee organization. The Foundation's informal complaint of discrimination was not filed until June 15, 2006. Thus, the Foundation failed to consult an EEO counselor at the Library within the 20-day period. Indeed, the Foundation missed the deadline for timely filing an EEO complaint with the Library's EEOCO by almost one year. Moreover, there is no evidence, nor have you claimed or even suggested that the Foundation was "prevented by circumstances beyond [its] control from submitting the matter within the required time limits." Therefore, the Foundation failed to timely exhaust its administrative remedies and its informal complaint of discrimination is hereby cancelled.

## APPEAL RIGHTS

This is a Final Agency Decision. Should you be dissatisfied with this decision to cancel your EEO complaint in Case No. 06-36, you have the right to file a civil action in the appropriate U.S. District Court within ninety (90) days of receipt of this letter. If you decide to file a civil action, and do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The Court may appoint an attorney in such circumstances as the Court deems just pursuant to federal statute (42 U.S.C. S2000e-5 (f) (1)). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits.

Sincerely,

*[signature]*

Dr. Ricardo H. Grijalva
Chief, EEO Complaints Office
Office of Workforce Diversity
Library of Congress

Enclosure

Board of Directors of the
Howard R. L. Cook and Tommy Shaw Foundation
C/O Mr. David M. Hubbard
PO Box 6268
Largo, Maryland 20792-6268

David M. Hubbard, Sr.
Lead Class Representative
223 23rd Street Room 609
Arlington, Virginia 22202

Runako Balondemu
Lead Class Representative
3206 Chillum Road
Mt. Ranier, Maryland  20212

Carolyn Torsell
Class Representative
CRS/INF (7420) LM-304

Representative:

Mr. Howard R. L. Cook
10323 Sea Pines Drive
Mitchellville, Maryland 20721

Forwarded via Regular and Registered Mail on July 11, 2006; Return Receipt
Requested.

----------------------------
Representative(s) Signature:

----------------------------
Date:

**EXHIBIT D**

**Library of Congress - Equal Employment Opportunity Complaints Office**
## ALLEGATION OF DISCRIMINATION
Pursuant to LCR 2010-3.1, Section 4, Precomplaint Procedures
(Because of Race, Color, Religion, Sex, National Origin, Age,
Physical or Mental Disability, Sexual Harassment, and/or Reprisal)

*Case No.*
*06-38*

**1. Full Name** BOARD OF DIRECTORS OF THE COOK/ SHAW FOUNDATION
Rep. 1. David M. Hubbard, Sr.     2. Runako Balondemu     3. Carolyn Torsell

**2. Home Address (include Number & Street/P.O. Box, City, State, Zip Code)**

P.O. BOX 6268, LARGO, MD 20792-6268

**3. Telephone Numbers (including area code)**
1. 301-736-3850-DH     3. 202-546-3905-CT          1. 707-3828-DH     3. 707-7888-CT
Home: 2. 301-864-2549-RB   Work:                     2. 707-1545-RB

**4. Position Title** 1. Library Technician-DH      **5. Grade** 1. GS 8-10-DH
2. Human Resources Benefits Specialist-RB                2. 11-5-RB
3. Librarian-CT                                          3. 13-7-CT

**6. Service Unit** 1. Copyright Office  **7. Division** 1. Examining   **8. Section** 1. Examining Visual Arts
2. Human Resources Services            2. Human Resources         2. WorkLife Services
3. CRS                                 3. CRS                     3. Government & Finance

**9. Indicate below basis of alleged discrimination**

☒ **A. Race. State your race**      ☒ **B. Color. State your color**   ☐ **C. Religion. State your religion**   ☒ **D. Sex. State your sex**

AFRICAN AMERICAN                    BLACK                                                                      MALE/ FEMALE

☒ **E. National Origin. State your national origin**            ☒ **F. Age. State your age, and date of birth**

AFRICAN AMERICAN                                                There are members over 40 yrs of age

☐ **G. Physical or Mental Disability. State the nature of your disability**        ☐ **H. Sexual Harassment. State your sex**

☒ **I. Reprisal. Explain connection with the EEO process** Mr. Grijalva in his capacity as Chief of the
EEOCO has by his failure to be impartial discriminated taken reprisal, and retaliation
against African American employees. He has also denied them association and right to
belong to an employee organization at the Library of Congress.

**10. Name(s) and Title(s) of Person(s) you believe discriminated against you**

Mr. Ricardo H. Grijalva

**11. Name of Office in which alleged discrimination took place**

EEOCO

**12. Date on which alleged discrimination took place (Month/Day/Year)**

July 5, 2006 and July 11, 2006

**13. Do you have a Representative?**
☒ Yes (Answer A, B, C, and D)     ☐ No (Continue with Question 14)

**A. Name of Representative**

Howard R. L. Cook

**B. Telephone Number of Representative (include area code)**

301-336-1825

**C. Address of Representative**

10323 Sea Pines Drive

**D. City, State, Zip Code**

Mitchellville, Maryland 20721

14. Nature of Allegation.  State the facts underlying the allegations as it affects you.

SEE ATTACHED COMPLAINT

15.  What corrective action(s) are you seeking?

1.  Mr. Ricardo Grijalva not be allowed to make the decision in this Class Action because he is the ADO.

2.  Mr. Grijalva as an official claiming to support Equal Opportunity be ordered to cease and desist from his actions.

3.  African American employees shall be granted all the rights as other employees to associate and organize as an employee organization.

4.  75 million dollars to be granted to the Class of employees because of the discrimination against them.

16.  Have you raised this issue in another forum?    NO

☐ Dispute Resolution Center.  Name of Convenor: _____ NONE _____

☐ Grievance        THIS IS A CLASS ACTION DISCRIMINATION COMPLAINT

| 17.  Date of this allegation (Month/Day/Year) | 18.  Signature |
|---|---|
| 07/18/2006 | *[signatures]* |





**Howard R.L. Cook and Tommy Shaw Foundation for Black Employees of The Library, Inc.**

Post Office Box 6268 • Largo, Maryland 20792-6268 • 202-546-3905 • 301-336-1825

*The HCTSF serves as a catalyst to educate future leaders and promote collaboration among communities and business leaders, minority-focused organizational leaders, and to effect positive and sustainable change in the African-American community.*

---

Mr. T. Dean Flowers, or whoever is                                    July 18, 2006
Asst. Chief or Acting Asst. Chief, EEOCO
Library of Congress                                                **RECEIVED**
Washington, D.C. 20540

                                                                       JUL 1 9 2006

Dear Mr. Flowers or whoever is Asst. Chief or Acting Asst. Chief, EEOCO:    Equal Employment Opportunity
                                                                            Complaints Office

   This letter constitutes the Third Party complaint of **David M. Hubbard, Sr., Runako Balondemu, and Carolyn Torsell,** employees of the Library of Congress and all those employees joining this Third Party (Class Action Law Suit) as, well as all African American Employees of the Library of Congress and the undersigned employees of the Library of Congress (hereafter complainants).  It is submitted directly to you pursuant to Library of Congress Regulations (LCR) 2010-3.1, Sec. 12, and LCR 2010-3.2.


   Complainants hereby allege that the Library of Congress through its offices, officials, agents and representatives have continuously discriminated and continues to discriminate on the basis of color, race, national origin, sex, against all African American and minority employees and at the Library by;


   1.  These acts, policies, practices, customs and usages of the Library of Congress constitute continuous violations of the rights secured by the Equal Employment Opportunity Act of 1972, 42 U.S.2000e-16; as Amended; Executive Order 11 478 (1969); 5 U.S.C. 7151 and 7154; and the Equal Employment Opportunity Regulations of the Library of Congress of African Americans, and other minority employees who have been, are, or will be employees at the Library of Congress.


   2.  Mr. Grijalva discriminated against African Americans due to his letters dated July 5, 2006 and July 11, 2006.  His discrimination is **class discrimination** because it involves a whole class of African American employees at the Library of Congress.


*P.S. Your gift to the HCTSF will help ensure the success of our mission.  Please give today and please give generously. Thank you in advance for your tax-deductible gift.*

Page 2

3. Mr. Grijalva made false claims against African American employees as a class to uphold discrimination, reprisal, and retaliation against them which has been established permanently as acts, policies, practices, customs, and usages. These acts, policies, practices, customs, and procedures were not assigned any specific start date or end date, as a result the pattern continues without limitations. These practices and so forth do not occur on a specific date, but occur every day the Library of Congress maintains its discriminatory acts, policies, and practices.

4. The letter from the Librarian dated August 25, 2005 was a response from the Librarian to Howard Cook's letter dated July 13, 2005 requesting a meeting with Dr. Billington. Dr. Billington's letter of August 25, 2005 is deficient if it were intended to be a **Final Agency Decision.** Dr. Billington's letter did not provide any specific deadlines for appeal nor it did not provide any specific rights of appeal. Therefore, Mr. Grijalva engaged in discrimination against African Americans when he used Dr. Billington's letter to cancel the June 15, 2006 Class Action Discrimination Complaint.

5. LCR 2010-3.1 , Section 4B does not prevent complaints of permanently ongoing discrimination, reprisal, and retaliation. Mr. Grijalva has aided discrimination by his use of Section 4B of the regulation and intended to prevent complainants from obtaining redress through the normal channels established by the Library of Congress.

6. None of the court decisions cited by Mr. Grijalva in his July 5, and July 11, 2006 letters are relevant to this Class Action because the discrimination, reprisal, and retaliation are embodied in consistent and persistent acts, policies, and practices of discrimination against a class of employees at the Library of Congress.

7. Under the circumstances Mr. Grijalva is not the employee to render the **Final Agency Decision** under LCR 2010-3.1 or LCR 2010-3.2. Mr. Grijalva has taken this authority for the sole purpose of discriminating against African American employees. His conduct does not meet the requirements of LCR 2010-3.1 or LCR 2010-3.2. Mr. Grijalva has committed many violations of these two anti-discrimination regulations.

*P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously. Thank you in advance for your tax-deductible gift.*

Page 3

8. In spite of Mr. Grijalva's proclamations proclaiming the policy of the Library of Congress to provide equal opportunity in employment at the Library of Congress, he says nothing about equal opportunity to associate and hold membership in employee organizations at the Library of Congress. Mr. Grijalva's proclamations are mere rhetoric without meaning as practiced by him.

9. LCR 2022-2 is the specific regulation to obtain official recognition in the Library of Congress as an employee organization. The Foundation has met all of the requirements specified by LCR 2022-2 to become an officially recognized employee organization in the Library of Congress. No reason exist other than discrimination, reprisal, and retaliation to refuse official recognition.

10. Mr. Grijalva is the alleged discriminating official (**ADO**) therefore, he must not be allowed to make the decision in this case because he has shown his discriminatory intent by going so far as to make false claims of timeliness and fraudulent claims about the **Final Agency Decision** being issued on August 25, 2005.

11. Mr. Grijalva prematurely cancelled the Class Action filed June 15, 2006 and refused to appoint an EEOC counselor to do a preliminary investigation. Mr. Grijalva acted in violation of LCR 2010-3.1 and LCR 2010-3.2. His action was deliberately designed to discriminate against the whole class. He also charged in his July 11, 2006 letter that the plaintiffs had not met or been interviewed by an EEOC counselor. This dishonesty is in violation of the requirements contained in LCR 2023-1 and LCR 2023-2. Therefore, his conduct was designed for the purpose of making false claims to discriminate against the class. Only Mr. Grijalva could appoint an EEOC counselor.

12. Under the leadership of Mr. Ricardo Grijalva, the staff of the EEOCO is refusing to permit employees to sign on to the Class Action. This refusal to permit employees to sign on to the Class Action is a blatant act of discrimination and denial of rights of the employees. Rather than provide employees wishing to sign on to the Class Action, the EEOCO staff is giving the employees Mr. Grijalva's cancellation letters of July 5 and July 11, 2006.

*P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously. Thank you in advance for your tax-deductible gift.*

Page 4

13. Mr. Grijalva and other management officials violate Library of Congress regulations and take reprisal and retaliation against African Americans seeking redress from discrimination. It has been stated and documented that the Foundation would never be recognized as long as the main goal was to eliminate discrimination against African American employees at the Library of Congress. Mr. Grijalva as Chief of EEOC has demonstrated that he is no less discriminatory than the other officials who engage in discrimination and violation of the Library of Congress regulations. **See  Howard R. L. Cook et al v. James H. Billington, 82-0400, Christine Mills et al v. James H. Billington, 04-02205, and James Nix and Yvonne Davis, Appellants v. James H. Billington, Appellee, 04-5225.** Absent discrimination, reprisal, and and retaliation Mr. Grijalva and the other discriminatory management officials should deliberately be seeking ways to recognize our organization rather than to continue to practice as a policy and procedure discrimination, reprisal, and retaliation. Mr. Grijalva shows no respect for the **Memorandum Opinion issued by the U. S. District Court on March 30, 1999 and the Court's Memorandum Order of May 25, 1999, Civil Action, No. 82-0400.** Mr. Grijalva is so over taken by his intent to discriminate until he reveals himself to have no respect for the court. Lawyers under normal circumstances not withstanding their intent to discriminate will show respect for the court. His disrespect proves his intent to discriminate . The Foundation was established by the U. S. District Court for the District of Columbia resulting from the Cook Class Action against discrimination at the Library of Congress.

Respectfully submitted,

David M. Hubbard, Sr.
**Lead Class Representative**

Runako Balondemu
**Lead Class Representative**

*P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously. Thank you in advance for your tax-deductible gift.*

Page 5

_Carolyn Torsell_
**Carolyn Torsell**
**Class Representative**

_Howard R. L. Cook_
**Howard R. L. Cook**
**Employee Representative**

# RECEIVED

JUL 1 9 2006

Equal Employment Opportunity
Complaints Office

_P.S. Your gift to the HCTSF will help ensure the success of our mission. Please give today and please give generously._
_Thank you in advance for your tax-deductible gift._

**EXHIBIT E**

## THE LIBRARY OF CONGRESS
WASHINGTON D.C. 20540

EQUAL EMPLOYMENT OPPORTUNITY
COMPLAINTS OFFICE

August 11, 2006

Dear Mr. Hubbard:

The Equal Employment Opportunity Complaints Office (EEOCO) is in receipt of your informal discrimination complaint, EEO Case # 06-38 filed on July 19, 2006. In your informal complaint, you allege that you and a Class of individuals have been discriminated against on the bases of race (African-American), color (black), sex (male and female), national origin (African-American), age (over 40 years old), and reprisal, because of my July 11, 2006 decision in EEO Case # 06-36 in which the Howard R. I. Cook and Tommy Shaw Foundation for Black Employees of the Library, Inc. was cancelled because it was untimely filed. This matter was cancelled because the Foundation missed the deadline for timely filing an EEO complaint with the Library's EEOCO by almost one year.

You are now alleging that my decision "constitutes a continuous violation" of rights secured under the EEO Act of 1972 and several other statutes.

My decision to cancel EEO Case # 06-36 is one step within the Library's Complaints Process, as set forth in LCR 2010-3.1. Each discrete step of the complaints process does not stand on its own as an employment action recognizable under Title VII of the Civil Rights Act of 1964, as amended. See Brown v. Brody, 1999 WL 1215304 (D.C. Cir, 1999). Hence, my decision does not come within the purview of LCR 2010-3.1. Any disagreement or dissatisfaction with that decision can be remedied by third party review in the appropriate U.S. District Court.

In my letter to you of July 11, 2006, which contained my decision in EEO Case # 06-36, I advised you of your appeal rights should you be dissatisfied with my decision in EEO Case # 06-36. This correspondence was a final agency decision. Therefore, we are considering your Class Complaint as administratively closed.

As of date, you have failed to avail yourself of your appeal rights by filing in the appropriate U.S. District Court. Therefore, any concerns you may have that my decision was improperly motivated should be raised in that judicial forum and reviewed by the assigned judicial officer.

You have continued to file frilvilous non-meritorius claims since the cancellation of your Class Complaint on July 11, 2006. The Equal Employment Opportunity Complaints

2

Office (EEOCO) has the inherent authority to control and prevent abuse of its processes and procedures.

The procedures contained in the Library's regulations provide the process by which claims of discrimination are processed in the Library of Congress, with a goal of eliminating or preventing unlawful employment discrimination.

Additionally, your continued filing of non-meritorious charges of discrimination may be in violation of the Library's "Standards of Conduct" as enuciated in the Library's Regulation (LCR 2023-1). The procedures set forth should not be misconstrued as substitutes for either inadequate or ineffective labor-management relations or an alternative or substitute for labor-management disputes.

Case precedent provides for dismissal of complaints that are part of a "clear pattern of misuse of the EEO process for a purpose other than the prevention and elimination of employment discrimination." The criteria required to justify dismissal for abuse of process must be applied strictly. These criteria require:

(i)   Evidence of multiple complaint filings; and

(ii) Claims that are similar or identical, lack specificity or involve matters previously resolved; or

(iii) Evidence of circumventing other administrative processes, retaliating against the agency's in-house administrative processes or overburdening the EEO complaint system.

On rare occasions, the EEOCO has applied abuse of process standards to particular complaints. Occasions in which application of the standards are appropriate must be rare, because of the strong policy in favor of preserving a complainant's EEO rights whenever possible. In the present cases, you appear to be making a concerted attempt to retaliate against agency officials, and not to obtain relief from discrimination. More importantly, it appears that you are using the EEO Complaints Office for purposes other than thwarting discrimination.

Further, your use of the EEO process to raise dissatisfaction with the processing of the Class Action complaint, regardless of the merit of the claim, the timeliness, or whether similar or the same matters have been addressed in prior complaints, overburdens the administrative EEO process.

Accordingly, you and the members of the Class are cautioned that the EEOCO cannot permit a party to utilize the EEO process for this illegitimate goal, nor can it allow individuals to overburden the system which is designed to protect individuals from discriminatory practices. Therefore, you are advised that the EEOCO will decline to entertain your enumerated matters any further in any future complaint filings of this nature. Should you continue to file such frivilous matters, you will be provided with your appeal rights to proceed to the appropriate U.S. District Court.

3

Given the regulatory constraints and mindful of your right to appeal my decision in EEO Case # 06-36, the allegations contained in EEO Case #06-38 will not be accepted for further processing. Based on a review of case precedent, I find that the EEOCO is proper in the cancellation of EEO Case No. 06-36 because it was not timely filed and EEO Case No. 06-38 because it a frivolous non-meritorious claim.

Accordingly, no action will be taken in this matter and your request for relief is herewith denied. Additionally, based on the record, the decision of the EEOCO to cancel EEO Case No. 06-36 will remain the Library's Final Agency Decision.

Should you have any questions regarding this cancellation, please do not hesitate to contact me at area code (202) 707-6024. Thank you for your attention to this important matter.

Sincerely,

Ricardo H. Grijalva
Chief, EEO Complaints Office
Office of Workforce Diversity

Enclosure

Board of Directors of the
Howard R. L. Cook and Tommy Shaw Foundation
C/O Mr. David M. Hubbard
P.O. Box 6268
Largo, Maryland 20792-6268

David M. Hubbard, Sr.
Lead Class Representative
223 23rd Street, Room 609
Arlington, Virginia 22202

Runako Balondemu
Lead Class Representative
3206 Chillum Road
Mt. Ranier, Maryland 20212

Carolyn Torsell
Class Representative
CRS/INF (7420) LM-304

4

<u>Representative</u>:

Mr. Howard R. L. Cook
10323 Sea Pines Drive
Mitchellville, Maryland 20721

Forwarded via Regular and Registered Mail on August 11, 2006; Return Receipt
Requested.

----------------------------
Representative(s) Signature:

----------------------------
Date:

Recognized Employee Organizations Concerned with W...                http://www.loc.gov/staff/ogc/lcr/2022-2.html

**EXHIBIT F**

2022-2

*Important Notice:* To ensure that you are viewing the most recent version of a Library regulation or other material on the OGC Web site, Internet Explorer users should click the "Refresh" button. Netscape, Firefox, and Safari users should click the "Reload" button.

*LIBRARY OF CONGRESS REGULATIONS*

# LCR 2022-2

**THE LIBRARY OF CONGRESS**

**SUBJECT: Recognized Employee Organizations Concerned with Welfare, Financial Assistance, Recreational, Cultural, or Professional Activities**

| | | |
|---|---|---|
| SERIES: 2022<br>Staff Activities | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
| ISSUE DATE:<br>October 24, 1975 | REVIEW DATE:<br>October 24, 1977 | SUPERSEDES:<br>August 18, 1969, issuance of<br>LCR 2022-2 |

**Contents:**

Section 1. Purpose
Section 2. General Policy
Section 3. Responsibility for Administration
Section 4. Recognition of Employee Organizations
Section 5. Privileges and Services Accorded Recognized Employee Organizations

**Section 1. Purpose and Authority**

This Regulation states the policies and procedures concerning the Library's relationships with recognized employee organizations as defined herein.

**Section 2. General Policy**

A. It is the continuing policy of the Library to recognize, in conformance with the principles, practices, and procedures outlined below, the existence of certain employee organizations formed within the Library and to recognize the right of employees freely to join or to refrain from joining such organizations without fear of coercion, restraint, interference, or reprisal.

B. Employee organizations recognized under this Regulation shall be those concerned only with welfare, financial assistance, recreational, cultural, or professional activities. (Labor organizations may be recognized only under the provisions of LCR 2026).

C. Employee participation during duty hours, and the use of Library facilities by recognized organizations, are privileges granted by and subject to the provisions of this Regulation.

D. An employee may participate in the management of a recognized organization and be designated to act on behalf of that organization so long as there is no conflict of interest or incompatibility with the duties of his/her position. (See also LCR 2023-2, Section 6.)

**Section 3. Responsibility for Administration**

The Director of Personnel shall have overall responsibility for the administration of this Regulation and is delegated authority to grant, deny, or withdraw official recognition of organizations under the conditions set forth below. The Employee Relations Office shall serve as the principal liaison between the organizations recognized under this Regulation and the Library administration.

**Section 4. Recognition of Employee Organizations**

A. When applying for recognition under this Regulation, an organization shall provide evidence that it meets the following criteria:

1. it does not advocate the overthrow by force of the constitutional form of Government of the United States;

2. it is organized and open to all staff members on a Library-wide basis, but is not a labor organization as defined by LCR 2026;

3. it does not discriminate with regard to membership;

4. it is organized to conduct its affairs in an orderly manner and in accordance with democratic principles and practices;

5. it provides proof of membership of not less than 50 employees of the Library of Congress; and

6. it submits a copy of its constitution, by-laws and a list of its officers.

B. In order to be recognized the organization shall submit a memorandum of application to the Employee Relations Officer, attaching thereto the above required evidence and information. The completed application shall be reviewed by the Employee Relations Officer and forwarded to the Director of Personnel with recommendations. The Director of Personnel shall grant or deny official recognition, in writing, to the organization concerned.

C. The Director of Personnel, after receiving the recommendation of the Employee Relations

Officer, may withdraw recognition of any organization when:

1. it fails to meet or to conform with the requirements of this Regulation, as set out in A., above; or

2. its activities infringe upon the exclusive functions and rights of labor organizations, as set out in LCR 2026; or

3. its activities are unlawful, disrupt Library operations, violate the rights of Library staff members, or result in violations of the Library's Regulations, whether such activities are conducted by an organization's officers, authorized agents, or members acting under their direction.

4. A decision by the Director of Personnel to deny or withdraw recognition shall be delivered, in writing, setting forth the reasons therefor, and stating that it may be appealed to the Librarian. Any such appeal by the organization shall be filed in writing with the Librarian within twenty (20) work days of the date of receipt. The Librarian's decision with respect to any such request for appeal shall be final.

5. Recognized organizations shall certify and provide evidence to the Employee Relations Officer no later than April 1 of each year, or at such other times as the Employee Relations Officer may require, provided no less than ten (10) work days notice is given the organizations, that they continue to conform to the criteria set out in A. above, including a current list of the officers and any changes in constitutions or by-laws.

### Section 5. Privileges and Services Accorded Recognized Employee Organizations

A. <u>Annual Membership Meetings</u>. Organizations are permitted to hold an annual membership meeting, not to exceed one hour on official time, using Library space, when available. Staff members may attend such meetings without charge to leave if their supervisors determine they may be spared from their duties.

B. <u>Other Meetings and Activities</u>. Other meetings and activities may be held on the Library's premises on non-duty time, subject to the following limitations:

1. employee participation in lunch period meetings shall be limited to the 30-minute lunch period (see LCR 2014-6, "Luncheon Period");

2. because of space limitations and mission requirements, the Library will limit the number of meetings or programs per month where there is an anticipated attendance of 100 persons or more, and recognized organizations shall be notified periodically of monthly limitations. Those organizations seeking to hold such meetings or programs shall obtain approval, on a first come, first considered basis, under the procedures set out in Section C., below.

C. <u>Scheduling of Meetings, Programs, and Other Activities</u>

1. Requests for approval and scheduling of meetings, programs, and other activities shall be made by any organization two weeks in advance, in writing, to the Employee Relations Office. Such requests shall include completed Form LW 23/6, Request for Meeting Place (See LCR 1818-3) and shall specify:

   a. proposed time and date;

   b. subject and names of speakers or entertainers, if any;

   c. equipment brought into the Library, if any.

2. The Employee Relations Office shall approve or disapprove requests made under this Section and notify the organization accordingly.

D. <u>Use of Bulletin Boards</u>. Flyers and posters shall not be affixed to furniture or equipment or walls of any Library buildings. Bulletin boards, identified by the Employee Relations Officer, are provided for this purpose. In using such bulletin boards, recognized organizations shall assure that posted materials do not contain defamatory statements regarding individuals, organizations, or Government agencies, or would otherwise have the effect of disrupting Library operations. Each organization shall be responsible for the maintenance of its assigned bulletin board space.

E. <u>Reproduction and Distribution of Materials</u>. Materials may be reproduced and distributed by the Library in connection with functions that are officially scheduled by the Employee Relations Office and co-sponsored by the Library, related to the functions of the Library, or in support of those functions. Other printed materials related to the activities or services of the organization or such items as travel announcements, insurance plans, and advertisements approved by the Employee Relations Office may be distributed by the Library or by keyworkers subject to workload demands and supervisory approval.

F. <u>Information to New Employees</u>. If a recognized organization provides information descriptive of its activities for new employees, the Personnel Office will distribute it during the regularly scheduled orientation programs.





*Comments: lcweb@loc.gov*

**EXHIBIT G**

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS



# CERTIFICATE

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia NonProfit Corporation Act have been complied with and accordingly, this *CERTIFICATE OF INCORPORATION* is hereby issued to:

**THE HOWARD R. L. COOK AND TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC.**

**IN WITNESS WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed as of the  **26th** day of **September , 2001 .**

David Clark
DIRECTOR

Elizabeth  O. Kim
Administrator
Business Regulation Administration

Patricia E. Grays
Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor

## GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CONSUMER AND REGULATORY AFFAIRS      **EXHIBIT H**



# C E R T I F I C A T E

**THIS IS TO CERTIFY** that all applicable provisions of the District of Columbia NonProfit Corporation Act have been complied with and accordingly, this *CERTIFICATE OF AMENDMENT* is hereby issued to:

**THE HOWARD R.L. COOK AND TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC.**

**IN WITNESS WHEREOF I** have hereunto set my hand and caused the seal of this office to be affixed as of the  **26th** day of  **January , 2005 .**

David Clark
DIRECTOR

John T. Drann
Administrator
Business and Professional Licensing Administration

Patricia E. Grays
Superintendent of Corporations
Corporations Division

Anthony A. Williams
Mayor

**EXHIBIT I**

INTERNAL REVENUE SERVICE                    DEPARTMENT OF THE TREASURY
P. O. BOX 2508
CINCINNATI, OH  45201

Date: **DEC 3 0 2004**                       Employer Identification Number:
                                             11-3654891
                                          DLN:
                                             204351058
HOWARD R L COOK & TOMMY SHAW              Contact Person:
  FOUNDATION FOR BLACK EMPLOYEES OF          NANCY L HEAGNEY            ID# 31306
  THE LIBRARY INC                         Contact Telephone Number:
PO BOX 6268                                  (877) 829-5500
LARGO, MD  20792-6268
                                          Accounting Period Ending:
                                             September 30
                                          Effective Date of Exemption:
                                             September 26, 2001


Dear Applicant:

We are pleased to inform you that upon review of your application for tax
exempt status we have determined that you are exempt from Federal income tax
under section 501(c)(3) of the Internal Revenue Code.  Contributions to you are
deductible under section 170 of the Code.  You are also qualified to receive
tax deductible bequests, devises, transfers or gifts under section 2055, 2106
or 2522 of the Code.  Because this letter could help resolve any questions
regarding your exempt status, you should keep it in your permanent records.

Organizations exempt under section 501(c)(3) of the Code are further classified
as either public charities or private foundations.  We determined that you are
a private foundation within the meaning of section 509(a) of the Code.  You are
required to file Form 990-PF annually.

Please see enclosed Information for Private Foundations Exempt Under Section
501(c)(3) for some helpful information about your responsibilities as an exempt
organization.  You can obtain information about private foundation status by
requesting Publication 578, Tax Information for Private Foundations and
Foundation Managers.

                         Sincerely,


                         Lois G. Lerner
                         Director, Exempt Organizations
                         Rulings and Agreements

Enclosure: Information for Private Foundations Exempt Under Section 501(c)(3)


                                          Letter 1076 (DO/CG)

Howard R. L. Cook and Tommy Shaw Foundation
For Black Employees
Of
The Library, Inc.

Articles of Incorporation

<u>Amendment No. 1</u>

Fourth:  Membership is open to persons who contribute funds to the
Foundation, and upon contribution membership is granted.

**EXHIBIT J**



COMBINED FEDERAL CAMPAIGN
OF THE NATIONAL CAPITAL AREA

TO:     Howard R.L. Cook
        Howard R.L. Cook and Tommy Shaw Foundation for Black Employees of The
        Library, Inc.

FROM:   Vince Micone, Chair
        Local Federal Coordinating Committee

DATE:   May 11, 2006

SUBJECT: 2006 CFCNCA APPLICATION APPROVAL

Based on the information provided in your application, the Local Federal Coordinating
Committee for the Combined Federal Campaign of the National Capital Area (CFCNCA)
approved your organization to participate in the 2006 campaign.

The designation (catalog) number assigned to your organization as a Local Unaffiliated
Agency is **7745**. *Please be advised this number is subject to change for the 2007
campaign depending on possible regulatory changes by the Office of Personnel
Management.* Your organization will be listed in the "Local Unaffiliated Organizations"
section of the campaign catalog. Approval for listing as a Local Unaffiliated Charity is
contingent upon:

    (1) Your organization is not included in an approved Federation listing and/or,

    (2) Your organization is not included in the National Approved Agencies list
        issued by the Office of Personnel Management.

In either instance, the organization will be listed in the local campaign brochure with the
appropriate federation, or with the national organizations. Please contact your Federation
or the Office of CFC Operations at the Office of Personnel Management (202) 606-2564
to request the correct designation number.

In addition to the information provided in the application, CFCNCA will be asking
charities to provide supplemental information for the electronic database used by donors
to search for charities. This is optional and in no way affects your ability to participate in
the campaign. We hope you will respond promptly to this request when you receive it.

If you have any questions, please call CFCNCA Headquarters at 202-465-7200 and refer
to receipt number **2370.** Also, if the address we used for this letter is different from the
one we should use in future communications, please advise the CFCNCA of the address
you would prefer we use. We ask for all address changes in writing.

Thank you for your interest in the CFC. We look forward to working with you to have
another successful campaign this fall.



EXHIBIT K

**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540-1050

OFFICE OF THE GENERAL COUNSEL

June 21, 2005

Mr. Lawrence Perry, Vice President
c/o Avis Buchanan
Howard Cook/Tommy Shaw Foundation
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036

RE:    **Request For Recognition As a Library of Congress Organization**

Dear Mr. Perry:

This letter is to inform you that I have carefully reviewed your second appeal of the decision of the Director of Human Resources denying your request for formal recognition of the Howard Cook/Tommy Shaw Foundation ("the Foundation") as a recognized Library of Congress employee organization due to the Foundation's failure to conform with the criteria set forth in Library regulation 2022-2. Based on our evaluation of the information you provided and for the reasons discussed below, the decision of the Director of Human Resources Services is affirmed, though on different grounds, and your request for recognition is hereby denied.

In arriving at the decision to sustain the decision of the Director of Human Resources Services denying your request for recognition, the following were considered: (1) information you provided during our April 28, 2005 telephone conversation; (2) additional correspondence between you and I, including your May 10, 2005 response letter to my request for additional information; (3) Library of Congress Regulation (LCR) 2022-2, *Recognized Employee Organizations Concerned with Welfare, Financial Assistance, Recreational, Cultural, or Professional Activities*; (4) your most recent list of members of the Howard Cook/Tommy Shaw Foundation; (5) the Articles of Incorporation which you submitted; (6) the Foundation's By-Laws, which you also submitted along with your request; and (7) the amendment to the Articles of Incorporation and By-Laws of the Howard Cook/Tommy Shaw Foundation, permitting all dues-paying employees of the Library to be members of the Foundation.

Library regulation 2022-2 lists the main criteria used to evaluate an organization's request for recognition as a Library of Congress employee organization. To be recognized, an organization must meet the initial requirements, set forth in LCR 2022-2, of (1) not advocating the overthrow of the United States government; (2) being organized and open to all staff

While the overall goals and objectives of the Howard Cook/Tommy Shaw Foundation may be important and laudable, as they are concerned with the protecting the social interests of African-American Library employees, it would clearly be inappropriate for the Library to sanction or officially recognize an organization that has as one of its main goals to assist individuals in filing and maintaining claims, suits, and litigation against the Library. Further, the Library is presently providing what is generally accepted among federal agencies as appropriate assistance for employees with claims of discrimination through counseling and mediation provided by the Library's Equal Employment Opportunity office, Dispute Resolution Center, and Employee Assistance Program. Library employees may also file grievances with the Library's Workforce Management Office, bargaining employees may seek remedies under their respective Collective Bargaining Agreements, and all employees are encouraged to consult with their managers and supervisors on these issues. The Library has determined that these are effective and appropriate avenues for any Library employee who feels they have been discriminated against and does not feel that recognizing the Howard Cook/Tommy Shaw Foundation will add to these protections.

Based on the above considerations, your application for recognition is denied. The denial of official Library of Congress recognition, however, does not prevent the Foundation nor any of its members from pursuing the goals stated in the Foundation's By-Laws and Articles of Incorporation through activities outside of the Library of Congress. We wish the Howard Cook/Tommy Shaw Foundation and its members much success in your endeavors.

Kindest regards,

Jessie James, Jr.
Associate General Counsel

cc:    Donald Scott
       Jo Ann Jenkins
       Elizabeth Pugh
       William Ayers, Jr.

**EXHIBIT L**

Howard R.L.Cook/Tommy Shaw
Foundation For Black
Employees of the Library
of Congress Inc.  P.O. Box
6268 Largo MD. 20792-6268

July 13, 2005

The Honorable James H. Billington
The Librarian of Congress
Library of Congress
Washington, D.C. 20540

Dear Dr. Billington:

Our organization through its officials has requested
official recognition a number of times.  Our request has been
repeatedly denied.  The denials have been for different
reasons including the most reason denial by Mr. Jessie James.

You invited me sometime ago, that if I had a problem I
could merely come to your office ask for you, and you would
see me.  Up to this time I never took advantage of that
invitation because I was aware of your busy schedule.

However, I am now requesting the opportunity to meet
with you because Mr. James and others have left no choice for
me.  Our organization has exhausted all possibilities leading
to a resolution through Mr. James and others.

Sincerely,

*Howard R. L. Cook*

Howard R.L. Cook

President Howard R.L. Cook/Tommy Shaw Foundation for Black
Employees of The Library of Congress Inc.

**EXHIBIT M**



THE LIBRARIAN OF CONGRESS

August 25, 2005

Dear Mr. Cook:

  This is to inform you that I have carefully reviewed your letter of July 13, 2005, requesting reconsideration of the decisions of the Director of Human Resources and the Office of the General Counsel denying your request for official Library of Congress recognition of the Howard Cook/Tommy Shaw Foundation.  Having completed my review, I concur in the determination of the Director of Human Resources, as well as the Office of the General Counsel's opinion that Library recognition should not be granted to the Howard Cook/Tommy Shaw Foundation.

  As you have been informed by the Associate General Counsel, a review of the supporting documents accompanying your request revealed that one of the main goals of the Howard Cook/Tommy Shaw Foundation is to assist individuals in filing and maintaining claims, suits, and litigation against the Library.

  I firmly believe that emplpoyee assistance is best provided by the Library through its Equal Employment Opportunity Complaints Office, Dispute Resolution Center, Employee Assistance Program, Office of Workforce Management, and through the collective bargaining agreements between the Library and its four unions.

  Thank you for your continuing interest in the Library, and I wish you and the Howard Cook/Tommy Shaw Foundation well in your endeavors.

  Sincerely,

*James H. Billington*

James H. Billington
The Librarian of Congress

Mr. Howard Cook
President, Cook/Shaw Foundation for Black Employees of the Library, Inc.
P.O. Box 6268
Largo, MD  20792-6268

1 01 Independence Avenue, S.E.  Washington, DC 20540-1000  Tel.: (202) 707-5205  Fax: (202) 707-1714  E-mail: libofc@loc.gov

**EXHIBIT N**



**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540-1030

CONGRESSIONAL RELATIONS OFFICE                    January 25, 2006

Dear Senator Sarbanes:

  Thank you for the opportunity to respond to your letter on behalf of the Howard R. L. Cook and Tommy Shaw Foundation. The Foundation has, over the last few years, requested that it be considered a "recognized employee organization" under Library regulations.

  The Library's purpose in sanctioning such organizations' activities in the workplace is to allow employees the ability to associate with each other on-site in furtherance of their mutual interests and welfare. "Recognized employee organizations" at the Library are governed by LC Regulation 2022-2, enclosed in this letter. The Library's restrictions on such organizations apply only to the extent that such organizations wish to use Library facilities, resources and conduct activities during duty hours. The Library does not otherwise concern itself with its employees' activities with respect to organizations, whether they are officially recognized or not; nor does the Library have any requirement that "recognized employee organizations" take or reject particular positions, or even that their positions conform with those of the Library.

  The Foundation first requested such recognition in December 2002. The request was reviewed by the Director, Human Resource Services, who has been delegated that authority by the Librarian under our regulations, and was denied. The Foundation then appealed that denial to the Librarian, who asked the Office of General Counsel [OGC] to advise him whether the denial was valid.

  The OGC upheld the denial, providing a written explanation to the Foundation of the grounds on which recognition was denied. The OGC referred the Foundation to the regulation itself, as well as noting that the Foundation's own membership structure presented a *prima facie* conflict with requirements of recognized employee organizations under the regulation. The Foundation made changes in its membership structure to comply with the specific regulation cited in OGC's letter, but evidently did not consult the rest of the regulation to determine whether there might exist other barriers to Library recognition.

  Upon the Foundation's subsequent application for recognition, OGC identified additional instances where the Foundation fails to comply with the regulation. Most recently, OGC and the Librarian have each written to the Foundation informing it that, in accordance with Library regulations, the Foundation will continue to be denied official recognition (and, thus, use of Library facilities to further its mission and goals) as long as its fundamental purpose and goal is to aid African-American Library of Congress employees in pursuing claims of discrimination

- 2 -

against the Library. Very simply, the Library should not be expected to provide Library facilities to an organization raising funds for the purpose of pursuing legal claims against it. This purpose, as expressed in the Foundation's by-laws and articles of incorporation, runs counter to the Library's efforts to provide a number of avenues to redress employee grievances, pursue discrimination complaints, resolve disputes, and offer training, mentoring and career development opportunities to Library staff.

The Library is also troubled by the repeated abuse by the Foundation of its access to Library premises and staff. The Foundation has been warned many times (most recently on December 22, 2005) that solicitation of donations on Library premises, using Library resources, is prohibited. The OGC notified the Foundation that evidence of future solicitation on Library premises may result in legal action against the Foundation and disciplinary action against employees engaged in this activity.

I hope this information is helpful in understanding the Library's position with respect to the Foundation's complaint. I would be happy to discuss this issue further if you have any questions.

Sincerely,

*Stephen Kelley for*

Geraldine M. Otremba
Director

Enclosure: LCR 2022-2

The Honorable Paul Sarbanes
United States Senate
Tower 1, Suite 1710
100 S. Charles St.
Baltimore, MD  21201-2700

**EXHIBIT O**



**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540–1050

OFFICE OF THE GENERAL COUNSEL

November 18, 2004

Mr. Howard R.L. Cook
President
Cook/Shaw Foundation
Post Office Box 6268
Largo, MD 20792-6268

### RE: Soliciting Contributions on Library of Congress Premises

Dear Mr. Cook:

 This is in response to your letter to me dated November 5, 2004. Pursuant to LCR 1819 and 2 U.S.C. §167b, the solicitation of alms and contributions, commercial solicitation and vending of all kinds on Library premises is prohibited. Regardless of whether such solicitation generates any money, or any money is collected on Library premises, in accordance with the regulation and federal statute the request for contributions is prohibited.

 The September 2004, letter the Cook/Shaw Foundation sent to Library employees at their work address was clearly a solicitation, on Library premises, for the purpose of seeking contributions to the Cook/Shaw Foundation. Therefore, this activity was violative of both LCR 1819 and 2 U.S.C. §167b. In addition, the U.S. District Court for the District of Columbia did not establish the Cook/Shaw Foundation. Further, regardless of whether or not the U.S. District Court played a role in the creation of the Cook/Shaw Foundation, the Court's involvement does not give the Foundation license to circumvent the laws, rules and regulations of the Library of Congress.

 Lastly, the letter from the Library to the Cook/Shaw Foundation dated October 21, 2004, was sent in care of Mr. Julius Dow because he was a signatory on the Cook/Shaw Foundation's September 2004, solicitation letter, and as a signatory Mr. Dow has approved the contents of the letter.

Kindest regards,

Jessie James, Jr.
Associate General Counsel

**EXHIBIT P**



**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540–1050

OFFICE OF THE GENERAL COUNSEL

December 22, 2005

Mr. Howard Cook
Member, Board of Directors
Howard R.I. Cook & Tommy Shaw Foundation for
Black Employees of the Library Inc.
PO Box 6268
Largo, MD 20792-6268

Dear Mr. Cook:

      It has come again to the attention of the Office of General Counsel that the Howard R.I. Cook & Tommy Shaw Foundation for Black Employees of the Library Inc., (the "Foundation") is soliciting donations from Library employees on Library of Congress premises. Specifically, the Foundation sent a flyer and letter of solicitation postmarked October 27, 2005, by U.S. mail to Angela Evans, Deputy Director of the Congressional Research Service. In addition, we also found several "Mills Class Action Newsletters" printed by the Foundation on Library premises. The "Mills Class Action Newsletters" contains a solicitation form requesting donations from Library employees to assist the Class Action with its legal expenses.

      As the Library has previously informed the Foundation, pursuant to Library of Congress Regulation 1819 and 2 U.S.C. § 167b the solicitation of alms, contributions, commercial solicitation and vending of all kinds on Library premises is prohibited. While the Library does not challenge the right of the Foundation to solicit donations and members, the Foundation is prohibited from doing so on Library premises. Therefore, the Foundation is hereby requested to terminate, cease and refrain from all solicitations on Library premises. Furthermore, by correspondence dated October 21, 2004, and November 18, 2004, the Library requested that the Foundation cease and desist all solicitation on Library premises. Despite these repeated requests the Foundation continues to solicit donations from Library employees on Library premises. Accordingly, if the Foundation's solicitation on Library premises does not cease immediately, the Library will pursue any and all available legal procedures against the Foundation, including prosecution of the Foundation as permitted by 2 U.S.C. § 167g. In addition, if the Library determines that any Library employees are soliciting donations on Library premises on behalf of the Foundation, those employees will be subject to appropriate disciplinary action.

      Furthermore, the Library is concerned about what appears to be the improper acquisition of a Library of Congress database by the Foundation containing information about Library

employees. The Library is not certain how your organization obtained the mailing information about individual employees but we are certain that the use of that information for the purpose of soliciting funds for your organization is both improper and prohibited. Accordingly, you are advised to cease and desist any further solicitations on Library premises or face legal action.

Should you have any questions regarding this matter, please do not hesitate to contact me at 202-707-7464.

Kindest regards,

Jessie James, Jr.
Associate General Counsel



**THE LIBRARY OF CONGRESS**
101 INDEPENDENCE AVENUE, S.E.
WASHINGTON, D.C. 20540–1050

EXHIBIT Q

OFFICE OF THE GENERAL COUNSEL

June 13, 2003

Mr. Howard Cook
c/o Carolyn Torsell
Library of Congress
101 Independence Avenue, S.E.
Washington, DC 20540

    RE:    <u>Appeal from Denial of Request for Recognition</u>

Dear Mr. Cook:

    This is in response to your memorandum to Dr. James Billington, Librarian of Congress, dated March 19, 2003, in which you appealed the denial of your request for your foundation, The Howard R.L. Cook and Tommy Shaw Foundation for Black Employees of the Library, Inc. (hereinafter the "Foundation") to be formally recognized as an employee organization within the Library of Congress pursuant to LCR 2022-2. Dr. Billington has delegated to the Office of General Counsel authority to respond to your appeal. For the reasons set forth below, I have decided to sustain the decision of the Director of Human Resources Services ("HRS") denying your request.

    LCR 2022-2 establishes the guidelines on whether or not an organization may be recognized as an official employee organization of the Library. Pursuant to LCR 2022-2, the Director of HRS is granted discretion to grant or deny official recognition to organizations seeking to be recognized as an official employee organization of the Library. On December 3, 2002, the Foundation submitted its request to be a recognized employee organization. Upon review of its request, on March 5, 2003, the Director of HRS denied the Foundation's request to be a recognized employee organization. In accordance with LCR 2022-2, Section 4.D., on March 19, 2003, the Foundation appealed the Director's decision. I have reviewed the Foundation's request and supporting documentation and my conclusions are as follows.

    First and foremost, the fact that the Foundation was established by the U.S. District Court

for the District of Columbia does not bear any weight on the determination of whether or not the Foundation is or can be recognized as an employee organization within the meaning of the Library's regulation. Rather, an employee organization will receive approval by the Library to be recognized as an employee organization only if its request comports with the guidelines set-forth in LCR 2022-2. After review of the Foundation's supporting documentation, I find that it does not appear that the supporting documentation you submitted comports with the requirements of LCR 2022-2. More specifically, the Foundation does not demonstrate that it meets the criteria of LCR 2022-2, Sections 4.A.(2); (5). The Foundation's Articles of Incorporation explicitly state that the Foundation "shall have no members." However, Section 4.A(5) of the LCR requires that the Foundation provide proof of **membership** (emphasis added) of not less than 50 employees of the Library of Congress. Thus, the Foundation's Articles of Incorporation prohibiting membership appears to be in direct conflict with the regulation's requirement that the Foundation must have at least 50 members. In addition, even assuming that the Foundation does have members, the list of names provided by the Foundation does contain the names of at least 50 individuals who are currently Library employees as required by the LCR. Rather, members included in your membership list are not, in fact, current Library employees as required by the Regulation. Members who are not current Library employees cannot be counted towards the minimum membership requirement. Thus, the Foundation does meet the requirements of Section 4.A(5) of the LCR.

Also, the Foundation does not appear to meet the requirement set forth in Section 4.A.(2). Section 4.A.(2) requires that the Foundation's membership be open to all employees on a Library-wide basis. As stated previously, because the Articles of Incorporation explicitly do not allow the Foundation to have members, it does not appear that the Foundation can meet this requirement. However, even assuming that the Foundation does have members, the Foundation's membership appears to be limited to those current and former employees who are members of the Cook Class Action Settlement Agreement. Thus, the Foundation has not satisfied the requirement that its membership be open to all employees of the Library.

Accordingly, because the Foundation has not met all the requirements of LCR 2022-2, I hereby sustain the denial of your request that the Howard R.L. Cook and Tommy Shaw Foundation for Black Employees of the Library, Inc., be formally recognized as an employee organization within the Library of Congress pursuant to LCR 2022-2.

Kindest regards,

Jessie James, Jr.
Associate General Counsel

cc:    Teresa A. Smith

SEP-11-2006 MON 03:07 PM                     FAX NO.                                    P. 01

**EXHIBIT R**



THE LIBRARIAN OF CONGRESS

September 11, 2006

Dear Senator Mikulski:

I thank you for the opportunity to respond to your letter regarding the concerns of the Howard R. L. Cook and Tommy Shaw Foundation for Black Employees of the Library of Congress, Inc. Specifically, the Foundation has written to you about the Library's decision to deny the Foundation's request to become a Recognized Employee Organization at the Library.

In 2005, I issued my final decision denying the Foundation's request to become an official employee organization of the Library of Congress. Among the Foundation's primary objectives, as expressed in the Foundation's bylaws and articles of incorporation, are the right to advise, represent, and provide financial assistance to employees in their pursuit of lawsuits against the Library. There is a basic conflict between the Foundation's purpose and the Library's rationale for recognizing the right of employee groups' to use public facilities and official time. The Library does not believe that it should provide facilities to an organization raising funds to pursue legal claims against it.

In addition, the Library is presently providing what is generally accepted among federal agencies as appropriate assistance with claims of discrimination through the counseling and mediation services of the Library's Equal Employment Opportunity Complaints Office, the Dispute Resolution Center, and the Employee Assistance Program. Library employees may also file grievances with the Library's Office of Workforce Management, and all employees are encouraged to consult with their managers and supervisors on these issues.

I hope that this information is helpful, and I thank you for your interest in this matter and your support of the Library of Congress.

Sincerely,

James H. Billington
The Librarian of Congress

The Honorable Barbara A. Mikulski
United States Senate
1629 Thames Street, Suite 400
Baltimore, MD 21231

Attn: Ms. Sally Wingo, Projects Director

Fax: (410) 962-4760

101 Independence Avenue, S.E.    Washington, DC 20540-1000    Tel.: (202) 707-5205    Fax: (202) 707-1714    E-mail: libofc@loc.gov

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. | James H. Billington, Librarian Library of Congress |

| | |
|---|---|
| **(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DC **(EXCEPT IN U.S. PLAINTIFF CASES)** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **(IN U.S. PLAINTIFF CASES ONLY)** DC NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Michael J. Snider, Esq. Snider & Associates, LLC 104 Church Lane; Suite 100 Baltimore, Maryland 21208 Phone: (410) 653-9060 Fax: (410) 653-9061 | |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

◉ 2 U.S. Government Defendant

○ 3 Federal Question (U.S. Government Not a Party)

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)** OR ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G. Habeas Corpus/ 2255** | ⊙ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. §2000e-5, 2000e-16, and 28 U.S.C. §1331 and § 1343; Defendant has not recognized Plaintiff Foundation as an Employee Organization

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☒ ACTION UNDER F.R.C.P. 23   DEMAND $ 75,000,000   Check YES only if demanded in complaint   JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  10/5/06     SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**HOWARD R.L. COOK & TOMMY**          *
**SHAW FOUNDATION FOR BLACK**
**EMPLOYEES OF THE LIBRARY, INC.**    *
104 Church Lane; Suite 100
Baltimore, Maryland 21208             *

and                                   *

**Individually and as Officers of the**   *
**Foundation:**

**DAVID M. HUBBARD SR.**              *
2333 Woodbark Lane
Suitland , Maryland 20746             *

and                                   *

**RUNAKO BALONDEMU**                  *
3206 Chillum Road Apt. #30
Mt. Rainier, Maryland 20721-3129      *           **CLASS ACTION**

and                                   *

**CAROLYN TORSELL**                   *
1135 6TH St. N.E.                                **JURY DEMAND**
Washington, D.C. 20002                *

and                                   *

**HOWARD R. L. COOK**                 *           CASE NO. 1:06-cv-1734
10323 Sea Pines Drive
Mitchellville, Maryland 20721         *

**On their own behalf, and on the**
**Behalf of all similarly situated**
**Employees,**
                    **Plaintiffs,**   *

        **vs.**
                                      *
**James H. Billington, Librarian**
**LIBRARY OF CONGRESS**               *

1

**WASHINGTON, D.C.,**

\*

**Defendant.**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CLASS ACTION COMPLAINT

Now Come, the Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. (the "Foundation") on behalf of itself and all of its members; David M. Hubbard, Sr., Runako Balondemu, Carolyn Torsell, Howard R.L. Cook, individually, as Officers of the Foundation, and on behalf of all other similarly situated persons, collectively "Plaintiffs," by and through their undersigned attorneys from the Law Offices of Snider & Associates, LLC, and state as follows:

### NATURE OF ACTION

1.  Plaintiff Foundation is a private §501(c)(3) corporation whose mission is to serve as a catalyst to educate future leaders and promote collaboration among communities and business leaders, minority focused organizational leaders, and to effect positive and sustainable change in the African-American community.  Plaintiffs are also minority employees who are, or have been employed by, or have sought employment at the Library of Congress (the "LOC"), from approximately 1980 to the present, bring this action, on their own behalf, and on the behalf of an employee organization that seeks to address a pattern and practice of discrimination on the basis of color, national origin, and/or race by the  in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000(e) *et seq.* and the Civil Rights act of 1991, 42 U.S.C. § 1981(a) *et seq.*  Plaintiffs allege the

2

personnel policies, practices and procedures discriminate against minority employees on the bases of race, national origin and/or color. The Foundation was created as a result of a decision by the **United States District Court for the District of Columbia** due to a class action opposing racial discrimination in employment at the LOC. The Foundation's goals include, but are not limited to obtaining preferred assignments, fairness in discipline, awards, bonuses, training, and the elimination of harassment, hostile work environment, based on terms and conditions of employment. On the basis of these violations, Plaintiffs seek equitable relief including, but not limited to lost compensation, compensatory damages, a declaratory judgment, and an injunction requiring the  to cease and desist these illegal acts and remedy the effects of its illegal conduct. The Foundation seeks to eliminate working conditions adverse to African-American employees based on race, national origin, or color, systemic retaliation and reprisal against African-American Employees, and other minority employees.

## JURISDICTION, EXHAUSTION OF ADMINISTRATIVE REMEDIES

2.  Jurisdiction of the Court is based upon 42 U.S.C. §2000e-5, 2000e-16, and 28 U.S.C. §1331 and § 1343. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e) and 42 U.S.C. § 2000e-5(f).

3.  Plaintiffs have exhausted administrative remedies. On or about June 15, 2006 David M. Hubbard Sr. initiated contact with the Agency's office of Equal Employment Opportunity (EEO) and caused to be filed a class action complaint. **See Attached Exhibit A.** The initial class complaint alleged acts

3

of discrimination against the Foundation.  On approximately July 5, 2006 Plaintiffs receive a letter from Mr. Ricardo H. Grijalva, chief of the Equal Employment Opportunity Office (EEO) cancelling Plaintiffs' class action.  On July 11, 2006, Mr. Grijalva sent a second letter cancelling the Plaintiffs' class action complaint.  **See __Attached Exhibit B & C.__**  Plaintiffs filed a second class action about the Defendant's acts of discrimination against the Foundation on July 19, 2006. **See __Attached Exhibit D.__**  On August 11, 2006, Mr. Ricardo H. Grijalva, Chief of the Equal Employment Opportunity Office (EEO) cancelled the class action complaint without conducting any investigation or providing Plaintiffs any opportunity to have their class action complaint processed.  Mr. Grijalva's actions were in violation of LCR 2010-3.1, and LCR 2010-3.2. **See __Attached Exhibit E.__**

4. From early March 2003 to the present, members of the class raised these issues with the management from time to time, but no meaningful effort was made to address the discriminatory policies, practices and procedures.

5. Throughout this period, Management systematically retaliated against members of the class who brought claims or otherwise sought to address the problems of discrimination within the Agency. This system of retaliation is more fully described in the "CLAIMS" portion of this Complaint.

6. From at least March 2003, Defendant has been on notice that the personnel policies, practices, and procedures described herein were discriminatory and yet it failed to take action from at least March 2003, forward, minority employees of the Agency have complained about similar personnel policies,

4

practices and procedures resulting in discrimination against minority employees as well as in discipline, harassment and retaliation. Despite knowledge of the above facts, officials did not act to eliminate the discriminatory policies, practices, and procedures at the Library of Congress described herein.

## PARTIES

7. The Foundation is a private corporation that seeks to eliminate working conditions adverse to African-American and all minority employees based on race, national origin, or color, systemic retaliation and reprisal against African-American Employees, and other minority employees.

8. David M. Hubbard, Sr., Runako Balondemu, Carolyn Torsell and Howard R.L. Cook are all officers of the Foundation, and are acting on the its behalf, as well as all as on the behalf of all similarly situated employees.

9. The named Plaintiffs are all current or former minority employees of the Library of Congress.  The named Plaintiffs, as a group, attempted to obtain official recognition as an employee organization in the under the provisions of LCR 2022-2.  All members of the Foundation are former or current employees of the Library. The Foundation was created because of the leadership of its current President. The foundation was established by the Memorandum Opinion of the U.S. District Court of the District of Columbia on March 30, 1999 and the Court Memorandum Order of May 25, 1999, Case No. 82-0900

## CLASS ACTION ALLEGATIONS

5

10. Plaintiffs have filled this case as a class action pursuant to Fed. R. Civ. P. 23(a),(b) (2), and 23 (b) (3).

11. This action is properly maintainable as a class action under Rule 23 (a) because

    a.  the class includes hundreds of current and former minority employees of the Library of Congress, which makes the class so numerous that a consolidated complaint of the members of the class is impracticable;

    b.  the claims alleged on behalf of the class raise questions of law or fact common to the class;

    c.  the claims of the class representatives are typical of the claims of the class; and;

    d.  the class representatives and class counsel will adequately and fairly protect the interests of the class.

12. This action is properly maintainable as a class action under Rules 23(b) (2) and 23 (b) (3) because:

    a.  the Defendant has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

    b.  there are questions of the law or fact common to members of the class that predominate over any questions affecting individuals; and

    c.  a class action is superior to other methods for the fair and efficient adjudication of the controversy.

13. Plaintiffs request that the class be defined as the named Plaintiffs and all

current or former minority employees of the Library who worked for the
Library from March 2003 to the present.

## CLAIMS:
## The (LOC) Has Created, Allowed and/or Maintained the Following Discriminatory Practices and Policies Which Directly and/or Indirectly impact the class in a discriminatory Manner In Violation of Title VII.

### (A)     Denial of Right to Association Under the Provisions of regulation (LCR) 2022-2.

14. The LOC has denied African-American employees the right to be associated

at the LOC, in an employee organization established by the U.S. District

Court for the District of Columbia by memorandum opinion dated March 30,

1999 and memorandum order issued March 25, 1999. The Library of

Congress, through its denial of recognition of the Foundation denies African-

Americans lines of progression wherein opportunities for training, awards,

scholarships, and access to leadership are limited to African Americans and

other minorities.

15. If the Foundation were to be recognized, employees would not have to travel

and lose leave or other time or money to meet with Foundation

Representatives or attorneys.

## SEGREGATED WORK FORCE

16.     The LOC Administration maintains a segregated work force in the fashion

in which it applies its regulations.  The Library's management unequally applies its

regulations such as LCR 2022-2 to deny the Foundation official recognition which

would enable the Foundation a normal functioning within the Library of Congress.

The LOC Administration has not hesitated to retaliate and take reprise against the

7

Foundation and its members because among its main goals is to aid and support African American employees at the Library. The LOC management has taken its extreme position to the point of operating outside the purview and scope of LCR 2022-2. **See Attached Exhibit F.**

## RETALIATION AND HOSTILE WORK ENVIRONMENT

17. The Library retaliates against the Foundation, its officers, and members, and all minority employees, for filing charges of race, national origin, and color discrimination against Library officials and has created and maintained a hostile work environment for minority employees, the Foundation and its officers and members.

## DISPROPORTIONATE WORK FORCE

18. The Library specifically has denied the Foundation official recognition in order to diminish the Foundations effectiveness in career and professional development for African-American and other minority employees.

## NON-RESPONSIVENESS OF GOVERNMENT OFFICES

19. The Equal Employment Opportunity Office (EEO) is not responsive to unbiased processing of EEO complaints according to LCR 2010-3.1 and LCR 2010-3.2.  Mr. Ricardo Grijalva did not comply with either regulation by refusing to process the Foundation's complaints of discrimination.  Not one provision of either LCR 2010-3.1 or 2010-3.2 was complied with by Mr. Grijalva in his cancellation of the two (2) class

8

actions brought by the Foundation.  Mr. Grijalva was named as the discriminating official in the class action filed on July 18, 2006 and was requested not to participate in the processing of the class action, but in spite of this he moved forward to violate the provisions of LCR 2010-3.1 and LCR 2010-3.2.d

## DISCRIMINATORY REGULATIONS

20. The LOC created and has maintained a system of regulations that are discriminatory, as applied to minority employees.  The persistent denial of official recognition to the Foundation as an employee organization, in spite of the fact that the Foundation meets all criteria required by LCR 2022-2, is indicative of the fact. The Library, in applying its regulations acts in a discriminatory and selective fashion when African-American employees challenge the System.

## EMOTIONAL DISTRESS

21.  The Library has intentionally discriminated against the Foundation in their personnel policies, procedures and practices set forth above.  As a result, Plaintiffs and the class they seek to represent have been subject to emotional distress, humiliation and embarrassment. Such emotional distress has manifested itself in a variety of ways including, but not limited to, psychological trauma, physical injury, and other symptoms to be proven at trial. The Defendant has deliberately interfered with the rights of employees to associate and form organizations of employees within the Library of Congress.

22. As additional evidence of discrimination and information about potential victims is discovered, this Complaint is subject to amendment.

### The Howard R. L. Cook and Tommy Shaw Foundation For Black Employees of the Library Inc.

9

23. The United States District Court for the District of Columbia rendered an opinion on March 30, 1999 establishing the **Foundation. See  Howard R. L. Cook et al Vs. James H.Billington, 82-0400.**  The United States District Court for the District of Columbia issued a Memorandum Order on May 25, 1999, ordering the **Foundation** to be established.  **See Howard R. L. Cook et al, vs. James H. Billington, 82-0400.**

24. The Foundation was incorporated on September 26, 2001 by the Government of the District of Columbia, Department of Consumer and Regulatory Affairs.  **See Attached Exhibit G.**  The Foundation amended its Articles of Incorporation as certified by the Government of the District of Columbia, Department of Consumer and Regulatory Affairs on January 26, 2005. **(See Attached Exhibit H).**

25. The foundation was recognized by the United States Department of the Treasury, Internal Revenue Service, as a 501 (c)(3) non profit organization on December 30, 2004, retroactive back to September 26, 2001. **(See Attached Exhibit I).**

26. The Combined Federal Campaign for the National Capitol Area (CFC) recognized the Foundation on May 11, 2006, assigning a designation number to receive funds during the Combined Federal Campaign (CFC) as a non profit 501 (c) (3) organization.  **See Attached Exhibit J.**

27. Notice of incorporation was provided to the court on October 9, 2001 after the Certificate of Incorporation and the Articles of Incorporation had been granted by the Government of the District of Columbia, Department of Consumer and Regulatory Affairs on September 26, 2001.  See **Howard R. L. Cook et al, Vs. James H. Billington 82-0400.**

**The Defendant established specific policies, practices, procedures and a pattern of reprisal and retaliation. These practices, policies, and procedures are continuing without a start time or finish time against the Foundation and its leadership.**

28. In a letter dated June 21, 2005, Mr. Jessie James, Jr. noted that he was denying the Foundation's request on different grounds than the grounds used to deny the Foundation recognition by the Director of Human Resources Services. In this letter Mr. James implies that the Foundation is attempting to overthrow the United States Government. This position reflects the extreme measures that Mr. James was willing to use in order to deny the Foundation official recognition as an employee organization within the LOC. **See Attached Exhibit K.**

29. On July 13, 2005, Howard R. L. Cook sent a letter to Dr. James H. Billington requesting a meeting with Dr. James Billington to discuss Foundation recognition. **See Attached Exhibit L.**

30. On August 25, 2005 Dr. Billington responded to Howard Cook's letter not addressing Mr. Cook's request for a meeting, but instead indicated his concurrence with the previous denials for recognition. In doing so, Dr. Billington used as a basis, the fact that one of the Foundation's main goals is to assist individuals filing and maintaining claims, suits and litigation against the Library. **See Attached Exhibit M.**

31. On January 25, 2006, Mr. Stephen Kelley, writing for Ms. Geraldine M. Otremba, director of the Congressional Relations Office, stated that the Foundation would continue to be denied official recognition as long as its fundamental purpose and goal is to aid African-American employees in pursuing claims of discrimination against the Library of Congress. **See Attached Exhibit N.**

11

32. On November 18, 2004, Mr. Jessie James, of the General Counsels Office, sent Howard R. L. Cook a letter showing his contempt for the United States District Court, for the District of Columbia and claimed that the United States District Court for the District of Columbia did not establish the Cook/Shaw Foundation. **See Attached Exhibit O.**

33. On December 22, 2005, Mr. Jessie James sent Howard Cook a threatening letter because the Foundation had mailed library employees fund raising letters by way of the U.S. mail. Mr. James appeared to have been prompted by a Ms. Angela Evans, Deputy Director of the Congressional Research Services. **See Attached Exhibit P.**

34. On June 13, 2003. Mr. Jessie James sent Howard Cook a letter denying the Foundation's appeal from denial of request for recognition. Mr. James openly falsifies in his denial by claiming the Foundation did not meet the requirements set forth in LCR 2022-2. **See Attached Exhibit Q.**

35. Dr. Billington responding to a letter from Senator Barbara Mikulski on September 11, 2006, extended his explanation of reprisal and retaliation against the Foundation. Dr. Billington once again wrote about the goals of the Foundation. However, Dr. Billington failed to mention that the Foundation was established by the United States District Court for the District of Columbia resulting from a class action lawsuit in which the court found that African-Americans had been discriminated against as a class for at least 20 years. The Librarian does offer up in house offices as the soul source for redress for African-Americans, knowing all of these in house entities failed repeatedly, because that is the way that the administration wants it to be. **See**

12

**Attached Exhibit R.**

36. The United States rendered a decision on June 22, 2006 against reprisal and retaliation. The Defendant is in a permanent violation of the holdings in the recent wide ranging Supreme Court decision outlawing reprisal and retaliation. See **Burlington Northern & Santa Fe Railway Co. vs. White.**

37. The evidence documenting retaliation and reprisal does not reflect all acts of reprisal and Retaliation.

## PRAYER FOR RELIEF

The foregoing claims against the Library of Congress establish a pattern and practice of discrimination on the basis of color, race, and national origin in violation of Title VII of the civil Rights Act of 1964, 42 U.S.C. § 2000(c), as amended and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

**WHEREFORE**, Plaintiffs pray that the following relief be granted to them, and to those they represent:

(a)    Enter a declaratory judgment that Defendant's conduct as alleged herein has violated Plaintiff's civil rights of the minority employees of the Library of Congress under 42 U.S.C. § 2000e and 42 U.S.C. §1981a.

(b)    Enter a permanent injunction barring Defendant from continuing to engage in the illegal and discriminatory conduct alleged herein;

(c)    Enter a permanent injunction barring Defendant to take such affirmative steps as necessary to remedy the effects, and prevent future occurrences, of the illegally discriminatory conduct alleged herein.

(d)    Award compensatory damages according to proof for each Plaintiff and

each class member up to the legal limit and back pay and other such damages as would compensate fully each Plaintiff and class member for the emotional distress and other harm alleged herein;

(e)    Award reasonable attorney fees, expert fees, and costs pursuant to 42 U.S.C.S. § 1988 and 42 U.S.C.S § 2000e.

(f)    Plaintiffs further pray that a monetary award of $75,000,000 be granted to the Foundation due to the Defendant's illegal actions preventing the Foundation from having open access to financial assistance from its members; and

(g)    Order other such relief as just and proper.

## Demand For A Jury Trial

Pursuant to fed. R. Civ. P. 38 (b), the plaintiffs demand a trial by jury of all issues so triable as of right.

Respectfully Submitted,

Michael J. Snider, Esq. (No. 24695)
Ari Taragin, Esq. (No. 27409)
Jeffrey C. Taylor, Esq. (No. 15528)
Snider & Associates, LLC
104 Church Lane; Suite 100
Baltimore, Maryland 21208
Phone: (410) 653-9060
Fax: (410) 653-9061
Email: mike@sniderlaw.com
Attorneys for Plaintiff

14