# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC., ET AL., ) ) ) ) | |
| **Plaintiffs** ) ) | |
| v. ) ) | Civil Action No. 06-1734 (TFH) |
| JAMES H. BILLINGTON, Librarian, Library of Congress, ) ) ) ) | |
| **Defendant** ) ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, James H. Billington, Librarian of Congress in his official capacity, respectfully moves, by and through undersigned counsel, for dismissal of this employment discrimination case pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. The Court is referred to the attached Memorandum of Points and Authorities in support of this motion, which concerns the jurisdictional issues of failure to exhaust administrative remedies, Plaintiff's failure to state a claim upon which relief can be granted, and Plaintiffs' lack of standing to bring this suit.

Respectfully submitted,

/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

22

/s/
_____

RUDOLPH CONTRERAS, D.C. BAR # 434122

Assistant United States Attorney

/s/
_____

HEATHER GRAHAM-OLIVER

Assistant United States Attorney

Judiciary Center Building

555 4th Street, NW - Civil Division

Rm. 4-4808

Washington, D.C.  20530

(202) 305-1334

Attorneys for Defendant

11

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC., ET AL., | ) ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) ) |
| JAMES H. BILLINGTON, Librarian, Library of Congress, | ) ) ) |
| Defendant | ) ) |

Civil Action No. 06-1734 (TFH)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Pursuant to the Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), the Defendant, Library of Congress ("Library"), by and through its undersigned counsel, respectfully moves this Court to dismiss the above-captioned complaint.  Plaintiffs (hereinafter "the Foundation" or "Foundation") bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, et. seq. ("Title VII"). Complaint at p. 2.  The Foundation alleges generally that the personnel policies, practices, and procedures of the Library discriminate against minority employees on the bases of race, national origin, and/or color.  Complaint at p.2-3.  However, the only action that the Foundation proffers to support its general allegation of discrimination is the Library's administrative decision to deny recognition of the Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. ("Foundation") as an official employee organization.  Complaint at p.7.

22

Not only does the Foundation lack standing to bring this matter, it has also failed to exhaust its administrative remedies by failing to timely file a complaint with the Library's Equal Employment Opportunity Complaints Office ("EEOCO") in accordance with Library of Congress Regulations ("LCR"). Even assuming the Foundation has standing and has exhausted its administrative remedies, it has failed to state a claim upon which relief can be granted because it cannot establish a *prima facie* case of discrimination or retaliation. Specifically, the Library's administrative decision to refuse official recognition of the foundation is not an adverse employment action.

## FACTUAL BACKGROUND

On March 5, 2003, the Library denied the Foundation's request to become an employee organization, because the Foundation failed to adhere to the Library's regulation concerning employee organizations. See Complaint at p.8, Exhibit F (Library of Congress Regulation ("LCR") 2022-2). In subsequent appeals to the Librarian, denial of the Foundation's request was sustained because of a similar failure to conform to Library policies. See Complaint at p.11-12, Exhibits M.

On August 25, 2005, the Librarian officially notified the organization of his decision not to recognize the Foundation. Complaint, Exhibit M. On June 15, 2006, Plaintiffs filed a class action complaint with the Library's EEOCO regarding the Library's refusal to recognize the Foundation as an employee organization. Complaint, Exhibit A. By letter dated July 5, 2006, the EEOCO cancelled the Foundation's complaint because it failed to timely file the complaint. Complaint, Exhibit B. Plaintiffs filed a second, similar, complaint on July 19, 2006, arguing that the Library's cancellation of its July 15, 2006 complaint and denial of recognition of the Foundation

33

constituted retaliation. Complaint, Exhibit D. EEOCO likewise cancelled this complaint

for Plaintiffs' failure to timely file and failure to state a claim. Complaint, Exhibit E.

This action was filed in the District Court on October 6, 2006.

## ARGUMENT

### I.    Plaintiffs Lack Standing

The Supreme Court has held that the "irreducible constitutional minimum of

standing" requires satisfaction of three elements. Steel Co. v. Citizens for a Better Env't,

523 U.S. 83, 102-04 (1998) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-

61 (1992)). A plaintiff must show that: (1) he has suffered an injury in fact that is

concrete and particularized, (2) that such injury is traceable to the conduct of the

defendant, and (3) that such injury is redressable by the Court. Lujan v. Defenders of

Wildlife, 504 U.S. 555, 560 (1992); Allen v. Wright, 468 U.S. 737, 751 (1984). And "on

a motion to dismiss we 'presume that the general allegations embrace those specific facts

which are necessary to support the claim.'" National Wrestling Coaches Assoc. v. U.S.

Dept. of Education, 263 F.Supp.2d 82, 106 (D.D.C. 2003) (quoting Lujan, 504 U.S. at

561).

The individual plaintiffs in this case lack standing because they have not suffered

a concrete injury. The action at issue concerns the Library's decision to deny an

*organization* recognition. Employment status at the Library, including hiring,

termination, discipline, pay, promotion potential, classification of position, and

determination of an employee's duties or responsibilities, is in no way connected to

membership in employee organizations. Employees may join recognized or

unrecognized organizations of their own volition. The individual plaintiffs cannot have

44

suffered an injury as a result of the Library's administrative decision, because they

remain free to participate in the Foundation regardless of the Library's acceptance or

denial of the Foundation's request.

In certain instances, an organization that asserts a claim on behalf of its members

may be granted associational standing. The D.C. Circuit utilizes the associational

standing rule established by the U.S. Supreme Court, in Hunt v. Washington State Apple

Advertising Comm'n, 432 U.S. 333, 343 (1977), which held that:

> [a]n association only has standing to bring suit on behalf of its members when its
> members would otherwise have standing to sue in their own right, the interests it
> seeks to protect are germane to the organization's purpose, and neither the claim
> asserted nor the relief requested requires the participation of individual members
> in the lawsuit.

Fund Democracy, LLC v. Securities and Exchange Commission, 278 F.3d 21, 25

(D.C.Cir. 2002) (citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,

528 U.S. 167, 181 (2000)). As previously noted, the Foundation fails to satisfy the first

prong because the members do not have standing to bring the suit in their individual

capacities.

In addition, Title VII provides a limited waiver of sovereign immunity that allows

discrimination actions to be brought only by an "employee or an applicant for

employment." 42 U.S.C. §2000e-16(c). As a corporate entity, the Foundation is neither

an employee nor an applicant for employment. More importantly, this requirement runs

contrary to the third-prong of the Hunt rule, because the "participation of individual

members" would be necessary to make the type of individualized claim envisioned under

Title VII. Cf., Lulac Councils 4433 & 4436 v. City of Galveston, 942 F.Supp.342 (S.D.

Tex. 1996) (rejecting an associational standing argument and noting that "when Congress

4

55

has created a remedy for individuals and provided for the awarding of attorneys fees to litigants as it has under Title VII, this type of representational litigation is neither necessary nor appropriate"). The Foundation also has a fundamental standing issue because nowhere in the complaint does it establish the Foundation suffered any injury as a result of the Library's decision.

Additionally, Plaintiffs' arguments lack continuity in defining the members of the group. According to the Complaint, "Plaintiffs request that the class be defined as the named Plaintiffs and all current or former minority employees of the Library who worked for the Library from March 2003 to the present." Complaint at p.6-7. Even if the Court found the alleged class fulfilled the requirements of Federal Rule of Civil Procedure 23, it does not logically follow that an organization could have standing on behalf of a class that consists of a significant number of people who are not members of that organization.

## II.    The Court Lacks Subject Matter Jurisdiction

Even if the Court finds that Plaintiffs have standing, this claim should be dismissed because Plaintiffs failed to exhaust their administrative remedies.

### a.    Standard of Review for 12(b)(1)

A motion to dismiss under Rule 12(b)(1) should be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making such a determination, the Court may consider materials outside of the pleadings without converting a motion to dismiss to one for summary judgment. See Bennett v. U.S., 462 F.Supp.2d 35, 37 (D.D.C. 2006) ("It is well established that, in deciding a motion to dismiss for lack of subject matter jurisdiction, a court is not limited to the allegations set

66

forth in the complaint 'but may also consider material outside of the pleadings in its

effort to determine whether the court has jurisdiction in the case.') (citing Alliance for

Democracy v. Fed. Election Comm'n, 362 F.Supp.2d 138, 142 (D.D.C.2005)); Vanover v.

Hantman, 77 F.Supp.2d 91, 98 (D.D.C.1999) ("where a document is referred to in the

complaint and is central to plaintiff's claim, such a document attached to the motion

papers may be considered without converting the motion to one for summary judgment").

Despite the fact that the court assumes the truth of the allegations made and construes

them in favor of the Plaintiff, the plaintiff bears the burden of establishing the court's

jurisdiction.  Pitney Bowes, Inc. v. U.S. Postal Service, 27 F.Supp.2d 15, 18 (D.D.C.

1998); see also Vanover, 77 F.Supp.2d at 98.

### b.  Plaintiffs Failed to Exhaust Their Administrative Remedies

"Dismissal results when a plaintiff fails to exhaust administrative remedies."

Thrash v. Library of Congress, 2006 WL 463251 (D.C. Cir. 2006) (citing Gillet v. King,

931 F.Supp 9, 12-13 (D.D.C. 1996) (dismissing plaintiff's Title VII claim for failure to

exhaust administrative remedies)).  Appellant having failed to timely file complaints at

the administrative level may not now resurrect it before the District Court.

By statute, the Librarian of Congress is authorized to issue rules and regulations

concerning employment matters.  See 42 U.S.C. §2000e-16(b).  In accordance with that

statute, the Librarian has promulgated two regulations establishing the timeframes in

which employees must file complaints of discrimination, LCR 2010-3.1 and LCR 2010-

3.2.  Section 4A of LCR 2010-3.1 requires a Library staff member, who believes that he

or she has been discriminated against, to contact the EEOCO "not later than 20 workdays

after the date of the alleged discriminatory matter."  LCR 2010-3.1 §4.A.  Alternatively,

77

LCR 2010-3.2 provides that classes of employees, who believe they have been discriminated against, must select a representative Library employee who must file a formal allegation of discrimination with the EEOCO "within 60 workdays of the date of the matter giving rise to the allegation of individual discrimination, or 60 workdays of its effective date." LCR 2010-3.2 §4.A.

Compliance with this procedure and time lines set forth for administrative review are mandatory. "Complainants *must* timely exhaust these administrative remedies before bringing their claims to court." Bowden, 106 F.3d 433, 437; Battle v. Rubin, 121 F. Supp. 2d 4, 7 (D.D.C. 2000) ("a party must timely file all applicable administrative complaints and appeals in order to bring a claim in federal court"); Williams v. Munoz, 106 F. Supp. 2d 40, 42 (D.D.C. 2000) ("timely administrative charge is a prerequisite to initiation of a Title VII action"). As the U.S. Supreme Court stated in National Railroad Passenger Corp.v. Morgan, 536 U.S. 101 (2002), "'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.'" 536 U.S. at 108 (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)).

The reason for this result is clear. The exhaustion requirement "serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision." Park v. Howard University, 71 F.3d 904, 907 (D.C. Cir. 1995) (citation omitted). Moreover, it "gives federal agencies an opportunity to handle matters internally wherever possible" and "ensure(s) that the federal courts are burdened only when reasonably necessary." Brown v. Marsh, 777 F. 2d. 8, 14 (D. C. Cir 1985).

88

Under the statutory framework a plaintiff must exhaust his or her administrative remedies and the agency must be given the initial opportunity to resolve the issue internally.  Lamont v. Forman Bros.,Inc., 410 F. Supp. 912, 917 (D.D.C. 1976).  The agency is unable to carry out its responsibilities under Title VII if it is not timely and fully informed of the basis of the complaint.  Furthermore, as the court observed in Milton v. Weinberger, 645 F.2d 1070, 1077 (D.C. Cir. 1981), the reasons for limiting claims to present violations is to "protect employers from the burden of defending claims arising from employment decision that are long past.  Delaware State College v. Rick, [449] U.S. [261] (1980)." Accordingly, the failure of plaintiff to avail themselvesf of these procedures results in dismissal of the claims.   Brown v. General Services Administration, 425 U.S. 820, 832.  Summary judgment or dismissal is appropriate in cases where the plaintiff has failed to exhaust administrative remedies, Jensen v. Frank, 912 F.2d 517 (1st Cir. 1990); Saltz v. Lehman, 672 F.2d 207 (D.C. Cir. 1982); EEOC v. Boorstin, 751 F.2d 1405 (D.C. Cir. 1985); DeMedina v. Reinhardt, 444 F. Supp. 573 (D.D.C. 1978).

The exhaustion requirement is not a mere technicality.  The Court of Appeals has admonished that a district court should not "allow liberal interpretation of an administrative charge to permit a litigant to bypass the title VII administrative process." Park, supra., at 907.

Effective August 25, 2005, the Librarian issued his final determination, denying the Foundation's request to be an employee organization of the Library.  See Complaint at p.11, Exhibit M.  However, Plaintiffs failed to file a complaint with the Library's EEOCO until June 15, 2006, almost a year after the deadlines established by the

99

Library's regulations.  See Complaint at p.3, Exhibit A.  On July 5, 2006, the EEOCO

cancelled Plaintiffs' claims due to Plaintiffs' failure to timely file.  See Complaint at p.4,

Exhibit B (documenting the Library's official denial of Plaintiffs' request and subsequent

cancellation of the claims for failure to follow Library regulations).

There are no exceptional circumstances present in this case that would allow for

equitable tolling.  Equitable tolling of the administrative filing requirements is available

only in "extraordinary and carefully circumscribed instances."  Smith-Haynie v. District

of Columbia, 155 F. 3d 575, 579-80 (D.C. Cir. 1998).  The Supreme Court has noted

such instances include cases where the complainant has: "fil[ed] a defective pleading

during the statutory period, or. . . been induced or tricked by his adversary's

misconduct."  Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).  As

stated in Plaintiffs' Complaint, a steady dialogue occurred between the parties beginning

in early March 2003.  Complaint at p.4.  Also, the individual members of the

organization have knowledge of the procedural requirements of the administrative EEO

process, because they have been involved in myriad other EEO Complaints and suits

against the Library.  See, e.g., Ethnic Employees of the Library of Congress v. Boorstin,

751 F.2d 1405 (D.C.Cir. 1985); Cook v. United States, 652 F.2d 70 (Ct.Cl. 1981), cert.

denied, 454 U.S.894 (1981); Cook v. Boorstin, Civ. No. 78-2312 (D.D.C. 1980).  Even

though Plaintiffs were fully aware of the Library's rules and the avenues available for

administrative appeal and were granted every opportunity to conform to the regulations,

Plaintiffs still failed to bring their complaint to EEOCO within the required time period.

Accordingly, the Plaintiffs' claim should be dismissed pursuant to Rule 12(b)(1).

**III.     Plaintiffs' Failure to State a Claim**

1010

Even assuming that Plaintiffs have standing to bring this suit and have not failed to exhaust their administrative remedies, this matter should be dismissed under Rule 12(b)(6) for a failure to state a claim upon which relief can be granted.

### a.  Legal Standard for Granting 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  Dismissal is appropriate where the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Browning v. Clinton, 292 F.3d 235, 241 (D.C. Cir. 2002) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  The Court is to treat the plaintiff's factual allegations as true, see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993), and must grant Plaintiff "the benefit of all inferences that can be derived from the facts alleged."  Schuler v. U.S., 617 F.2d 605, 608 (D.C. Cir. 1979).  However, "the Court need not accept inferences drawn by the plaintiff if those inferences are unsupported by the facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions."  Akintomide v. U.S., 99-MS-0055 (PLF), 2000 WL 1693739, at *1 (D.D.C. Oct. 31, 2000) (citing National Treasury Employees Union v. U.S., 101 F.3d 1423, 1430 (D.C.Cir. 1996) and Kowal v. MCI Communication Corp., 16 F.3d 1271, 1276 (D.C.Cir. 1994)).  In determining whether a plaintiff fails to state a claim, the Court may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint, and matters of which it may take judicial notice.  See E.E.O.C. v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C.Cir. 1997).

### b.  Plaintiffs' Cannot Establish a *Prima* Facie Case of Discrimination or Retaliation

1111

     In order to prevail in a case pursuant to Title VII, a plaintiff must initially

establish at least a *prima facie* case of prohibited discrimination.  McDonnell Douglas

Corp. v. Green, 411 U.S. 792 (1973); Aka v. Washington Hospital Center, 156 F.3d

1284, 1288 (D.C.Cir. 1998) (en banc) ("under the McDonnell Douglas Framework, the

complainant must first establish a *prima facie* case").  As a general matter, to establish a

*prima facie* case of discrimination, a plaintiff must demonstrate by a preponderance of

the evidence that:  (1) he is a member of a protected group,[1] (2) he has been the subject of

an adverse personnel action; and (3) the unfavorable action gives rise to an inference of

discrimination.  Brown v. Brody, 199 F.3d 446, 452 (D.C. Cir. 1999).  The Plaintiffs

must establish the occurrence of an adverse employment action.  In the instant matter,

Plaintiffs cannot establish a *prima facie* case of discrimination because there has been no

adverse employment action.

     Title VII itself does not define what constitutes "personnel actions" by federal

employers; however, courts have determined that an adverse employment action is one

that effects "a significant change in employment status, such as hiring, firing, failing to

promote, reassignment with significantly different responsibilities, or a decision causing

significant change in benefits."  Taylor v. Small, 350 F.3d 1286, 1293 (D.C.Cir. 2003)

(quoting Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998).  To establish an adverse

employment action in the absence of a diminution in pay or benefits, as in this case, the

plaintiff must show there was an action with "materially adverse consequences affecting

the[1] terms, conditions, or privileges of employment."  Brown v. Brody, 199 F.3d 446,

457 (D.C.Cir. 1999); see also Russell v. Principi, 257 F.3d 815, 818 (D.C.Cir. 2001)

---

[1]  See also supra p. 4 ( The foundation is not an appropriate plaintiff under Title VII, because it is neither an
employee nor an applicant.)

1212

(stating that the decision must inflict "objectively tangible harm").  Purely subjective

injuries, such as dissatisfaction with a reassignment or public humiliation or loss of

reputation, do not constitute adverse actions.  Fokio v. Powell, 306 F.3d 1127, 1130

(D.C.Cir. 2002); see also Ware v. Billington, 344 F.Supp.2d 63, 71 (D.D.C.2004)(noting

that not "all personnel decisions with negative consequences for the employee" qualify as

legally cognizable adverse actions); Burton v. Batista, 339 F.Supp.2d 97, 110

(D.D.C.2004) (quoting Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir.1996) ("Not

everything that makes an employee unhappy is a judicially actionable adverse action.").

Regardless of whether one considers the *kind* of employment action involved or

its *effect* on the employee, the Plaintiffs cannot show that the Library has engaged in any

employment action in this case.  See Brody at 455.  The recognition or denial of an

employee organization has no connection to a member's official duties or responsibilities

as a Library employee.  See LCR 2022-2, Complaint Exhibit F.  Decisions regarding

organizational status are not directed at specific members.  The recognition or denial of

an employee organization under the regulation is based on certain objective criteria to

maximize the availability of Library resources to the greatest number of employees and

provide the greatest number of benefits for all.  LCR 2022-2, Complaint Exhibit F.

Membership in such organizations is neither supported nor discouraged by the Library.

And whether an employee belongs to any such organization or not has no effect on an

employee's duties, responsibilities, employment status, pay, promotion potential, hiring,

termination, discipline, or classification of position.  In so far as there is no connection

between job status and an agency decision concerning recognized organizations, there

can be no injury suffered by a Library employee as a result of such decisions.  See Brody

1313

at 455 ("There must be some kind of injury for a federal employee to state a claim."). Based on the foregoing, the Library's decision not to recognize an organization, is not an adverse employment action.

Notably, this Circuit has recognized that establishing the adverse employment action requirement "guards against both judicial micromanagement of business practices, and frivolous suits over insignificant slights." Russell v. Principi, 257 F.3d 815, 818 (D.C.Cir. 2001).

In addition, the Plaintiffs have failed to show even an inference of discrimination. Plaintiffs allege that the Library has "denied African-American employees the right to be associated." Complaint at p.7. This is in contradiction to Plaintiffs' admission that its' "membership is open to persons who contribute funds to the Foundation." Complaint at p.10, Exhibit I (amending the Articles of Incorporation to provide for equal and open membership). Since the Foundation has also recently become a member of the Combined Federal Campaign, potential membership could rise exponentially. Complaint at p.10, Exhibit J. Without a restriction on the race, color, or national origin of the members, there is no way to determine that the Library has discriminated against the Plaintiffs on any of these bases.

A prima facie case alleging retaliation or reprisal under Title VII is established when the plaintiff demonstrates that (1) he or she engaged in protected behavior;[2] (2) the [2]employer took an action against plaintiff with material consequences such that it would dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) there is a causal link between the action and the protected activity. Rochon v.

---

[2]  See Supra footnote 1.

1414

Gonzales, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006).  See also Burlington N. & Santa Fe.
R.R. Co. v. White, 126 S. Ct. 2405, 2409 (2006).  That is, a plaintiff must demonstrate
"materially adverse consequences. . . .such that a reasonable trier of fact could conclude
that the plaintiff has suffered objectively tangible harm" which would have dissuaded a
reasonable employee from making or supporting a charge of discrimination.  Rochon,
438 F.3d at 1219 (citing Brown, 199 F.3d at 457).

"The anti-retaliation provision protects an individual not from all retaliation, but
from retaliation that produces an injury or harm.  Burlington Northern, 126 S. Ct. at
2415.  The Court speaks in terms of material adversity "because [it] believe[s] [that] it is
important to separate significant from trivial harms.  Title VII, . . . does not set forth a
general civility code for the American workplace.  Id.  "The anti-retaliation provision
seeks to prevent employer interference with unfettered access to Title VII's remedial
mechanisms.  It does so by prohibiting employer actions that are likely to deter victims of
discrimination from complaining to the EEOC, the courts, and their employers.  And
normally petty slights, minor annoyances, and simple lack of good manners will not
create such deterrence.  Id.  However, even if a plaintiff is able to establish a prima facie
case of retaliation, then the Court should apply the familiar McDonnell Douglas analysis
applicable to discrimination claims.

In the instant case, the Library did not subject the Plaintiffs to materially adverse
consequences.  The first administrative complaint was not accepted by the Library
because it was not timely. The amended administrative complaint was not accepted by
the Library because it was not timely and because it failed to state a claim for retaliation.
There is no competent evidence here of retaliation on the part of the Library for failing to

1515

accept the first administrative complaint due to its being untimely.  The rules are clear, a complainant must exercise due diligence and file within a particular time frame for consideration of the administrative claim.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Foundation's Complaint be dismissed in its entirety and with prejudice.

Respectfully submitted,

 /s/

JEFFREY A. TAYLOR, D.C. BAR # 498610

United States Attorney

 /s/

RUDOLPH CONTRERAS, D.C. BAR # 434122

Assistant United States Attorney

1616

/s/

HEATHER GRAHAM-OLIVER

Assistant United States Attorney

Judiciary Center Building

555 4th Street, NW - Civil Division

Rm. 4-4808

Washington, D.C.  20530

(202) 305-1334


Attorneys for Defendant

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 1 of 18

2010-3.1

*Important Notice:* **To ensure that you are viewing the most recent version of a Library regulation or other material on the OGC Web site, Internet Explorer users should click the "Refresh" button. Netscape, Firefox, and Safari users should click the "Reload" button.**

*LIBRARY OF CONGRESS REGULATIONS*

## LCR 2010-3.1

**SUBJECT: Resolution of Problems, Complaints, and Charges of Discrimination in Library Employment and Staff Relations Under the Equal Employment Opportunity Program**

| SERIES: 2010<br>Employment and Assignments | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
|---|---|---|
| ISSUE DATE:<br>September 28, 1984 | REVIEW DATE:<br>September 28, 1986 | SUPERSEDES:<br>April 20, 1983, issuance of page 1 of LCR 2010-3.1 |

**Contents:**

Section 1. Purpose

Section 2. Policy

Section 3. Assignment of Responsibilities

Section 4. Precomplaint Procedures

Section 5. Filing and Presentation of Complaints

Section 6. Acceptance of Complaints

Section 7. Termination of Complaints

Section 8. Investigation of Complaints

Section 9. Adjustment of Complaints and Offer of Final Agency Decision and/or Hearing

Section 10. Hearing

Section 11. Final Agency Action

Section 12. Third Party Allegations

Section 13. Remedial Actions

Section 14. Administrative Provisions

## Section 1. Purpose

This Regulation states the Library's policies and procedures for the resolution of problems, complaints, or charges relating to discrimination, as defined in Section 2.A. of LCR 2010-2, Policy of Non-Discrimination in Library Employment and Staff Relationships under the Equal Employment Opportunity Program, received from individuals or groups in the Library or from applicants for employment.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 2 of 18

# Section 2. Policy

A. It is the policy of the Library to provide an impartial and expeditious counseling and investigatory activity as part of the Equal Employment Opportunity Program, which shall assure access by all staff and attempt prompt solution to problems, complaints, or charges of discrimination based on grounds of race, color, religion, sex, national origin, age, physical or mental handicap, or sexual harassment. All staff members shall cooperate in providing information and consultation, and supervisors shall allow an adequate amount of official time for solutions to equal opportunity problems. Conciliation and resolution of complaints shall be sought by all parties concerned at all stages of the process provided for in this Regulation.

B. Should discrimination be found and/or charges of discrimination sustained under this Regulation, disciplinary action against those responsible shall be taken when it is appropriate.

C. Where it has been determined that remedial action is appropriate, it shall be provided within the law and Library Regulations.

# Section 3. Assignment of Responsibilities

A. Equal Employment Opportunity Complaints Office (EEOCO)

The EEOCO shall be responsible for developing and executing the program and procedures for the resolution of complaints and charges of discrimination, including the hearing procedures. It shall operate under the general guidance of the associate Librarian for Management, who provides direction to the Chief, EEOCO, who in turn, directs the EEOCO staff. Any conflicts which staff members may have between their duties as Equal Opportunity Officers and Counselors and their official positions shall be resolved by the Chief.

B. The Chief, Equal Employment Opportunity Complaints Office (EEOCO)

The Chief, EEOCO (hereinafter "Chief"), provides leadership for the EEOCO and shall review findings and recommendations of the EEOCO and attempt resolution of complaints. With respect to all third party problems, complaints or charges, and those of outside applicants, his/her decision shall be a final agency decision. Where the Chief does find discrimination, he/she is hereby authorized to take any appropriate remedial action he/she deems necessary. In any case where the EEOCO or members thereof are charged in a complaint(s) filet with the EEOCO, The Associate Librarian of Congress shall be substituted for the Chief in all references in this Regulation.

C. Assistant Chief, Equal Employment Opportunity Complaints Office

Through close association with the Chief, Library staff members, and Library organizations, the Assistant Chief, EEOCO (hereinafter "Assistant Chief"), shall direct the EEOCO Program. He/she shall have the authority to direct that personnel actions involved in an allegation of discrimination be suspended for a period not to exceed 10 workdays from the date of the request. If an extension beyond this time is desired, such extension shall be approved by the Director of Personnel. The Assistant Chief

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 3 of 18

shall furnish data and statistics, initiate studies, develop and implement uniform procedures, participate in recommendations in discrimination cases, counsel the EEOCO staff and other Library officers, and assist the hearing examiners as needed.

D. <u>Equal Opportunity Officers</u>

Equal Opportunity Officers (hereinafter "Officers") shall be available for consultation by Counselors. The Officers shall review, process and attempt resolution of problems or complaints referred by the Assistant Chief, and they shall make findings and recommendations thereon. In addition, they shall handle precomplaints and complaints by third parties and groups. The Officers shall act for the Assistant Chief as assigned. They may also assist the Assistant Chief or the Chief in special studies and planning relating to the Program.

E. <u>Equal Opportunity Counselors</u>

The Equal Opportunity Counselors (hereinafter "Counselors") shall be available to any staff member or qualified applicant who wishes to state the belief, and reasons therefore, that he/she is being or has been discriminated against. The Counselors shall inquire into such allegations, assist a complainant and management, and seek resolution of such matters on as informal and confidential a basis as possible. Counselors shall prepare all necessary records and they shall report promptly, in writing, to the Assistant Chief as required by this Regulation.

F. <u>Equal Opportunity Investigators</u>

Equal Opportunity Investigators (hereinafter "Investigators") are responsible for investigating assigned complaints pursuant to the procedures set out in Section 8.B., below.

G. <u>Supervisors</u>

It is the responsibility of department heads, division chiefs, and immediate supervisors to make the contents of this Regulation available to their staff members. In addition, supervisors shall be responsible for notifying the EEOCO immediately of any allegations of discrimination brought to their attention from within their jurisdiction. They also shall be responsible for cooperating with the EEOCO in its investigation, and they shall take or recommend remedial measures where possible in order to resolve specific cases.

H. <u>The Librarian</u>

The Librarian or his/her designee (hereinafter "The Librarian") will make the final agency decision on all complaints appealed from a decision by the Chief, with or without a hearing. (See Sections 9 and 11, below.) All authority not herein delegated under this Regulation is reserved to The Librarian.

## Section 4. Precomplaint Procedures

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 4 of 18

This Section shall apply to individual problems or charges of discrimination only. General allegations of discrimination filed by organizations or third parties shall be considered third party allegations and provisions for processing the same are provided for in Section 12, below. The precomplaint procedures are as follows:

A. A staff member, or qualified applicant, who believes that he/she has been, or is being, discriminated against, and who wishes to resolve the matter, shall notify and consult with a Counselor not later than 20 workdays after the date of the alleged discriminatory matter. The counseling process shall be informal and at the request of the complainant confidential. The name of the complainant may be used only with his/her permission. The allegation need not be in writing.

B. The time limitation for notifying the Counselor may be extended upon written request to, and approval of, the Assistant Chief. In such a request, the complainant shall cite justification for the delay. The Assistant Chief's reply shall be in writing. The Assistant Chief shall extend the time limits upon his/her prior determination that the complainant was prevented by circumstances beyond his/her control from submitting the matter within the required time limits.

C. After recording the initial counseling date, the Counselor shall make whatever inquiry into the matter he/she considers necessary, with the aim of assisting the complainant and management in defining and understanding the problem or charge. He/she also shall seek to resolve the problem on an informal basis to the satisfaction of all parties. The Counselor shall keep a record of his/her counseling activities. Where the Counselor concludes that a matter does not involve discrimination, as defined by Section 2. A. of LCR 2010-2, he/she shall advise the complainant of such conclusion within the time period and pursuant to the procedures set out in Section 4.D., below. Should the Counselor recognize, however, that there is in the problem a matter requiring other management attention, he/she shall refer the complainant to the appropriate Library officer.

D. Insofar as is practicable, the Counselor shall conduct a final interview with the complainant not later than 15 workdays after the initial counseling date. If, at that time, the Counselor has not resolved the matter to the satisfaction of the parties, he/she shall notify the complainant, in writing, of his/her right to file a complaint at any time after receipt of the said notice up to 10 workdays therafter, and the appropriate official with whom to file the complaint. A copy of the notice shall be sent to the Assistant Chief. The Counselor shall not restrain a complainant from filing a complaint nor shall the Counselor restrain a staff member charged from independently seeking counsel or otherwise exercising his/her right to defend himself/herself against charges of discrimination. In carrying out his/her responsibilities under this Section, the Counselor shall have the full cooperation of all staff members, and he/she shall be free from restraint, interference, coercion, or reprisal in connection with the performance of these duties.

E. When advised by the Assistant Chief that a complaint of discrimination has been filed, the Counselor shall submit a written report to the Assistant Chief, with a copy of the same to the complainant, summarizing the counseling advice he/she gave the complainant and management officials. If the Counselor had been able to propose a solution which he/she considered to be equitable, and where the complainant or management refused to accept that solution, offering no reason(s) which the Counselor considered justifiable, the Counselor shall make a record of this in his/her report. Where such refusal was by the complainant, the record may serve as the basis for acceptance or rejection of a complaint by

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK   Document 5-2   Filed 05/02/2007   Page 5 of 18

the Assistant Chief (see Section 6.F., below). Where such refusal was by management, the reason(s) for the refusal shall be stated in writing; the Assistant Chief may then take the matter and the pertinent files directly to the Chief for a decision on implementing appropriate corrective action immediately.

## Section 5. Filing and Presentation of Complaints

A. In pursuing all processes under this Regulation, a complainant and any staff member(s) charged, as well as their representatives, shall be free from restraint, interference, coercion, or reprisal. The complainant and any staff member(s) charged shall each have the right to be accompanied, represented, and advised by a representative of their own choosing. Subject to the provisions of Section 5.B., below, a staff member may serve as the representative for a dissatisfied staff member or staff member(s) charged; however, he/she may so represent a non-staff member complainant only while on his/her own time.

B. Dissatisfied staff members or staff members charged shall be permitted to have as their representative a particular staff member of the Library, provided that said staff member consents and that such representation would not result in a conflict of interest. Dissatisfied staff members, staff members charged, and their representatives shall be permitted to have a reasonable amount of official time for consultation and/or preparation and presentation or defense of a complaint.

C. Should issues develop over these rights, they shall be resolved by the Assistant Chief. In resolving conflicts, the Assistant Chief may seek information and/or advice from appropriate Library officers or staff members.

D. The complainant shall submit his/her complaint in writing on Form 16-5a, <u>Complaint of Discrimination</u>. A complaint may be submitted by a complainant's representative, and in such instances, a written designation of representation, signet by the complainant, shall be attached to the complaint when filed. In all cases, whether filed by the complainant or by his/her representative, the complaint shall be signed by the complainant.

E. Complaints shall be addressed to the Assistant Chief and submitted to the EEOCO in person or by U.S. mail. Complaints shall be deemed filed on the date they are delivered to and received by the Assistant Chief, or if sent by U.S. mail, on the postmark date.

F. The Assistant Chief shall extend the time limits (see Section 4.B., above) for filing a complaint upon his/her prior determination that the complainant was prevented by circumstances beyond his/her control from submitting the complaint on time.

G. The Assistant Chief shall acknowledge acceptance of a complaint, using Form 16-3b, <u>Notice of Receipt and Acceptance of Discrimination Complaint</u>. Said acknowledgment shall be sent to the complainant or his/her representative and shall advise the complainant of his/her administrative rights and of his/her right to file a civil action, and it shall further inform him/her of the time limits imposed on the exercise of these rights.

## Section 6. Acceptance of Complaints

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 6 of 18

A.  The Assistant Chief shall accept a complaint for processing under this Regulation only if the requirements of this Section are met.

B.  Complaints which are within the purview of this Regulation and which are filed with the Assistant Chief shall be accepted for processing only if:

    1.  The complaint is in writing, using Form 16-5a, and alleges, in sufficient specificity, discrimination on the basis of race, color, religion, sex, national origin, or age [to be entitled to file an acceptable complaint based on discrimination because of age, one shall be at least 40 years of age but less than 65 years of age at the time the action complained of occurred.]

    2.  The complainant has brought to the attention of a Counselor the matter causing him/her to believe he/she was discriminated against, and he/she did so within 20 workdays after the date of the alleged discriminatory matter, or such extension of said time period as was granted under the provisions of Section 4.B., above; and

    3.  The complainant or his/her representative has submitted the written complaint to the Assistant Chief within 10 workdays of the date of receipt of a final notice from a Counselor (see Section 4. D., above).

C.  Complaints filed with the Assistant Chief shall be within the purview of this Regulation. In making that determination, the Assistant Chief shall be guided by the report of the Counselor and the allegation requirements of Section 6.B.(1), above.

D.  If an allegation of discrimination is filed by a group of complainants reflecting an individual complaint which they have in common, and it otherwise satisfies the requirements of this Section, it shall be accepted for processing under this Regulation as a single complaint, with a joint investigation and, if necessary, a joint hearing (see Section 9.E., below). If the allegation filed by the group does not reflect an individual complaint which they have in common, it shall be treated as a third party allegation and processed under Section 12, below.

E.  The Assistant Chief shall not accept a complaint that (1) is not filed on time (see Sections 4.D. and 5.E. above); or (2) contains allegations which to not come within the purview of this Regulation; or (3) contains allegations which set forth substantially identical matter as that which gave rise to a previous complaint, filed by the same complainant, which is pending in the Library or has been decided by the Library.

F.  In addition to the above, the Assistant Chief shall not accept a complaint in which, under Section 4.E. above, the accompanying report of the Counselor leads the Assistant Chief to concur with that Counselor's proposed solution, because he/she finds it to be favorable to the complainant, equitable under the circumstances, and acceptable to management, and that the complainant has refused to accept that solution, offering no reason or no justifiable reason for refusal.

G.  Where he/she has determined that a complaint will not be accepted, the Assistant Chief shall transmit that decision, along with the reason for such, in writing, to the complainant and his/her representative.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 7 of 18

That notice shall inform the complainant of his/her right to appeal that decision to the Chief within five workdays after his/her receipt of such. A copy of this written decision shall be sent to the Chief.

H.  If the complainant wishes to appeal the Assistant Chief's decision not to accept his/her complaint, he/she shall file an appeal, in writing, with the Chief not later than five workdays after receiving the Assistant Chief's decision. The complainant's written appeal shall contain the reasons why his/her complaint should be accepted. The Chief shall make a final agency decision on acceptance of the complaint for processing and shall submit his/her decision, in writing, to the complainant and his/her representative not later than five workdays after receipt of the appeal. A copy of the Chief's written decision shall be sent to the Assistant Chief.

## Section 7. Termination of Complaints

A.  If an adjustment of the complaint is reached, the terms of the adjustment shall be reduced in writing and made part of the complaint file, with a copy of the adjustment provided to the complainant. If the Library does not carry out or if it rescinds any action specified by the terms of the adjustment for any reason not attributable to acts or conduct of the complainant, the Library shall, upon the complainant's written request to the Assistant Chief, reinstate the complaint for further processing from the point processing ceased under the terms of the adjustment.

B.  At any stage of the complaint process, a complainant may withdraw his/her complaint by giving written notice to the Assistant Chief that (l) he/she does not wish to proceed, or (2) he/she wishes to withdraw his/her complaint.

C.  In instances in which the Assistant Chief has determined that a complainant, having had opportunity to do so, has failed to prosecute his/her complaint, the Assistant Chief may cancel a complaint, subject to the complainant's right to appeal such action.

D.  Where he/she has made a decision to cancel a complaint, the Assistant Chief shall transmit that decision, along with the reasons for such, by letter to the complainant and his/her representative. That decision letter shall inform the complainant of his/her right to appeal the decision to the Chief within five workdays after the complainant's receipt of such letter.

E.  Any appeal of the Assistant Chief's decision to cancel a complaint shall be filed by the complainant, in writing, with the Chief not later than five workdays after receipt by the complainant of such decision. In his/her appeal, the complainant shall state his/her reasons why the complaint should not be cancelled. The Chief shall make a final agency decision on retention of the complaint for processing and shall communicate such decision in writing to the complainant and his/her representative not later than five workdays after receipt of the appeal. A copy of the Chief's written decision shall be sent to the Assistant Chief.

F.  Any cancellation action which is sustained by the Chief, or any voluntary withdrawal of a complaint by the complainant, shall preclude future refiling of the same complaint.

## Section 8. Investigations of Complaints

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 8 of 18

A. If a complaint is accepted, pursuant to the provisions of Section 6., above, the Assistant Chief shall give written notice to each individual charged and shall indicate that the individual has the right to representation under this Regulation. The Assistant Chief shall assign the case to an Officer, who shall conduct such initial inquiry or further review as is applicable, hear, if appropriate, any statement from any party, and resolve the matter, if possible. The complaint shall have sufficient specificity to enable the Officer to review the charges properly and effectively. The Officer may require such additional specificity as is necessary to proceed with his/her inquiry. All evidence in the complainant's possession shall be provided to the EEOCO. If the Officer cannot resolve the case within 10 workdays, the Officer shall request the Assistant Chief to assign an Investigator to the case.

B. Upon request of an Officer, the Assistant Chief shall assign the case to an Investigator, who shall investigate and submit a written report and the investigative file to the Officer assigned to the case within 30 workdays. The report shall detail the scope and content of the investigation, and the investigator shall report all information resulting from his/her investigation.

C. The Officer shall review the Investigator's report and the investigative file. He/she shall then make available to the complainant a copy of the report, a list of all witnesses interviewed, and a list of all documents in the file. The written findings of the Officer shall be submitted to the Assistant Chief no later than 10 workdays after the Officer has received the Investigator's report and the investigative file.

D. The Assistant Chief shall examine the written findings and the investigative file, resolve any further questions he/she may have, and prepare a written report containing his/her conclusions and recommendations. This report shall be completed within five workdays of receipt of the Officer's written findings and the investigative file.

E. The Assistant Chief shall submit the report and the complete file to the Chief, who may request from staff any additional information he/she may require.

F. In carrying out their responsibilities under this Section, the Assistant Chief, Officers, Investigators, and Library officials shall have the full cooperation of all staff members, and all shall be free from restraint, interference, coercion, and/or reprisal in connection with the performance of these duties.

## Section 9. Adjustments of Complaints and Offer of Final Agency Decision and/or Hearing

A. Upon receipt, review and consideration of the investigative file and final recommendations of the EEOCO on a complaint, the Assistant Chief, or in his/her extended absence, his/her designee, shall:

   1. Remand the file for further consideration or action, giving his/her reason(s) for such decision; or

   2. Upon determining that there is no need to remand the file, attempt to resolve the matter; or

   3. Upon determining that resolution is not possible, adopt, modify, or reject the findings and recommendations of the EEOCO, giving his/her reasons for such decision.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 9 of 18

B. The Chief shall notify in writing all parties of his/her decision not later than five workdays after his/her receipt (initial or following return on remand) of the investigative file and recommendations and findings of the EEOCO. If his/her decision is unfavorable to the staff member complainant personally or personally adverse to a staff member charged, the Chief shall advise said staff member of his/her right to reconsideration or appeal, as set out in Section 9.C., D., and E., below. With respect to third party complaints or those of outside applicants, the Chief's decision shall be a final agency decision, subject to any request for reconsideration as set out in Section 9.C.(1), below.

C.

1. If a decision of the Chief is unfavorable to the complainant personally or personally adverse to a staff member charged, the complainant or staff member shall have the right to request reconsideration by the Chief within five workdays. Such a request, if made, shall be in writing and shall contain the reasons for the request. The Chief shall reconsider his/her decision upon receipt of any request so made, and he/she shall reply in writing to the request not later than five workdays after its receipt.

2. If the decision is unchanged, the Chief shall notify the complainant or the staff member charged in writing of (a) his/her right to a hearing by a hearing examiner with the final agency decision to be made by The Librarian, or (b) his/her right to a final agency decision by The Librarian without a hearing.

D. A request for a hearing shall be submitted in writing and shall be filed with the Assistant Chief within five workdays after receipt of the Chief's initial or reconsidered decision. A request for a final agency decision by The Librarian without a hearing shall be filed in writing with The Librarian within five workdays after receipt of the Chief's initial or reconsidered decision.

E. A group of staff members having a common complaint, as identified in Section 6.D., above, shall have the right to appeal the decision of the Chief to a hearing examiner for a joint hearing or to The Librarian for a final agency decision without a hearing.

## Section 10. Hearing

A. The Assistant Chief shall receive all requests for hearings made pursuant to decisions of the Director on the merits of the complaint. The Assistant Chief shall be responsible for all preparations in support of the hearing.

B. Upon receipt of a request for a hearing, properly and timely filed, the Assistant Chief shall request another Federal agency to provide the Library with a qualified hearing examiner.

C. In addition to the above, the Assistant Chief shall:

1. Notify the Chief that a request has been filed for a hearing;

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 10 of 18

2. Deliver the investigative file to the hearing examiner;

3. Make available to the parties or their representatives copies of the investigative file; and

4. Make all other arrangements which may be necessary and which are required by the provisions of the Appendix to this Regulation.

D. The hearing itself is an adjunct to the investigative process, an administrative proceeding designed to provide a review of the evidence in the investigative file or the evidence submitted at the hearing, which shall result in advisory findings and recommendations. The hearing shall be conducted in accordance with the procedures described in the Appendix to this Regulation.

E. Following the hearing, the hearing examiner shall consider all documents in the investigative file, as well as the record of the hearing. He/she shall determine from his/her analysis and findings which charges are sustained and which are not sustained, giving his/her reasons for such determinations and his/her recommendations with respect thereto. Should he/she find that a charge has no basis in fact, he/ she shall give reasons for such finding and his/her recommendation with respect thereto.

F. The hearing examiner shall transmit to The Librarian:

1. The complete file;

2. His/her written analysis of the matter which gave rise to the complaint and his/her advisory findings thereon; and

3. His/her written recommendations, including any remedial action where appropriate, with regard to the matter which gave rise to the complaint.

G. The hearing examiner shall notify the Assistant Chief and the parties in writing of the date that the file and his/her advisory findings, analysis, and recommendations are transmitted to The Librarian, and through the Assistant Chief, he/she shall provide them with copies of the advisory findings, analysis, and recommendations.

H. Should the hearing examiner encounter information during the course of the hearing having no direct bearing on the complaint or the environment in which the complaint developed but information which the examiner believes may be of interest or concern to the Library, he/she shall submit such information as he/she considers appropriate to The Librarian by separate letter, together with his/her advisory findings and recommendations.

## Section 11. Final Agency Action

A. When making a final agency decision without a hearing, The Librarian may, in his/her discretion, make a determination on the basis of the investigative file and/or by interviewing the complainant and the parties charged. In making such decisions, The Librarian may also consult with counsel or other Library

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 11 of 18

officers, provided that these persons have no substantive interest in his/her final decision. The Librarian will transmit to the parties or their representatives a written decision containing the specific reasons for that decision, and the remedial actions to be taken, if any.

B. Following a review and consideration of the hearing examiner's report, The Librarian will make a final agency decision on the complaint. This decision will be in writing and shall be transmitted to the appellant and his/her representative. Simultaneously, copies of this decision will be transmitted to the other party to the complaint and hearing, and to the Chief. The decision of The Librarian will adopt, modify, or reject the findings and recommendations of the hearing examiner. If the decision is to reject or modify the findings and recommendations, the decision letter shall set out the specific reasons for such rejection or modification. In making such decisions, The Librarian may consult with counsel or other Library officers, provided that they have no substantive interest in his/her final decision.

C. The Librarian will direct that remedial action(s) be taken as authorized by law or Library Regulations when his/her decision is that there has been discrimination. He/she also will take any other action he/she considers necessary to promote the policy of equal opportunity whether or not there is a finding of discrimination.

D. In instances in which The Librarian determines that there has been discrimination, he/she shall review the matter giving rise to the complaint to determine further whether disciplinary action against a discriminating staff member is appropriate, and he/she will record the basis for such determination. Where he/she determines that disciplinary action is warranted, he/she shall transmit that decision to the Director of Personnel for a further determination as to the appropriate disciplinary action, and for further implementation as provided by Section 11.E., below.

E. The Director of Personnel shall take such disciplinary action as he/she determines appropriate pursuant to his/her review and consideration of the hearing examiner's report and The Librarian's final decision thereon. Such disciplinary action shall be taken pursuant to the provisions of LCR 2020-3, Policies and Procedures Governing Adverse Actions. The staff member against whom disciplinary action is to be taken may request a hearing pursuant to the provisions of LCR 2020-4, Hearing Procedures.

F. The Librarian, and/or any party to the hearing, may request directly, within 10 workdays of receipt of the hearing examiner's report, reconsideration by the hearing examiner of his/her findings and recommendations. In so doing, the requester shall submit written evidence or argument which establishes that:

  1. New material evidence is available that was not readily available when the previous finding was issued; or

  2. The report contains a material erroneous interpretation of law or regulation or a material misapplication of established Library policy; or

  3. The report contains a material error of fact; or

  4. The recommendations in the report are of a precedential nature involving a new or unreviewed

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 12 of 18
policy consideration that may have effects beyond the actual case at hand.

G. The party submitting such request for reconsideration to the hearing examiner shall transmit copies of said request to all parties to the hearing, who may submit their comments thereon to the hearing examiner for consideration.

H. The hearing examiner shall accept all such requests which are properly made under Section 11.F., above. Upon acceptance, he/she shall reconsider his/her findings and recommendations with respect to the argument made in the request and any comments of others (Section 11. G., above) submitted thereon.

I. After a hearing examiner has reconsidered a case, he/she shall issue a second report in the same manner as the first report (see Section 10.E., above). The reconsideration report shall reply to the evidence or arguments submitted by a party seeking reconsideration and may contain other or revised findings and recommendations which the hearing examiner deems necessary to make.

J. Following a review and consideration of the hearing examiner's report on reconsideration, The Librarian will make the final agency decision, executing the requirements and procedures set out in Section 11. A., B., C., and D., above, to the extent that the same are applicable.

## Section 12. Third Party Allegations

This Section shall apply to general allegations by organizations, or other third parties, of discrimination in personnel matters within the Library which are unrelated to an individual complaint of discrimination. These shall be considered third party allegations and shall be processed as follows:

A. Such allegations shall be filed, in writing, directly with the Assistant Chief, who shall, upon accepting the same (Section 6., above), assign them to an Officer.

B. In so filing, the organization or other third party shall state the allegations with sufficient specificity so that the Officer may fully investigate it. The Officer may require such additional specificity as necessary to proceed with the investigation.

C. The Assistant Chief may split off from a third party complaint an individual complaint for processing under these Regulations if the requirements of Section 6., above, for the acceptance of such complaints are met.

D. The Officer assigned shall investigate the allegations pursuant to the procedures set out in Section 8.A., above. If an Investigator is assigned to the case, he/she shall investigate the allegations pursuant to the procedures set out in Section 8.B., above.

E. The Officer investigating a third party complaint shall establish a file on each general allegation, and this file shall contain copies of all material used in making findings on the allegations. Subsequent processing of the complaint and the procedures followed by the EEOCO and any other Library officers

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 13 of 18

shall be pursuant to the provisions of Section 8.A. through 8.E., above, as appropriate.

F.  The Chief shall review the findings and recommendations of the EEOCO, conduct any further investigation he/she considers necessary, resolve the matter, or make a final agency decision. He/she shall give the complainants and any staff member(s) charged written notification of his/her final action and the reasons therefor, and he/she shall send a copy of that decision to the Assistant Chief.

## Section 13. Remedial Actions

A.  Where it has been determined that a Library staff member had been discriminated against, and as a result of that discrimination was denied a benefit, the Library shall take remedial actions which may include one or more of the following, but need not be limited to these actions:

  1.  Retroactive promotion, with back pay computed in the same manner prescribed by 5 CFR 550.804, when the record clearly shows that but for the discrimination the staff member would have been promoted or would have been paid at a higher rate; provided that the back pay liability may not accrue from a date earlier than two years prior to the date that the discrimination complaint was filed, but, in any event, the back pay liability may not exceed the date he/she would have been promoted. If a finding of discrimination was not based on a complaint, the back pay liability may not accrue from a date earlier than two years prior to the date the Library's determination of discrimination was recorded, but, in any event, not to exceed the date he/she would have been promoted.

  2.  Consideration for promotion to a position for which he/she is qualified before consideration is given to other candidates when the record shows that discrimination existed at the time selection for promotion was made, but it is not clear that except for the discrimination the staff member would have been promoted. If the individual is not later selected, the Library shall record the reasons for nonselection.

  3.  Restoration of a staff member following cancellation of an unwarranted adverse action which affected him/her.

  4.  Expunction from Library records of any reference to or any record of an unwarranted disciplinary action.

  5.  Full opportunity to participate in the employee benefit denied him/her (e.g., training, or preferential work assignments).

B.  Where the Chief determines that a qualified applicant for employment has been discriminated against, and except for that discrimination would have been hired, the following procedures shall be followed:

  1.  The Library shall offer the qualified applicant, in writing, employment at the same grade denied him/her and in the next available position for which he/she is qualified.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK    Document 5-2    Filed 05/02/2007    Page 14 of 18

2. The individual shall have 10 workdays from the date of receipt of the offer within which to accept or decline the offer. Failure to notify the agency of his/her decision within the 10-workday period shall be considered a declination of the offer, unless the individual can show that circumstances beyond his/her control prevented him/her from responding within the time limit.

3. If the offer is accepted, appointment shall be retroactive to the date the qualified applicant would have been hired, subject to the limitation in Section 12.D., below.

4. Back pay, computed in the same manner prescribed by 5 CFR 550.804, shall be awarded from the beginning of the retroactive period, subject to the same limitation (Section 12.D., below) until the date the individual actually enters duty. The individual shall be deemed to have performed service for the Library during this period of retroactivity for all purposes except for meeting service requirements for completion of a required probationary period.

5. If the offer is declined, the Library shall award the individual a sum equal to the back pay he/she would have received, computed in the same manner prescribed by 5 CFR 550.804, from the date he/she would have been appointed until the date the offer was made, subject to the limitation set out in Section 12. D., below. The Library shall inform the qualified applicant, in its offer, of his/her right to this award in the event he/she declines the offer.

C. Where the Chief determines that discrimination existed at the time a qualified applicant was considered for employment but does not determine that the individual is the one who would have been hired except for discrimination, the following procedures shall be followed:

1. The Library shall consider the individual for any existing vacancy of the same grade for which he/she had been considered initially and for which he/she is qualified before consideration is given to other candidates.

2. If the individual is not selected, the recommending officer shall forward to Chief specific written justification for nonselection.

3. If no vacancy exists, the Library shall give him/her this priority consideration for the next vacancy for which he/she is qualified.

D. A period of retroactivity or a period for which back pay is awarded under this Section may not extend from a date earlier than two years prior to the date on which the complaint was initially filed by the qualified applicant. If a finding of discrimination was not based on a complaint, the period of retroactivity or period for which back pay is awarded under this Section may not extend earlier than two years prior to the date the final determination of discrimination was recorded.

E. This Section and Regulation shall be cited as the authority under which the above-described appointments or awards of back pay shall be made, in addition to the provisions of 5 U.S.C. 5596.

**Section 14. Administrative Provisions**

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 15 of 18

A. The Assistant Chief shall arrange, through the Procurement and Supply Division, Office of the Associate Librarian for Management, for such contractual services as may be necessary to provide a verbatim transcript of all hearings (see Section 10., above) and he/she shall determine the number of copies of such transcripts required to assure that the hearing examiner, The Librarian, and all parties receive one. The Assistant Chief shall transmit copies of the transcripts to the above recipients as soon as the same are received by him/her, unless otherwise requested by the hearing examiner.

B. Transcripts are the property of the U.S. Government and shall be returned to the EEOCO not later than 30 workdays after final agency action on the complaint. Where the complainant has filed a civil action in the proper U.S. District Court, the transcripts may be retained, but in no event beyond 30 workdays after final judicial action on the complaint.

C. Testimony given and all documents submitted at the hearing or which may already be in the investigative file shall be kept confidential at all times. The hearing examiner's report, initial or on reconsideration, and the transcript of the hearing are confidential. Recipients of these materials shall not disclose their content to anyone other than persons authorized by this Regulation to receive or be party to such information. Subject to the limitations set out in Section 11.B., above, The Librarian may discuss the content with staff members with whom he/she consults prior to reaching a final agency decision. In the event of such discussion, consultants and all others having proper access to such information, shall be bound by the same restrictions, set out above, applicable to recipients of these materials. Staff members who violate these provisions shall be subject to disciplinary action.

D. At any time during the complaint or appeal procedures under this Regulation, a complainant or staff member(s) charged shall have the right to assistance by the EEOCO in obtaining representation from the Library staff to assist him/her in the presentation of his/her case. The EEOCO shall maintain a list of staff members who are willing to provide such assistance. A complainant or staff member(s) charged shall be free to select outside counsel; however, any expense involved in retaining representation from outside the Library shall be borne solely by the individual who retains such.

E. With respect to the policy requirements of this Regulation, a staff member shall appear as a witness when requested to do so, whether that request be made during the investigative or hearing procedure. Any staff member so requested who believes that he/she has no firsthand knowledge of the case or nothing of value to contribute, shall, nevertheless, appear and make such statement under oath. Unless his/her absence is due to illness, assignment out of the greater Washington area, or extended leave, or reasons of like gravity, a staff member's unjustified failure to appear, or refusal to do so, may result in disciplinary action against him/her. Requests by the Assistant Chief for the appearance of witnesses shall be made through supervisory channels.

F. The appearance of a staff member of the Library as a witness during the investigative process or at a hearing shall be considered as an official assignment. Such staff member shall be in duty status during the time he/she is made available as a witness. Before, during, and after such testimony, staff members who appear as witnesses shall be free from restraint, interference, coercion, or reprisal.

**Appendix to LCR 2010-3.1**

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 16 of 18

## Procedures for the Conduct for Hearings Under Provisions of LCR 2010-3.1

### I. Preliminary Review

A. The Assistant Chief, Equal Employment Opportunity Complaints Office (EEOCO), shall transmit the investigative file to the hearing examiner, who shall review the file to determine whether further investigation is needed before scheduling the hearing. If so determined, the hearing examiner shall remand the file to the Assistant Chief for further investigation, giving his/her reasons for taking such action.

B. Upon accepting the investigative file, the hearing examiner shall communicate with the parties and the Assistant Chief and shall establish the date and time of the hearing and shall arrange for a prehearing conference. The locations for the hearings and the pre-hearing conference shall be arranged by the Assistant Chief, EEOCO, pursuant to Section 10.A. and 10.C.(4) of LCR 2010-3.1.

### II. Pre-hearing Conference

A. It shall be the purpose of the pre-hearing conference to expedite processing by the hearing examiner and completion of the hearing. The hearing examiner shall use the occasion to:

1. Instruct the parties and their representatives on the procedures to be followed at the hearing; for purposes of this Regulation, the term "parties" shall include the complainant(s) and the staff member(s) charged with discrimination;

2. Define and, if possible, limit the issues to be considered in the hearing to those raised in the complaint, and secure common agreement on these issues between the parties;

3. Determine the need for the identity of any witnesses, and

4. Identify the scope and substance of each witnesses' testimony so as to (a) limit the number of witnesses to those persons who have firsthand knowledge, relevant to the issues determined under Subsection (2), above and (b) preclude unneccessary repetitious testimony.

B. The determination of the hearing examiner and any stipulations by the parties shall be recorded by the hearing examiner and initialed by the parties or their representatives at the pre-hearing conference. The hearing examiner shall prepare copies of that agreement and transmit the same to the parties prior to or on the first day of the hearing.

### III. Arrangements for Witnesses

A. The hearing examiner shall request the Assistant Chief to see the availability, as witnesses, of those staff members requested by any party to the hearing whose testimony the hearing examiner

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 17 of 18

has determined necessary. Through the Assistant Chief, the hearing examiner shall also request the Library to make available as a witness any other staff member whose testimony he/she desires to supplement the information in the investigative file.

B. The hearing examiner shall give the parties requesting the appearance of a witness his/her reasons for denying such request, and shall insert those reasons in the record of the hearing.

C. Subject to the provisions of Section 13.D. of LCR 2010-3.1, staff members shall appear as witnesses when requested to do so. The Assistant Chief shall confirm the availability of those witnesses to the hearing examiner. The hearing examiner shall call the witnesses in such order as he/she determines will best develop information relevant to the issues determined under Section II.A.(3), above.

D. The hearing examiner shall arrange with the parties and the Assistant Chief to obtain testimony through a written interrogatory from any staff member who is found to be unavailable for the hearing. He/she shall obtain the written interrogatory and furnish copies of the same to all parties as soon as possible. Answers of witnesses to an interrogatory shall be obtained under oath or affirmation. If the interrogatory is introduced at the hearing and made a part of the record, any objections to any aspect of it made by any party shall also be made a part of the record.

E. The status of staff members appearing as witnesses and the protections accorded them in that capacity are determined by the provisions of Section 14.E. of LCR 2010-3.1.

IV. <u>Authority of the Complaints Examiner</u>

The hearing examiner has the authority to:

1. Take testimony under oath or affirmations;

2. Regulate the course of the hearing;

3. Rule on offers of proof;

4. Limit the number of potential witnesses whose testimony he/she determines would be unduly repetitious or irrelevant; and

5. Exclude any person from the hearing for disruptive or misbehavior.

V. <u>Attendance</u>

A. Attendance at the hearing shall be limited to persons determined by the hearing examiner to have a direct connection with the complaint; in most hearings these are the hearing examiner, the official recorder, the parties, their representatives, and witnesses as they testify.

Resolution of Problems, Complaints, and Charges of Discrimination in Lib...yment and Staff Relations Under the Equal Employment Opportunity Program

Case 1:06-cv-01734-HHK     Document 5-2     Filed 05/02/2007     Page 18 of 18

B. A party may request, preferably at the prehearing conference, the presence of an adviser to provide technical assistance. Such request shall be allowed when, in the opinion of the hearing examiner, this assistance is necessary. If the adviser is to be a witness, then such adviser shall testify before other witnesses, but he/she may be recalled if the hearing examiner considers it important to do so.

## VI. Conduct of Hearing

A. The hearing examiner shall not conduct the hearing as an adversary proceeding (see Section 10. D. of LCR 2010-3.1). Rather, he/she shall establish an order of procedure so as to bring out pertinent facts, including the introduction of pertinent documents. He/she shall exclude irrelevant or unduly repetitious evidence, and in so doing, he/she shall insert into the record his/her reasons for any exclusion of evidence and any exception taken by any party to such action.

B. Only information having a direct bearing on the complaint shall be received into evidence. Any stipulations among the parties to the hearing concerning one or more aspects of the complaint which they believe need not be taken up at the hearing shall be made a part of the record of the hearing, whether arrived at during the hearing or in a prehearing conference.

C. All parties shall be given the opportunity to cross-examine witnesses who appear and testify. If any party to the hearing volunteers information as a witness, he/she shall be subject to cross-examination. If any party does not so volunteer, the hearing examiner shall call him/her as a witness upon request by any other party, and the provisions of LCR 2010-3.1, Section 13.D., shall apply.

## VII. Record of the Hearing

A. The hearing shall be recorded verbatim. All documents, including the investigative file, which are submitted to, and accepted by, the hearing examiner shall be made part of the record of the hearing. Copies of any document that is accepted shall be furnished to the parties. Copies of the transcript shall be distributed and governed by the provisions of Sections 13.A. and 13.B. of LCR 2010-3.1.



  

Comments: lcweb@loc.gov

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK     Document 5-3     Filed 05/02/2007     Page 1 of 11

2010-3.2

---

*Important Notice:* **To ensure that you are viewing the most recent version of a Library regulation or other material on the OGC Web site, Internet Explorer users should click the "Refresh" button. Netscape, Firefox, and Safari users should click the "Reload" button.**

---

*LIBRARY OF CONGRESS REGULATIONS*

## LCR 2010-3.2

**SUBJECT: Resolution of Class Complaints of Charges of Discrimination in Library of Congress Employment and Staff Relations under the Equal Employment Opportunity Program for Staff Members**

| SERIES: 2010<br>Employment and Assignments | STATUTORY AUTHORITY:<br>2 U.S.C. §136 | RESPONSIBLE OFFICE:<br>Human Resources Services |
|---|---|---|
| ISSUE DATE:<br>August 11, 2004 | REVIEW DATE:<br>August 11, 2009 | SUPERSEDES:<br>April 20, 1983, issuance of LCR 2010-3.2 |

**Contents:**

Section 1. Purpose

Section 2. Policy

Section 3. Definition of Terms

Section 4. Precomplaint Processing

Section 5. Filing and Presentation of a Class Complaint

Section 6. Acceptance, Rejection or Cancellation

Section 7. Notification

Section 8. Avoidance of Delay

Section 9. Freedom from Restraint, Interference, Coercion, and Reprisal

Section 10. Obtaining Evidence Concerning Complaint

Section 11. Opportunities for Resolution of the Complaint

Section 12. Hearing

Section 13. Report of Findings and Recommendations

Section 14. Final Agency Decision

Section 15. Notification of Class Members of Decision

Section 16. Corrective Action

Section 17. Right to File Civil Actions

---

## Section 1. Purpose

This Regulation describes the Library's policy and procedures for resolving class complaints of discrimination in the Library of Congress for staff members.

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 2 of 11

**Section 2. Policy**

When there is a class complaint (as defined in Section 3.A. and B., below) of discrimination from or affecting staff members in the Library, it shall be the Library's policy to implement the provisions of the Equal Employment Opportunity Act of 1972, as amended (42 U.S.C. 2000e-16), by following closely the procedures used in other Federal agencies. (See 29 CFR., Chapter XIV, Part 1613, Subpart F.).

**Section 3. Definition of Terms**

A. A class is a group of Library staff members, former Library staff members, and/or applicants for employment with the Library, on whose behalf it is alleged that they have been, are being, or may be (1) adversely affected by a Library personnel management policy or practice (which the Library has authority to modify or rescind), and/or (2) discriminated against on the basis of their common race, color, religion, sex, national origin, handicap, and/or age.

B. A class complaint is a written complaint of discrimination filed on behalf of a class by the agent of the class alleging that:

   1. The class is so numerous that a consolidated complaint of the members of the class is impractical;

   2. There are questions of fact common to the class;

   3. The claims of the agent of the class are typical of the claims of the class; and

   4. The agent for the class, or his/her representative, if any, shall fairly and adequately protect the interests of the class.

C. An Agent of the Class shall be a class member who acts for the class during the processing of the class complaint.

D. Age is an inclusive term which means the age of at least 40 years.

E. Handicapped Person is defined in 29 CFR 1613.702.

**Section 4. Precomplaint Processing**

A. A staff member or applicant who wishes to be an agent and who believes he/she has been discriminated against shall complete Form 16-5, Allegation of Discrimination (available in the Equal Employment Opportunity (EEO) Complaints Office), within 60 workdays of the date of the matter giving rise to the allegation of individual discrimination, or 60 workdays of its effective date, if it is a personnel action, and shall consult with an Equal Employment Opportunity Counselor (hereinafter "Counselor").

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 3 of 11

B. The Counselor shall:

    1. Advise the aggrieved person of the discrimination complaint procedures, of his/her right to representation throughout the precomplaint and complaint processes, and of the right to anonymity only during the precomplaint process;

    2. Make whatever inquiry is believed necessary;

    3. Attempt to resolve the discrimination complaint informally through discussion with appropriate official(s);

    4. Counsel the aggrieved person concerning the issue(s) involved;

    5. Inform the Assistant Chief, EEOCO (hereinafter "Assistant Chief"), and other appropriate officials when corrective action is believed necessary;

    6. Keep a record of all counseling activities; and

    7. Summarize actions and advice in writing both to the Assistant Chief and the aggrieved person concerning the issue(s) in the personnel management policy or practice.

C. The Counselor shall conduct a final interview and terminate counseling with the aggrieved person not later than 20 workdays after the date on which the allegation of discrimination was called to the attention of the Counselor. During the final interview, the Counselor shall inform the aggrieved person in writing that counseling is terminated and that he/she has the right to file a class complaint of discrimination with the appropriate officials in the Library.

D. The Counselor shall not attempt to restrain in any way the aggrieved person from filing a complaint or encourage the person to file a complaint.

E. The Counselor shall not reveal the identity of an aggrieved person during the consultation period unless authorized to do so by the aggrieved person.

F. The Library shall ensure that full cooperation is provided by all staff members to Counselors in the performance of their duties under this Regulation. Counselors shall have routine access to personnel records of the Library without unwarranted invasion of privacy.

G. Corrective action taken as a result of counseling shall be consistent with law, and Library regulations, rules and instructions.

## Section 5. Filing and Presentation of a Class Complaint

A. The complaint shall be submitted in writing by the agent or his/ her representative and be signed by the agent.

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 4 of 11

B. The complaint shall set forth specifically in detail:

    1. A description of the Library personnel management policy or practice giving rise to the complaint; and

    2. A description of the resultant personnel action or matter adversely affecting the agent.

C. The complaint shall be filed not later than 10 workdays after the agent's receipt of the notice of final interview with the Counselor.

D. The officials with whom complaints may be filed are the Assistant Chief, any staff member who may be acting in that capacity, or any subordinate in the EEOCO so designated by the Chief for this purpose.

E. A complaint shall be deemed filed on the date it is postmarked, or, in the absence of a postmark, on the date it is received by any official with whom complaints may be filed.

F. At all stages, including counseling, in the preparation and presentation of a complaint, or claim and appeal from a decision on a complaint, or claim, the agent or claimant shall have the right to be accompanied, represented, and advised by a representative of his/her own choosing, providing the choice of a representative does not involve a conflict of interest or conflict of position. The representative shall be designated in writing and the designation made part of the class complaint file.

G. If the agent is a Library staff member in an active duty status, he/she shall have a reasonable amount of official time to prepare and present his/her complaint. Staff members, including attorneys, who are representing staff members of the Library in discrimination complaint cases shall be permitted to use a reasonable amount of official time to carry out that responsibility whenever it is not inconsistent with the faithful performance of their duties. This permission is given with the understanding that the representative act responsibly with respect to the priority of his/her official duties and the amount of time necessary to perform as a representative.

## Section 6. Acceptance, Rejection or Cancellation

A. Within 10 workdays of the Assistant Chief's receipt of a complaint, the Assistant Chief shall arrange with the Equal Employment Opportunity Commission for the appointment of a Complaints Examiner.

B. The Complaints Examiner may recommend that the Library reject the complaint, or a portion thereof, for any of the following reasons:

    1. It was not timely filed;

    2. It consists of an allegation identical to an allegation contained in a previous complaint filed on behalf of the same class which is pending in the Library or which has been resolved or decided by the Library;

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK     Document 5-3     Filed 05/02/2007     Page 5 of 11

3. It is not within the purview of this Regulation;

4. The agent failed to consult a Counselor in a timely manner;

5. It lacks specificity and detail;

6. It was not submitted in writing or was not signet by the agent;

7. It does not meet the following prerequisites:

    a. The class is so numerous that a consolidated complaint of the members of the class is impractical;

    b. There are questions of fact common to the class;

    c. The claims of the agent of the class are typical of the claims of the class;

    d. The agent of the class, or his/her representative, shall fairly and adequately protect the interests of the class.

C. If an allegation is not included in the Counselor's report, the Complaints Examiner shall afford the agent 10 workdays to explain whether the matter was discussed and if not, why he/she did not discuss the allegation with the Counselor. If the explanation is not satisfactory, the Complaints Examiner may recommend that the Assistant Chief reject the allegation. If the explanation is satisfactory, the Complaints Examiner may refer the allegation to the Assistant Chief for further counseling of the agent.

D. If an allegation lacks specificity and detail, the Complaints Examiner shall afford the agent 10 workdays to provide specific and detailed information. The Complaints Examiner may recommend that the Assistant Chief reject the complaint if the agent fails to provide such information within the specified time period. If the information provided contains new allegations outside the scope of the complaint, the Complaints Examiner shall advise the agent how to proceed on an individual or class basis concerning these allegations.

E. The Complaints Examiner may recommend that the Assistant Chief extend the time limits for filing a complaint and for consulting with a Counselor when the agent, or his/her representative, shows that he/she was not notified of the prescribed time limits and was not otherwise aware of them or that he/she was prevented by circumstances beyond his/her control from acting within the time limit.

F. When appropriate, the Complaints Examiner may recommend that a class be divided into subclasses and that each subclass be treated as a class, and the provisions of this Regulation then shall be construed and applied accordingly.

G. The Complaints Examiner may recommend that the Assistant Chief cancel a complaint after it has been accepted because of failure of the agent to prosecute the complaint. This action may be taken only after

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 6 of 11

the Complaints Examiner has provided the agent a written request, including notice of proposed cancellation, that he/she provide certain information or otherwise proceed with the complaint, and the agent has failed to satisfy this request within 10 workdays of his/her receipt of the request.

H.  An agent shall be informed by the Complaints Examiner in a request under paragraphs C. or D. of this Section that his/her complaint may be rejected if the information is not provided.

I.  The Complaints Examiner's recommendation to the Assistant Chief on whether to accept, reject, or cancel a complaint shall be transmitted in writing to the Assistant Chief, the agent, and any agent's representative. The Complaints Examiner's recommendation to accept, reject, or cancel shall become the Assistant Chief's decision unless the Assistant Chief rejects or modifies the decision within five workdays of its receipt. The Assistant Chief shall notify the agent, the Complaints Examiner, and any agent's representative of this decision to accept, reject, or cancel a complaint. Notice of a decision to reject or cancel shall inform the agent of his/her right to proceed with his/her individual complaint of discrimination, and to appeal the Assistant Chief's decision on the class matter to the Chief (hereinafter "Chief"), and of his/her right to file a civil action.

## Section 7. Notification

A.  After acceptance of a class complaint, the Assistant Chief, within 10 workdays, shall use reasonable means, such as delivery, mailing, distribution, or posting, to notify all class members of the existence of the class complaint.

B.  The notice shall contain:

1.  The date of the acceptance of the complaint and an identification of the affected organizational units in the Library;

2.  A description of the issues accepted as part of the class complaint;

3.  An explanation that class members may remove themselves from the class by notifying the agency within 20 workdays after issuance of the notice;

4.  An explanation of the binding nature of the final decision on or resolution of the complaint.

## Section 8. Avoidance of Delay

A complaint shall be processed promptly after it has been accepted. To this end, the parties shall proceed with the complaint without undue delay so that the complaint is processed within 180 calendar days after it was filed.

## Section 9. Freedom from Restraint, Interference, Coercion, and Reprisal

A.  Agents, claimants, their representatives, witnesses, all officials and staff members of the Complaints

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 7 of 11

Office, Counselors, and other Library officials having responsibility for the processing of discrimination complaints shall be free from restraint, interference, coercion, and reprisal at all stages in the presentation and processing of a complaint, including the counseling stage set out in Section 4., above, or any time thereafter.

B. A person identified in paragraph A. of this Section, if a Federal employee or applicant, may file a complaint of restraint, interference, coercion or reprisal in connection with the presentation and processing of a complaint of discrimination. The complaint shall be filed and processed in accordance with the provisions of LCR 2010-3.1.

## Section 10. Obtaining Evidence Concerning Complaint

A. <u>General Provisions</u>

1. Upon acceptance of a complaint, the Assistant Chief shall identify and confirm an agency/ management representative. The agency/management representative shall not be an alleged discriminating official or an EEOCO official.

2. In representing the agency/management, the agency/management representative shall consult with officials, if any, named or identified as responsible for the alleged discrimination and other officials of the Library as necessary. In such consultation, the agency/management representative will be subject to the provisions of Library regulations, rules and instructions concerning privacy and access to individual personnel records and reports.

B. <u>Development of Evidence</u>

1. The Complaints Examiner shall notify the agent, or his/her representative, and the agency/ management representative that a period of not more than 60 workdays will be allowed both parties to prepare their cases. This time period may be extended by the Complaints Examiner upon the request of either party. Both parties are entitled to reasonable development of evidence on matters relevant to the issues raised in the complaint. Evidence may be developed through interrogatories, depositions, and requests for production of documents. It shall be grounds for objection to producing evidence that the information sought by either party is irrelevant, overburdensome, repetitious, or privileged.

2. In the event that mutual cooperation falls, either party may request the Complaints Examiner to rule on a request to develop evidence. When the Complaints Examiner renders his/her report of findings and recommendations on the merits of the complaint, a party's failure to comply with the Complaints Examiner's ruling on an evidentiary request may be taken into account.

3. During the time period of development of evidence, the Complaints Examiner may, in his/her discretion, direct that an investigation of facts relevant to the complaint, or any portion thereof, be conducted by an Investigator supplied by the Assistant Chief, either from the EEOCO or by contract.

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 8 of 11

    4. Both parties shall furnish the Complaints Examiner all materials which they wish him/her to examine and such other materials as he/she may request.

## Section 11. Opportunities for Resolution of the Complaint

A. The Complaints Examiner shall furnish the agent and his/her representative and the agency/management representative a copy of all materials obtained concerning the complaint and provide opportunity for the agent to discuss materials with the agency/management representative and attempt resolution of the complaint.

B. At any time after acceptance of a complaint, the complaint may be resolved by agreement of the Library and the agent to terms offered by either party.

C. If resolution of the complaint is arrived at, the terms of the resolution shall be reduced to writing, and signed by the agent and the Chief or his/her designee. A resolution may include a finding on the issues of discrimination, and shall include any corrective action agreed upon. Corrective action in the resolution shall be consistent with law, Library regulations, rules and instructions. A copy of the resolution shall be provided the agent.

D. Notice of the resolution shall be given to all class members in the same manner as notification of the acceptance of the class complaint and shall state the terms of corrective action, if any, to be granted by the Library. A resolution shall bind all members of the class.

E. If the Library does not carry out, or rescinds, any action specified by the terms of the resolution for any reason not attributable to acts or conduct of the agent, his/her representative, or class members, the Library, upon the agent's written request, shall reinstate the complaint for further processing from the point processing ceased under the terms of the resolution. Failure of the Library to reinstate the complaint is ground for appeal directly to The Librarian of Congress (hereinafter "The Librarian").

## Section 12. Hearing

On the expiration of the period allowed for preparation of the case, the Complaints Examiner shall set a date for a hearing. The hearing shall be conducted in accordance with the procedures set out in LCR 2010-3.1.

## Section 13. Report of Findings and Recommendations

A. The Complaints Examiner shall transmit to The Librarian or his/her designee:

    1. The record of the hearing;

    2. His/her findings and analysis with regard to the complaint; and

    3. His/her report of findings and recommended decision on the complaint, including corrective action pertaining to systematic relief for the class and any individual corrective action, where

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 9 of 11

appropriate, with regard to the personnel action or matter which gave rise to the complaint.

B. The Complaints Examiner shall notify the agent of the date on which the report of findings and recommendations was forwarded to The Librarian or his/her designee.

## Section 14. Final Agency Decision

A. Within 20 workdays of receipt of the report of the findings and recommendations issued under Section 13., above, The Librarian or his/her designee shall issue a decision to accept, reject or modify the findings and recommendation of the Complaints Examiner. If he/she does not act within 20 workdays, The Librarian shall advise the parties as to the reason for the delay, and notify them as to the date of a decision.

B. The decision of The Librarian or his/her designee shall be in writing and shall be transmitted to the agent or his/her representative along with a copy of the record of the hearing and a copy of the findings and recommendations of the Complaints Examiner.

C. When The Librarian's decision is to reject or modify the findings and recommendations of the Complaints Examiner, the decision shall contain the specific reasons in detail for this action.

D. The Librarian shall transmit the final agency decision and the record of the hearing to the agent and his/her representative within five (5) workdays after the decision date.

E. The Librarian shall inform the agent or his/her representative of the right to file a civil action in the proper U.S. District Court and the time limits applicable thereto.

F. A final agency decision on a class complaint shall be binding on all members of the class and the Library.

## Section 15. Notification of Class Members of Decision

Class members shall be notified by The Librarian, through the same media employed to give notice of the existence of the class complaint, of the final agency decision and corrective action, if any. The notice, where appropriate, shall include information concerning the rights of class members to seek individual relief, and of the procedures to be followed. Notice shall be given by The Librarian within 10 workdays of the transmittal of his/her decision to the agent.

## Section 16. Corrective Action

A. When discrimination is found, the Library shall eliminate or modify the personnel policy or practice out of which the complaint arose, and provide individual corrective action to the agent in accordance with the provisions of LCR 2010-3.1. Corrective action in all cases shall be consistent with the law, Library regulations, rules and instructions.

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 10 of 11

B. When discrimination is found and a class member believes that but for that discrimination he/she would have received employment or an employment benefit, the class member may file a written claim with the Assistant Chief within 20 workdays of notification by The Librarian of the final agency decision.

C. The claim shall include a specific detailed showing that the claimant is a class member who was affected by a personnel action or matter resulting from the discriminatory policy or practice within not more than 120 workdays preceding the filing of the class complaint.

D. The Assistant Chief shall attempt to resolve the claim for relief within 45 workdays after the date it was received. If the Assistant Chief and the claimant do not agree that the claimant is a member of the class or upon the relief to which the claimant may be entitled, the Assistant Chief shall refer the claim, with recommendations concerning it, to the Complaints Examiner.

E. The Complaints Examiner shall notify the claimant of the right to a hearing on the claim and shall allow the parties to the claim an opportunity to submit evidence and representations concerning the claim. If a hearing is requested by the claimant, it shall be conducted in accordance with the provisions of LCR 2010-3.1. If no hearing is requested, the Complaints Examiner, in his/her discretion, may hold a hearing to obtain necessary evidence concerning the claim.

F. The Complaints Examiner shall issue a report of findings and recommendations on the claim which shall be treated the same as a report of findings and recommendations under Sections 13. and 14., above.

G. If the Complaints Examiner determines that the claimant is not a member of the class or that the claim was not timely filed, he/she shall recommend rejection of the claim and give notice of his/her action to the Assistant Chief, the claimant, and the claimant's representative. Such notice shall include advice as to the complainant's rights to appeal to The Librarian or to file a civil action in accordance with the provisions of this Section.

## Section 17. Right to File Civil Actions

A. An agent who has filed a complaint or a claimant who has filed a claim for relief based on race, color, religion, sex, national origin, and/or handicap discrimination is authorized to file a civil action in an appropriate U.S. District Court:

1. Within 30 calendar days of his/her receipt of notice of final action taken by his/her agency (i.e., the Library) on a complaint or claim;

2. After 180 calendar days from the date he/she filed a complaint or claim with the Assistant Chief under this Regulation if there has been no decision on the complaint or claim;

B. An agent who has filed a complaint or a claimant who has filed for relief based on age discrimination is authorized to file a civil action in an appropriate U.S. District Court.

Resolution of Class Complaints of Charges of Discrimination in Library o...ual Employment Opportunity Program for Non-Bargaining Unit Staff Members

Case 1:06-cv-01734-HHK    Document 5-3    Filed 05/02/2007    Page 11 of 11

C. When the agent alleges that the agency discriminated against a class on the basis of race, color, religion, sex, national origin, handicap, and/or age, or a claimant files for relief, the Library shall notify him/her of his/her right to file a civil action in any final action on a complaint or claim under this Regulation.

D. The filing of a civil action by an agent or claimant does not terminate the Library's processing of a complaint or claim under this Regulation.

---

  

Comments: lcweb@loc.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **HOWARD R.L. COOK & TOMMY** | ) | |
| **SHAW FOUNDATION FOR BLACK** | ) | |
| **EMPLOYEES OF THE LIBRARY, INC.,** | | ) |
| **ET AL.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 06-1734 (TFH)** |
| | ) | |
| | ) | |
| **JAMES H. BILLINGTON,** | ) | |
| **Librarian, Library of Congress,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## ORDER

_____On Defendant's motion to dismiss the Complaint herein, it is hereby:

ORDERED, that Defendant's motion is GRANTED.


SO ORDERED:



_____
UNITED STATES DISTRICT JUDGE


Dated: