# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**Christine Mills, Et Al.**,

           Plaintiffs,

v.

           Case No.: 04-2205 (HHK) (LEAD CASE)
                        06-1734 (HHK)

**James Billington**,
Librarian of Congress

           Defendant

           *    *  o0o  *    *

**Plaintiff's Opposition to Defendant's Motion To Dismiss
under Rule 12(b)(1), (6), filed in Case No. 06-1734**

Plaintiffs, by their undersigned counsel, response in opposition to Defendant's Motion to Dismiss, pursuant to Rules 12(1), (6), Federal Rules of Civil Procedure, in Case 06-1734. Defendant's motion argued that the Plaintiffs in the case should be dismissed because Plaintiffs allegedly failed to exhaust their administrative remedies, failed to state a claim upon which relief could be granted, and that Plaintiffs lack standing to bring their lawsuit under Title VII, as amended. Plaintiffs in the case respond as follows:

**Procedural History**:

Case 06-1734, *Howard R.L. Cook & Tommy Shaw Foundation For Black Employees of the Library, Inc. Et Al., v. Billington*, (hereafter the "Foundation") was filed on October 6, 2006, and initially assigned to Chief Judge Thomas Hogan. This case was transferred by Judge Hogan to Judge Kennedy on May 17, 2007, and consolidated as a related case to 04-2205. Defendant's motion seeks dismissal of the Foundation

from the consolidated complaint due to the Foundation's alleged failure to exhaust Defendant's administrative remedies in a timely manner, the Foundation's alleged failure to state a claim upon which relief can be granted, and its alleged lack of standing to bring this suit under Title VII, as amended. Each of Defendant's arguments must fail as a matter of law as follows:

**<u>Argument</u>**:

This court has subject matter jurisdiction of the Foundation's claims under Rule 12(b)(1), and the court should not dismiss the Foundation's complaint under Rule 12(b)(6). Defendant's motion (hereafter DM) argues an abrogated standard of review. *See* (ECF_Dkt 5, pp. 7-8, 11-17), DM pp. 5-6, 10-15. This court must construe the allegations and facts in the Foundation's complaint in the light most favorable to the Foundation, and must grant it the benefit of all inferences that can be derived from the facts alleged. The requirement that a well pled complaint should be dismissed for failure to state a claim, <u>unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to any relief,</u> is no longer a proper statement of law. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007), *abrogating and modifying, Conley v. Gibson*, 355 U.S. 41 (1957). The Supreme Court recently has held that <u>no federal court should dismiss a case under Rule 12(b)(6),</u> where the complaint properly contains "either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory". *Id*. at 1969.

The Supreme Court also quoted with approval, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002), stating, "Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations". *See also*, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), which held that a well pled complaint may proceed even if it appears "that a recovery is very remote and unlikely". *Id.*, 127 S. Ct. at 1965; *Accord*, *Munsell v. U.S. Dept. of Agriculture*, 435 F.Supp.2d 149, 153-54 (D.D.C. 2006). ("In determining whether it has jurisdiction to adjudicate a case, a court will construe the complaint liberally, and allow the plaintiff all reasonable inferences in his favor."). *Id.* at 153. While a plaintiff has the burden of establishing a prima facie case of discrimination at trial, *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-01 (1973), the prima facie case requirement is "an evidentiary standard, not a pleading requirement" to be adhered to in the complaint. Rule 8(a), Fed. R. Civ. Proc., *See Swierkiewicz*, 534 U.S. at 512 (2002) ("[g]iven that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases"). Under Rule 8(a)(2), a plaintiff's complaint alleging employment discrimination must contain "*only a short and plain statement of the claim showing that the pleader is entitled to relief.*" *Id.*, *Munsell*, 435 F. Supp. 2d at 152-53, *citing Scheur*, 416 U.S. at 236, *and see also*, ("a well-pleaded complaint may proceed even if it appears "*that a recovery is very remote and unlikely.*") *Id*. Defendant's arguments under 12(b)(6) are entirely without merit and must be dismissed.

**The Foundation has standing to bring this claim, properly exhausted its administrative remedies, and/or, any requirement of administrative <u>exhaustion in this case would be futile.</u>**

Defendant's arguments that the Foundation lacks standing and/or failed to exhaust its administrative remedies are without merit. *Munsell*, 435 F. Supp. 2d at 152-56; *Ethnic Employees of Library of Congress v. Boorstin*, ___F.Supp. ___, 1987 WL 4804 1, 10 (D.D.C. 1987) (unpublished), *aff'd.*, *Ethnic Employees of the Library of Congress v. Boorstin*, 865 F.2d 1329 (D.C. Cir. 1989) (unpublished); *see also*, *Mills v. Billington*, 2006 WL 1371683 1, 4-5 (D.D.C. 2006) (unpublished).

The Foundation has standing to sue as an organization if Plaintiffs show "*(1) they belong to a protected group under Title VII; (2) they sought continued official recognition from the Library for their organization and qualified for recognition under all uniformly enforced standards; (3) they were denied recognition under the disputed regulation; and (4) other applicants seeking continued recognition for their organizations who were not members of the same protected group or groups were not required to conform to the disputed regulation.*" 1987 WL 4804 at 10. Defendant's Motion, pp. 3-5, does not even cite this standard as the proper review. Thus, the motion should be denied. In fact, Defendant's motion concedes that the Foundation's case is about "*the Library's decision to deny an organization recognition.*" DM, p. 3; "*[e]ffective August 25, 2005, the Librarian issued his final determination, denying the Foundation's request to be an employee organization of the Library,*" DM p. 8, and "*[o]n July 5, 2006, the EEOCO cancelled Plaintiffs' claims due to Plaintiffs' failure to timely file.*" DM p. 9. These admissions and concessions by Defendant are fatal to Defendant's

motion that the Foundation lacks standing to bring a claim under Title VII, as amended, and/or, improperly failed to exhaust Defendant's administrative process as a remedy.

The Foundation's initial complaint specifically averred, at p. 9, para. 20, "*[t]he LOC created and has maintained a system of regulations that are discriminatory, as applied to minority employees. The persistent denial of official recognition to the Foundation as an employee organization, in spite of the fact that the Foundation meets all criteria required by LCR 2022-2, is indicative of the fact. The Library, in applying its regulations acts in a discriminatory and selective fashion when African-American employees challenge the System.*". Defendant cannot dispute that the Foundation timely appealed Defendant's July 5, 2006 decision that denied any official recognition of the Foundation. This denial, Dkt 1, Exh. B, specifically stated as follows:

> In conclusion, this complaint will not be accepted for processing because the alleged actions you have identified do not fall within the purview of either LCR 2010-3.1 or LCR 2010-3.2, and even if the allegations were covered under the regulations, the claim is not timely nor do they give rise to the level of harm required under EEO law. We do not investigate cases that do not fall within the purview of the regulations, or that do not meet the filing requirement criteria.

Dkt 1, Exh. B. Thus, equitable tolling should be applied in this case regarding any argument of untimely administrative exhaustion. It is readily apparent that any resort to the administrative process by the Foundation would now be a futile and meaningless requirement, highly likely to result in no remedy. *Munsell*, 435 F.Supp.2d at 155 ("*[F]ailure to exhaust may be excused if exhaustion would be futile.*"); *Mills*, 2006 WL 1371683 at 5 ("*Having concluded that LOC made numerous errors when processing*

*plaintiffs' complaint, the court must find that plaintiffs constructively exhausted their administrative remedies."). See also, Gibson v. Brown*, 137 F.3d 992, 995 (7th Cir. 1998). ("*[A] party is not required to seek relief from an administrative agency (before seeking it from a federal court if the agency does not have the power to redress a claim in the way the complainant requests.*"), *vacated and remanded for other reasons, West v. Gibson*, 527 U.S. 212, (1999), *on remand, Gibson v. West*, 201 F.3d 990, 993 (7th Cir. 2000) ("*[A] failure to exhaust administrative remedies is not a jurisdictional flaw.*"). *See, e.g., Malcolm v. Reno*, 129 F.Supp.2d 1, 7-8 (D.D.C. 2000). ("*Although a party is usually required to exhaust administrative remedies before seeking judicial relief, the doctrine of administrative exhaustion is not absolute. As our Court of Appeals has stated: 'When the reasons for supporting the doctrine are found inapplicable, the doctrine should not be blindly applied.'*"). (case citations therein omitted).

WHEREFORE, and for all the foregoing reasons, the Foundation requests that Defendant's Motion to dismiss it from the consolidated complaint be denied.

Respectfully submitted,

/s/ Jeffery C. Taylor
_____
Michael J. Snider, Esq. MD #24695
Ari Taragin, Esq. MD #27409
Jeffery C. Taylor, Esq. MD #15528
Jason I. Weisbrot, Esq. MD #28074
Jacob Statman, Esq. MD #16932
Law Offices of Snider & Associates, LLC
104 Church Lane, Suite 100
Baltimore, MD 21208
410-653-9060 phone
410-653-9061 fax
mike@sniderlaw.com
jeff@sniderlaw.com
ecf@sniderlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**Christine Mills, Et Al.**,

      \*

    Plaintiffs,

      \*

v.                              Case No.: 04-2205 (HHK) (LEAD CASE)
                                    06-1734 (HHK)

**James Billington**,      \*
Librarian of Congress

      \*

    Defendant

      \*     \*   o0o  \*    \*

**ORDER OF COURT**

Defendant's Motion to Dismiss under Rules 12(b)(1), (6), Federal Rules of Civil of Procedure, filed in Case 06-1734, is denied by paperless Order.

                                /s/ Henry H. Kennedy, Jr.
                                _____
                                Henry H. Kennedy, Jr.
                                U.S. District Court Judge