UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC., Et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>JAMES H. BILLINGTON, Librarian, Library of Congress,<br><br>  Defendant. | Case No.   1:06-cv-1734 (HHK) |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, James H. Billington, Librarian, Library of Congress (the "Library"), respectfully submits this reply in support of its Motion to Dismiss. As stated in Defendant's Motion to Dismiss and Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss (hereinafter "Defendant's Motion"), Plaintiff lacks standing to bring this suit. Furthermore, this Court does not have jurisdiction over this suit because Plaintiff failed to exhaust its administrative remedies. Moreover, although Plaintiff objects to the dismissal standard set forth by Defendant (i.e., Rule 12(b)(6)),[1] Plaintiff does not deny that the

---

[1] Plaintiff's reliance on the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), is misplaced. Although, the well-known language of Conley v. Gibson, 355 U.S. 41 (1957) no longer establishes the standard for assessing the sufficiency of pleadings in a 12(b)(6) motion to dismiss, the holding of the case is contrary to Plaintiff's arguments. In Bell Atlantic, the Supreme Court increased pleading requirements for antitrust cases brought under Section 1 of the Sherman Act, setting the standard for dismissal under 12(b)(6) higher than it previously was under Conley. See 127 S.Ct. at 1969 (denouncing the citation relied upon by Plaintiff as an example of the courts that "questioned, criticized, and explained away" Conley's "no set of facts" language). The Supreme Court actually held that Conley "described . . . what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. Because Plaintiff's complaint was

Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. (the "Foundation") fails to state a claim upon which relief may be granted. Accordingly, pursuant to the Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), this case should be dismissed in its entirety and with prejudice.

**1. Plaintiff Fails to Show Broader Congressional Intent to Include Its Claim Under Title VII and Fails to Respond to Defendants' Standing Challenge.**

To gain standing, a litigant challenging governmental action under a federal statute must show that Congress intended the statute to protect litigants from the alleged injury, yet Plaintiff does not. In Taylor v. Resolution Trust Co., the United States Court of Appeals for the District of Columbia Circuit held that "[a] litigant challenging government action under a federal statute must satisfy not only the Constitutional requirements of standing but also its prudential prerequisites." 56 F.3d 1497, 1507 (D.C. Cir. 1995).

The Taylor Court described these "prudential prerequisites," elaborating that "the litigant must show that [the claim] falls within the statute's 'zone of interests' by demonstrating 'either a congressional intent to protect or regulate the interest asserted, or some other indication that the litigant is a suitable party to pursue that interest in court.'" Id. (quoting Animal Legal Defense Fund v. Espy, 23 F.3d 496, 502 (D.C. Cir. 1994)). The Taylor Court dismissed a public-interest group's claim under a whistleblower-protection law that it had been injured by losing access to would-be whistleblowers after the agency allegedly intimidated potential whistleblowers seeking to speak with the group. Taylor, 56 F.3d at 1500-01.

---

inadequate as established under Conley and explained in Defendant's Motion to Dismiss, it follows that under the new, stricter, "plausibility" standard of Bell Atlantic, Plaintiff's complaint cannot satisfy the standard to survive. See id. at 1974 ("we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"); Defendant's Motion at 10-14. Moreover, this new standard does not impact matters concerning Rule 12(b)(1).

The Taylor Court reasoned that Congress did not intend for employee protection groups to be able to seek redress for such losses of access to would-be whistleblowers under the statute because the statute "focused solely on the actual employees … [and] only to them does the Act afford explicit protections and remedies." Id. at 1507 (citing 12 U.S.C. § 1441a(q)(1)). As the Taylor Court worried, granting an outside group standing under an employment discrimination law on such tenuous grounds as loss of access to discriminated-upon employees would allow "any party that bothered to sue … [to] locate itself within the relevant zone of interests." Id.

In the present case, Plaintiff fails to demonstrate Congressional intent to protect organizations or associations under Title VII and so fails to meet the Taylor standard. Like the employment discrimination whistleblower protection act at issue in Taylor, Title VII also focuses its protections and remedies entirely on employees. See e.g. 42 U.S.C. § 2000e-16(c) (Title VII complaints may be brought by, and redress may be granted to, "an employee or an applicant for employment"). Accordingly, Plaintiff cannot claim standing under Title VII when Title VII does not contemplate standing for an organization (other than the EEOC) to sue for discrimination.

Furthermore, Plaintiff's only attempt to counter Defendant's challenge to Plaintiff's lack of standing also fails. Plaintiff cites Ethnic Employees of the Library of Congress v. Boorstin and makes the following argument in its opposition:

> The Foundation has standing to sue as an organization if Plaintiffs show "*(1) they belong to a protected group under Title VII; (2) they sought continued official recognition from the Library for their organization and qualified for recognition under all uniformly enforced standards; (3) they were denied recognition under the disputed regulation; and (4) other applicants seeking continued recognition for their organizations who were not members of the same protected group or groups were not required to conform to the disputed regulation.*"

Plaintiff's Opposition to the Defendants' Motion to Dismiss ("OMD") at 4 (citing Nos. 80-2163,

3

82-2264, 1987 WL 4804 at *10 (D.D.C. Jan. 16, 1987) (hereinafter "E.E.L.C.") (emphasis Plaintiff's)).  Plaintiff then argues that Defendant's motion "does not even cite this standard as the proper review" and "[t]hus, the motion should be denied."  OMD at 4.  But it is Plaintiff who uses the incorrect test for standing.  Plaintiff's proffered E.E.L.C. test is not a standing test, but rather a test to establish a *prima facie* case under Title VII.  Properly quoted, the E.E.L.C. Court held:

> If the EELC members can show that "(1) they belong to a protected group under Title VII; (2) they sought continued official recognition from the Library for their organization and qualified for recognition under all uniformly enforced standards; (3) they were denied recognition under the disputed regulation; and (4) other applicants seeking continued recognition for their organizations who were not members of the same protected group or groups were not required to conform to the disputed regulation, the EELC members would have established a prima facie case under Title VII."

Nos. 80-2163, 82-2264, 1987 WL 4804 at *10 (emphasis added).  The application of the E.E.L.C. case is questionable given that it was decided in 1987, prior to the seminal cases in this Circuit of Brown v. Brody, 199 F.3d 446 (D.C. Cir 1999) and Stella v. Minetta, 284 F.3d 135 (D.C. Cir. 2002).

Furthermore, although the E.E.L.C., Court properly refers to the individual "EELC members" under the Title VII claim, there is no indication that the issue of standing for the organization was ever squarely before the Court for a decision.  See Id.  Plaintiff thus has not established its standing to sue under Title VII and it has further failed to respond to Defendant's standing challenge.

**II.   Plaintiff Failed to Exhaust Its Administrative Remedies**

This Court lacks subject matter jurisdiction over this suit because Plaintiff failed to exhaust

4

its administrative remedies. Plaintiff's Opposition asserts that it timely filed its complaint in District Court. See Opposition at 5. This point is moot, however, because Plaintiff did not timely file its *administrative complaint* with the Library. Although the Librarian's final determination was issued August 25, 2005, Plaintiff sat on its rights and failed to file an administrative complaint until June 15, 2006, almost a year later. See Defendant's Motion at 8-9. This Circuit has determined that "the failure to pursue the initial step in the administrative process does not relieve a party of the exhaustion of administrative remedies requirement." Davis & Associates v. Williams, 892 A.2d 1144, 1149 (D.C. Cir. 2006). Thus, the Foundation's filing of its complaint with this Court does not correct its failure to file an administrative complaint within the requisite time period under the Library's regulations. See Defendant's Motion at 2-3, 8-9.

Plaintiff also argues that the failure to exhaust its administrative remedies should be equitably tolled, because the measure would be futile. See Opposition at 5-6. However, the participants in this action are well-informed of the Library's procedures through their involvement in several other suits against the Library; and in fact, these same individuals are currently engaged in the Mills class action suit before this Court. See Christine Mills, et al. v. Library of Congress, Case No. 04-2205;[2] see also Defendant's Motion at 9. In spite of this, they waited an entire year before presenting their EEO complaint. The Plaintiff has offered no explanation for this delay.

The Supreme Court has noted that "there may be a danger that relaxation of exhaustion requirements, in certain circumstances, would induce 'frequent and deliberate flouting of

---

[2] Plaintiff in its Opposition states that the instant case has been consolidated with Mills, Civ. Act. No. 04-2205. That is certainly not the case. While, it is true that Judge Hogan transferred the case, there was never an Order of Consolidation. See PACER DKT., dated May 16, 2007.

administrative processes,' thereby undermining the scheme of decisionmaking that Congress has created." McGee v. U.S., 402 U.S. 479, 484 (1971) (citing McKart v. U.S., 395 U.S. 185, 195 (1969)). Clearly, in this instance Plaintiff seeks to alter a long past Library decision by bypassing the administrative process. Therefore, Plaintiff's failure to exhaust its administrative remedies should result in this Court's dismissal of the suit.

### III.   Plaintiffs Have Failed to State a Claim

Rather than address the argument concerning the Plaintiffs failure to state a claim, the Foundation instead attacks the standard of review. Supra p.1 fn.1; Plaintiff's Opposition at 2-3. Even if the Court found that the exhaustion of administrative remedies was futile, Plaintiffs did not even challenge the point that they failed to state a viable claim. By failing to respond to the issue of the Plaintiffs' failure to state a claim in the Opposition, they unequivocally concede that no viable claim exists for this action under Title VII. See Kaur v. Chertoff, 2007 WL 1560319, *4 fn.10 (D.D.C. 2007) ("To the extent the petitioners have failed to address certain arguments advanced by the respondents in support of their motion to dismiss, these arguments may technically be deemed conceded."); see also Buggs v. Powell, 293 F.Supp.2d 135, 141 (D.D.C.2003) (stating that "[i]t is understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff has failed to address as conceded") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C.Cir.1997)).

As stated in Defendant's Motion and conceded through Plaintiffs' silence, Plaintiffs have failed to state a claim upon which relief can be granted, because neither the Foundation nor the listed parties can establish a *prima facie* case of prohibited discrimination as required under Stella, 284 F.3d at 145, (requiring plaintiff to demonstrate that: "(1) he is a member of a

protected group, (2) he has been the subject of an adverse personnel action, and (3) the unfavorable action gives rise to an inference of discrimination"). First, Plaintiffs have failed to show that the Foundation is an appropriate plaintiff and that the Library has taken any adverse employment action against it. See Brown v. Brody, 199 F.3d 446, 457 (D.C.Cir. 1999) (requiring plaintiff to show an action had "materially adverse consequences affecting the terms, conditions, or privileges of employment"). As previously argued, and unopposed by Plaintiff, the Library's decision did not affect the employment status of any Library employees, whether members or non-members of the Foundation. See Defendant's Motion at 11-12. And regardless of the subjective injuries the Foundation perceived its members to have suffered, Plaintiff has not suffered, nor even asserted, an "objectively tangible harm" sufficient to establish a claim.[3] Russell v. Principi, 257 F.3d 815, 1818 (D.C.Cir. 2001). Furthermore, Plaintiffs have failed to show even an inference of discrimination, based on the fact that membership of the Foundation is open to all persons who financially contribute to the Foundation. See Defendant's Motion at 13.

Technically, Plaintiffs concede that it has no cognizable claim under Title VII by failing to address the argument in its Opposition. However, even if the Court considers the merits of the argument, the Foundation cannot establish an adverse employment action under Title VII. In either case, Plaintiffs have failed to state a claim upon which relief can be granted.

## **CONCLUSION**

For all of the foregoing reasons and in accordance with Defendant's Motion to Dismiss

---

[3] The Foundation alleges generally that the personnel policies, practices, and procedures of the Library discriminate against minority employees on the bases of race, national origin, and/or color. Complaint at p.2-3. However, the only action that the Foundation proffers to support its general allegation of discrimination is the Library's administrative decision to deny recognition of the Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. ("Foundation") as an official employee organization. Complaint at p.7.

previously submitted with this Court, Defendant respectfully requests that Plaintiffs' Complaint be dismissed in its entirety and with prejudice.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____/s/_____

HEATHER GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C.  20530
(202) 305-1334

Attorneys for Defendant