UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOWARD R.L. COOK & TOMMY SHAW FOUNDATION FOR BLACK EMPLOYEES OF THE LIBRARY, INC., ET AL,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>JAMES H. BILLINGTON,<br>**Librarian, Library of Congress**<br><br>    **Defendant.** | Civil Action 06-1734 (HHK) |

**MEMORANDUM OPINION**

Plaintiffs, the Howard R.L. Cook & Tommy Shaw Foundation for Black Employees of the Library, Inc. ("Foundation") and four individual employees of the Library of Congress ("Library"), bring this putative class action against James H. Billington, the Librarian of the Library in his official capacity. Plaintiffs contend that the Library discriminated against them on the basis of color, national origin, and/or race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000(e) *et seq.*[1] Before the court is the Library's motion to dismiss [#5]. Upon consideration of the motion, the opposition thereto, and the record of this case, the court concludes that the motion must be granted.

---

[1] The complaint states that plaintiffs also assert claims pursuant to 42 U.S.C.§ 1981. Other than citing the statute, the complaint neither references nor describes any claims brought pursuant to § 1981. To the extent plaintiffs intend to assert claims pursuant to § 1981, they must be dismissed because plaintiffs do not provide the requisite "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## I. BACKGROUND

The Library permits employees to participate in certain employee organizations during working hours and allows these organizations to hold meetings in Library facilities. These privileges are available, however, only to employees who participate in organizations that are recognized by the Library. Employee organizations must apply to the Library for recognition.

The Foundation, an organization formed in 1999 to address working conditions at the Library thought to be adverse to Black employees, applied to the Library for recognition. On August 25, 2005, the Library denied the Foundation's application.

On June 15, 2006, plaintiffs filed a class administrative complaint with the Library's Equal Employment Opportunity Complaints Office ("EEO Office") in which plaintiffs challenged the Library's refusal to recognize the Foundation. Plaintiffs asserted that the Library's refusal to recognize the Foundation constituted discrimination, harassment, and retaliation.

On July 5, 2006,[2] the EEO Office informed plaintiffs that it would not process their administrative complaint because it was not timely filed. The EEO Office noted that Library regulations require that individual complaints be filed within twenty days after the allegedly discriminatory event and class complaints be filed within sixty days after the allegedly discriminatory event. Because the June 15, 2006, administrative complaint was filed almost a year after the Library refused to recognize the Foundation, the EEO Office concluded that it was untimely.

---

[2] The EEO Office sent plaintiffs a second letter on July 11, 2006, informing them that it would not process their application.

On July 19, 2006, plaintiffs filed a second class administrative complaint with the EEO Office. In this complaint, plaintiffs asserted that the EEO Office should have processed their June 15, 2006, complaint. Plaintiffs contended that the EEO Office's refusal to do so was discriminatory and retaliatory. The EEO Office informed plaintiffs that it would not process this second complaint because it was frivolous and non-meritorious. The EEO Office stated that, to the extent plaintiffs were dissatisfied with the refusal to process the June 15, 2006, administrative complaint, plaintiffs should have appealed, rather than file a second complaint.

This putative class action followed. Plaintiffs assert that the Library engaged in discrimination and retaliation in violation of Title VII when the Library: (1) refused to recognize the Foundation and (2) refused to accept the June 15, 2006, administrative complaint for processing.

## II. ANALYSIS

The Library moves to dismiss plaintiffs' complaint on three grounds. The Library first contends that plaintiffs do not have standing to sue because they did not suffer an injury in fact. Second, the Library argues that plaintiffs failed to exhaust their administrative remedies. Third, the Library asserts that plaintiffs fail to state a *prima facie* claim of discrimination or retaliation. The court will address each argument in turn.

**A.    Standing**

The Library contends that plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because none of the plaintiffs have standing.[3] Plaintiffs in this action consist of

---

[3] Fed. R. Civ. P. 12(b)(1) provides that a complaint may be dismissed for lack of subject matter jurisdiction. Plaintiffs bear the burden of establishing that the court has subject matter jurisdiction. *Brady Campaign to Prevent Gun Violence United with Million Mom March v.*

individual employees of the Library, as well as the Foundation. The Library argues that: (1) the individual employees do not have standing to assert claims on their own behalf; (2) the Foundation does not have standing to assert claims on behalf of its members; and (3) the Foundation does not have standing to assert claims on its own behalf.

Because plaintiffs are invoking federal jurisdiction, they bear the burden of demonstrating standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). At the motion to dismiss stage, plaintiffs' burden is simply to make adequate *allegations* of standing. *Id.* at 561; *see also Abigail Alliance for Better Access to Dev. Drugs v. Eschebach*, 469 F.2d 129, 132 (D.C. Cir. 2006) ("At the motion to dismiss stage, general factual allegations of injury . . . may suffice.") (internal quotations omitted).

For the individual employees to have standing, they must establish: (1) that they have suffered an "injury in fact"; (2) that the injury is "fairly . . . trace[able] to the challenged action of the defendant"; and (3) that the injury will "likely" be "redressed by a favorable decision." *Lujan*, 504 U.S. at 561*; see also Animal Legal Defense Fund, Inc. v. Glickman*, 154 F.3d 426, 431 (D.C. Cir. 1998).

The Library asserts that the individual employees do not have standing because they have not suffered any injury in fact. The Library contends that its refusal to recognize the Foundation did not injure individual employees because they can still participate in the Foundation outside of working hours.

---

*Ashcroft*, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). A court must accept the non-movant's factual allegations as true when reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *Jerome Stevens Pharm. Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). A court may also consider material beyond the allegations in the plaintiffs' complaint when determining whether it has subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F. 3d 621, 624-25, n.3 (D.C. Cir. 1997).

4

The court disagrees. Because the Library refuses to recognize the Foundation, the individual employees cannot meet during working hours or use the Library's facilities. Plaintiffs allege that, as a result, individual employees have been injured. Plaintiffs contend that because individual employees cannot hold meetings at the Library, they need "to travel and lose leave or other time or money to meet with Foundation Representatives or attorneys." Compl. ¶ 15. Such allegations suffice to establish injury in fact.

The Library next challenges the Foundation's standing to bring suit on behalf of its members. When an organization brings suit in a representational capacity, the organization must demonstrate that at least one of its members "would have standing to sue in [her] own right, [that] the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 181 (2000); *see also Int'l Cntr. For Tech. Assessment v. Johanns*, 473 F. Supp. 2d 9, 14 (D.D.C. 2007).

The Library asserts that the Foundation does not have standing to sue on behalf of its members because none of the Foundation's members have standing to sue in their own right. To the contrary, as discussed *supra*, the individual employees have standing. Some of these individual employees are officers of the Foundation.[4] Furthermore, the interests at stake in this action are germane to the Foundation's purpose and the suit does not require individual members to participate. Accordingly, the Foundation has standing to bring suit on behalf of its members.

Lastly, the Library asserts that the Foundation cannot bring claims on its own behalf. The Library is correct. Title VII protects "employees or applicants for employment" from

---

[4] While the complaint is unclear on this point, the court assumes that the Foundation is a membership organization and that the Foundation's officers are members of the Foundation.

5

discrimination by federal government agencies. 42 U.S.C. § 2000e-16. It does not protect organizations from discrimination. *Id.* In *Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp.*, 28 F.3d 1268, 1277-78 (D.C. Cir. 1994), however, the D.C. Circuit found that an organization may have standing to bring a claim under Title VII if the violation of an individual's rights causes injury to an organization. *Id.* at 1278 (finding that Title VII "confer[s] a cause of action upon everyone who meets the Article III requirements – that is, anyone genuinely injured by conduct that violates someone's rights").[5] In other words, while an organization cannot assert a cause of action based on a violation of its own rights under Title VII, an organization may have standing to sue for injuries that are *derivative* of a violation of an individual's Title VII rights.

Here, plaintiffs assert that the Library discriminated against the Foundation in violation of Title VII. Because Title VII does not protect the Foundation from discrimination, the Foundation does not have standing to assert claims on its own behalf.[6] Thus, the individual employees have standing to bring claims on their own behalf and the Foundation has standing to bring claims in a

---

[5] *Fair Employment Council of Greater Washington, Inc. v. BMC Marketing Corp.*, 28 F.3d 1268 (D.C. Cir. 1994) involved a suit against a private entity. The instant suit involves a suit against the federal government. This difference is not relevant because Congress intended to "apply to the government the [Title VII] principles it had . . . applied to private employers." *Rochon v. Gonzalez*, 438 F.3d 1211, 1219 (D.C. Cir. 2006).

[6] *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405 (D.C. Cir. 1975), is not inconsistent with this court's determination that the Foundation does not have standing to assert claims on its own behalf. In that case, the court permitted an organization called the Ethnic Employees of the Library of Congress ("EELC") to proceed on Title VII claims against the Library. *Id.* at 1412. The court did not permit EELC to bring suit on its own behalf, however. Instead, the court stated that "we interpret the EELC to argue on behalf of its members that measures taken against the organization have resulted in prohibited discrimination against the members." *Id.* That is, the court found that EELC had standing to sue not on its own behalf, but rather, in a representative capacity.

representative capacity. The Foundation does not have standing to bring claims on its own behalf, however.

**B.      Exhaustion of Administrative Remedies**

The Library next contends that plaintiffs failed to exhaust their administrative remedies and thus plaintiffs' complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1). The Library asserts that plaintiffs did not timely file their administrative complaints with the EEO Office and thus are precluded from bringing the instant action in federal court.

Before filing a lawsuit under Title VII, plaintiffs must exhaust their administrative remedies. If plaintiffs do not exhaust their administrative remedies, they are precluded from bringing suit in federal court. *See Park v. Howard University*, 71 F.3d 904, 907 (D.C. Cir. 1995). Failure to exhaust is an affirmative defense and defendants bear the burden of pleading and proving it. *Bowden v. United States*, 106 F.2d 433, 437 (D.C. Cir. 1997). If defendants meet their burden, plaintiffs bear the burden of pleading and proving facts supporting equitable avoidance of the defense. *Id.* at 437.

Pursuant to the Library's regulations, employees must file an administrative complaint with the EEO Office within twenty days of the allegedly discriminatory event. LCR 2010-3.1 § 4A. If a class of Library employees seeks to file a complaint, the class must select a representative employee and file an administrative complaint within sixty days of the allegedly discriminatory event. LCR 2010-3.2 § 4A.

Here, plaintiffs allege that there were two discriminatory events: (1) the Library's refusal to recognize the Foundation and (2) the EEO Office's refusal to process plaintiffs' administrative complaint filed on June 15, 2006. The Library correctly asserts that plaintiffs failed to exhaust their administrative remedies with respect to their claims arising out of the Library's refusal to

recognize the Foundation. The Library issued its decision denying recognition on August 25, 2005, but plaintiffs did not file an administrative complaint until June 15, 2006. Thus, plaintiffs' administrative complaint was filed outside the twenty and sixty day filing deadlines imposed by the Library's regulations.

Plaintiffs assert that the court should excuse their failure to timely file because it would have been futile. The court declines to do so. While failure to exhaust may be excused due to futility, plaintiffs have the burden of demonstrating futility. *See Bayer v. U.S. Dep't of Treasury*, 956 F.2d 330, 332 (D.C. Cir. 1992). Plaintiffs merely state that exhaustion would have been futile, but they do not explain why. Such conclusory statements do not warrant a finding of futility.

Plaintiffs timely filed their administrative complaint with respect to the second allegedly discriminatory event, however. Plaintiffs were notified on July 5, 2006, that the Library refused to process their June 15, 2006, administrative complaint. Plaintiffs then filed an administrative complaint with the EEO Office on July 19, 2006, asserting that this refusal was discriminatory and retaliatory. This second complaint was filed well within the applicable time limitations imposed by the Library's regulations.

**C.    Prima Facie Case**

Lastly, the Library asserts that plaintiffs' complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a *prima facie* case under Title VII.[7] The Library misunderstands plaintiffs' pleading standard. Plaintiffs are not required to establish a *prima facie* case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

---

[7] Fed. R. Civ. P. 12(b)(6) permits dismissal of a complaint if it does not "state a claim upon which relief can be granted."

Instead, plaintiffs are only required to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must provide enough facts to "state a claim to relief that is plausible on its face." *Id.* Plaintiffs have not done so.

      Plaintiffs acknowledge that the June 15, 2006, administrative complaint was not timely filed, but they assert that the Library's refusal to process the complaint was discriminatory and retaliatory.[8] Plaintiffs do not provide any facts that demonstrate how this is so. Instead, the complaint and attached exhibits demonstrate that the Library refused to process the administrative complaint because it was not timely filed. The court is not required to permit claims for relief to proceed that are neither plausible nor supported by any factual allegations. *Kowal v. MCI Comm. Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (stating that the court is not required to accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint). Accordingly, the court finds that plaintiffs fail to state a Title VII claim arising out of the Library's refusal to process their June 15, 2006, administrative complaint.

---

[8] The court does not address plaintiffs' claim that the Library's refusal to recognize the Foundation was discriminatory because, as discussed in the text *supra*, plaintiffs did not exhaust their administrative remedies with respect to this claim.

## III.  CONCLUSION

For the foregoing reasons, the court concludes that the Library's motion to dismiss [#5] must be **GRANTED** and plaintiffs' complaint must be **DISMISSED**.  An appropriate order accompanies this memorandum opinion.

                                                    Henry H. Kennedy, Jr.
                                                    U.S. District Court Judge

Dated: March 31, 2008